## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Ft. Myers Division

| | | |
|---|---|---|
| SIERRA CLUB and ENVIRONMENTAL CONFEDERATION OF SOUTHWEST FLORIDA, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Case No. 2:20-cv-00013 |
| U.S. FISH AND WILDLIFE SERVICE; AURELIA SKIPWITH, as Director of the U.S. Fish and Wildlife Service; FLORIDA DEPARTMENT OF TRANSPORTATION; KEVIN J. THIBAULT, as Secretary of the Florida Department of Transportation; and U.S. ARMY CORPS OF ENGINEERS; and TODD T. SEMONITE, as Chief Engineer and Commanding General of the U.S. Army Corps of Engineers, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### FEDERAL DEFENDANTS' ANSWER TO
### PLAINTIFFS' FIRST AMENDED COMPLAINT
### FOR DECLARATORY AND INJUNCTIVE RELIEF (ECF No. 24)

Federal Defendants U.S. Fish and Wildlife Service (FWS), Aurelia Skipwith, in her official capacity as Director of the U.S. Fish and Wildlife Service, U.S. Army Corps of Engineers (Corps), and Todd T. Semonite, in his official capacity as Chief Engineer and Commanding General of the U.S. Army Corps of Engineers, by and through undersigned counsel, hereby answer the allegations within Plaintiffs' First Amended Complaint (ECF No. 24) as follows:

The first unnumbered Paragraph is a characterization of Plaintiffs' case, to which no response is required. To the extent any response is required, Federal Defendants deny the allegations in this paragraph.

1

**INTRODUCTION**

1.      Federal Defendants admit that the Florida panther is the state animal of Florida but the remaining allegations in the first sentence are vague and ambiguous and are denied on that basis.  With respect to the allegations in the second sentence, Federal Defendants admit that at the time of listing the Florida panther's historical range was believed to be comprised of Alabama, Arkansas, Florida, Georgia, Louisiana, Mississippi, South Carolina, Tennessee.  Federal Defendants admit the allegations in the third sentence of Paragraph 1.

2.      The allegations in Paragraph 2 purport to characterize the Supreme Court's decision in Tenn. Valley Authority v. Hill, 437 U.S. 153, 180 (1978), a decision that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of this decision.

3.      Federal Defendants admit that some estimates of the Florida panther population in the Primary Zone are as low as 120 individuals but deny the remaining allegations in the first sentence of Paragraph 3.  Federal Defendants aver that the size of the panther population in the Primary Zone (Kautz et al. 2006) was reported to be 120-230 adults and subadults in 2015 (FWC and USFWS 2017).  Federal Defendants admit the allegations in the second sentence.  The allegations in third sentence of Paragraph 3 are vague and ambiguous and are denied on that basis.  Federal Defendants deny the allegations in the fourth sentence of Paragraph 3.

4.      The allegations in Paragraph 4 are vague and ambiguous and on that basis are denied.

5.      The allegations in the first and third sentences of Paragraph 5 purport to characterize the FWS's biological opinions for Florida State Roads 29 and 82, documents that speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of these opinions.  The remaining allegations in Paragraph 5 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

6.      The allegations in Paragraph 6 purport to characterize the National Environmental Policy Act, a statute that speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations that are inconsistent with its plain language, meaning, or context

7.      The allegations in Paragraph 7 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

8.      The allegations in Paragraph 8 purport to characterize a decision of the Florida Department of Transportation (FDOT), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

9.      The allegations in Paragraph 9 are a characterization of Plaintiffs' case to which no response is required.  To the extent any response is required, Federal Defendants deny the allegations in this paragraph.

## JURISDICTION AND VENUE

10.     The allegations contained in Paragraph 10 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

11.     In response to the allegations in Paragraph 11, Federal Defendants admit that they received written notice, dated January 9, 2020, of an alleged ESA violation. The remainder of the allegations in Paragraph 11 contain characterizations of the notice, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or content are denied. The remainder of the allegations also contain legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

12.     The allegations contained in Paragraph 12 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## PARTIES

**Plaintiffs**

13.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

14.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

15.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and they are therefore denied.

16.     The allegations contained in Paragraph 16 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

**Defendants**

17.     Federal Defendants admit that the U.S. Fish and Wildlife Service (FWS) is an agency within the Department of the Interior. The remaining allegations contained in Paragraph 17 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

18.      Federal Defendants admit that Aurelia Skipwith is the Director of FWS. The remaining allegations in Paragraph 18 constitute legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

19.     Federal Defendants admit that FDOT is a State agency.  The remaining allegations in Paragraph 19 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

20.     Federal Defendants admit that Kevin J. Thibault is Secretary of FDOT. The remaining allegations in Paragraph 20 constitute legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

21.     Federal Defendants admit that the U.S. Army Corps of Engineers (Corps) is a federal agency within the U.S. Department of Defense. The remaining allegations contained in Paragraph 21 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.  Federal Defendants aver that the Jacksonville District is headquartered in Jacksonville, Florida, and has regulatory offices located at the Jacksonville District Headquarters and in local offices around the state including: Fort Myers, Tampa, Pensacola, Panama City, Gainesville, Cocoa, Palm Beach, and Miami.

22.     Federal Defendants admit that Todd. T. Semonite is Chief of Engineers and Commanding General of the Corps. The remaining allegations contained in Paragraph 22 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## FACTUAL BACKGROUND

23.     Federal Defendants admit that the Florida panther is the state animal for Florida and at the time of listing was believed to have a historical range that included Arkansas, Mississippi, Louisiana, Alabama, Georgia, Florida, Tennessee, and South Carolina.  Federal Defendants also admit that the listed entity is no longer found in 95% of that range.  The remaining allegations in Paragraph 23 are vague and ambiguous and on that basis are denied.

24.     Federal Defendants admit the first sentence in Paragraph 24.  Federal Defendants deny the allegations in the second sentence and aver that the size of the

panter population in the Primary Zone (Kautz et al. 2006) was reported to be 120-230 adults and subadults in 2015 (FWC and USFWS 2017).

25.     Federal Defendants admit the allegations in Paragraph 25.

26.      Federal Defendants admit that habitat destruction and fragmentation are a threat to the Florida panther.  The remaining allegations in the first sentence of Paragraph 26 are vague and ambiguous and on that basis are denied.  Federal Defendants deny the allegations in the second sentence of Paragraph 26.  Federal Defendants aver that vehicle collisions are a significant source of human-caused mortality and are responsible for the majority of documented panther deaths when combining the deaths of radiocollared and uncollared panthers.  However, panthers that die as a result of vehicle strike have a high probability of being reported by the public and this factor likely biases mortality data that includes uncollared panthers.  Federal Defendants further aver that intraspecific aggression (panthers killing other panthers) is the greatest documented cause of mortality for radiocollared panthers > 1 year-of-age.

27.     The first sentence of Paragraph 27 purports to characterize mortality data from the Florida Fish and Wildlife Conservation Commission, data which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of this data.  Federal Defendants admit the allegations in the second sentence.

28.     The allegations in the first sentence of Paragraph 28 are vague and ambiguous and are denied on that basis.  Federal Defendants deny that the referenced

projects place the Florida Panther at risk of extinction.  Federal Defendants admit the allegations in the second sentence.

29.     Federal Defendants admit the allegations in Paragraph 29 related to the SR 29 project. With regard to the SR 82 project, Federal Defendants admit that the anticipated improvements to SR 82 related to the project include expanding a portion of SR 82 to an interim 4-lane rural divided highway, while maintaining room for a potential future 6-lane expansion along portions of the road.  Federal Defendants deny the remaining allegations in Paragraph 29 of the First Amended Complaint.

30.     Federal Defendants admit the allegations contained in Paragraph 30.

31.     The allegations contained in Paragraph 31 are vague and ambiguous and on that basis are denied.

32.     The allegations contained in Paragraph 32 are vague and ambiguous and on that basis are denied.

33.     The allegations in Paragraph 33 purport to characterize the FWS's biological opinion for Florida State Roads 29, a document that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of this opinion.

34.     The allegations in Paragraph 34 purport to characterize the FWS's biological opinion for Florida State Roads 29, a document that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of this opinion.

35.     The allegations in Paragraph 35 purport to characterize the FDOT categorical exclusion for Florida State Roads 29, a document that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of this opinion.

36.     The allegations in Paragraph 36 purport to characterize the FWS's biological opinion for Florida State Roads 82, a document that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of this opinion.

37.     The allegations in Paragraph 37 purport to characterize the Corps' Environmental Assessment and Statement of Findings and FWS's biological opinion for Florida State Road 82, documents which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of those opinions.

## LEGAL BACKGROUND

**Endangered Species Act**

38.     The allegations in the first sentence of Paragraph 38 purport to characterize the Endangered Species Act, a statute that speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in the second sentence of Paragraph 37 purport to characterize the Supreme Court's decision in <u>Tennessee Valley Authority v. Hill</u>, 437 U.S. 153, 180 (1978), a decision that speaks for itself and is the

best evidence of its contents.  Federal Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of this decision.

39.     The allegations in the first sentence of Paragraph 39 purport to characterize the Endangered Species Act, a statute that speaks for itself and is the best evidence of its content. Federal Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The remaining allegations in Paragraph 39 purport to characterize the Supreme Court's decision in <u>Tennessee Valley Authority v. Hill</u>, 437 U.S. 153, 180 (1978), a decision that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of this decision.

40.     The allegations in Paragraph 40 purport to characterize the Endangered Species Act and its implementing regulations, which speak for themselves and are the best evidence of their content. Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

41.     The allegations in Paragraph 41 purport to characterize the Supreme Court's decision in <u>Tennessee Valley Authority v. Hill</u>, 437 U.S. 153, 180 (1978), a decision that speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of this decision.

42.     The allegations in Paragraph 42 purport to characterize the ESA's implementing regulations, regulations that speak for themselves and are the best evidence

of their content.  Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

43.     The allegations in Paragraph 43 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

44.     The allegations in Paragraph 44 purport to characterize the ESA's implementing regulations, regulations that speak for themselves and are the best evidence of their content.  Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

45.     The allegations in Paragraph 45 purport to characterize the Endangered Species Act and its implementing regulations, which speak for themselves and are the best evidence of their content. Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

46.     The allegations in Paragraph 46 purport to characterize the ESA, a statute that speaks for itself and is the best evidence of its content. Federal Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

47.     The allegations in Paragraph 47 purport to characterize certain provisions of the ESA and Administrative Procedure Act (APA), statutes that speak for themselves and are the best evidence of their content. Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

48.     The allegations in Paragraph 48 purport to characterize the National Environmental Policy Act and its implementing regulations, which speak for themselves and are the best evidence of their content. Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

49.     The allegations in Paragraph 49 purport to characterize the National Environmental Policy Act and its implementing regulations, which speak for themselves and are the best evidence of their content. Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

50.     The allegations in Paragraph 50 purport to characterize the National Environmental Policy Act and its implementing regulations, which speak for themselves and are the best evidence of their content. Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

51.     The allegations in Paragraph 51 purport to characterize the National Environmental Policy Act and its implementing regulations, which speak for themselves and are the best evidence of their content. Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

52.     The allegations in Paragraph 52 purport to characterize the National Environmental Policy Act and its implementing regulations, which speak for themselves and are the best evidence of their content. Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

53.     The allegations in Paragraph 53 purport to characterize the National Environmental Policy Act and its implementing regulations, which speak for themselves

and are the best evidence of their content. Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

54.     The allegations in Paragraph 54 purport to characterize the National Environmental Policy Act and its implementing regulations, which speak for themselves and are the best evidence of their content. Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

55.     The allegations in Paragraph 55 purport to characterize regulations that speak for themselves and are the best evidence of their content.  Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

56.     The allegations in Paragraph 56 purport to characterize regulations that speak for themselves and are the best evidence of their content.  Federal Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

57.     The allegations in Paragraph 57 purport to characterize a statute that speaks for itself and is the best evidence of its content.  Federal Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

58.     The allegations in Paragraph 58 purport to characterize a Memorandum of Understanding that speaks for itself and is the best evidence of its content.  Federal Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

**Administrative Procedure Act**

59.     The allegations in Paragraph 59 purport to characterize a statute that speaks for itself and is the best evidence of its content.  Federal Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

60.     The allegations in Paragraph 60 purport to characterize a statute that speaks for itself and is the best evidence of its content.  Federal Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

61.     The allegations in Paragraph 61 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## FIRST CLAIM FOR RELIEF

62.     The responses to Paragraphs 1-61 are incorporated here by reference.

63.     The allegations in Paragraph 63 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

64.     Federal Defendants deny the allegations in Paragraph 64.

65.     Federal Defendants deny the allegations in Paragraph 65.

66.     Federal Defendants deny the allegations in Paragraph 66.

67.     Federal Defendants deny the allegations in Paragraph 67.

68.     Federal Defendants deny the allegations in Paragraph 68.

## SECOND CLAIM FOR RELIEF

69.     The responses to Paragraphs 1-68 are incorporated here by reference.

70.     The allegations in Paragraph 70 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

71.     Federal Defendants deny the allegations in Paragraph 71.

72.     Federal Defendants deny the allegations in Paragraph 72.

73.     Federal Defendants deny the allegations in Paragraph 73.

74.     Federal Defendants deny the allegations in Paragraph 74.

75.     Federal Defendants deny the allegations in Paragraph 75.

**THIRD CLAIM FOR RELIEF**

76.     The responses to Paragraphs 1-75 are incorporated here by reference.

77.     The allegations in Paragraph 77 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

78.     The allegations in Paragraph 78 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

**FOURTH CLAIM FOR RELIEF**

79.     The responses in paragraphs 1-78 are incorporated here by reference.

80.     The allegations in Paragraph 80 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

81.     Federal Defendants deny the allegations in Paragraph 81.

## FIFTH CLAIM FOR RELIEF

82.     The responses in paragraphs 1-81 are incorporated here by reference.

83.     The allegations in Paragraph 83 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

84.     Federal Defendants deny the allegations in Paragraph 84.

85.     Federal Defendants deny the allegations in Paragraph 85.

86.     Federal Defendants deny the allegations in Paragraph 86.

87.     Federal Defendants deny the allegations in Paragraph 87.

88.     Federal Defendants deny the allegations in Paragraph 88.

89.     Federal Defendants deny the allegations in Paragraph 89.

### PRAYER FOR RELIEF

In response to the unnumbered paragraph following Paragraph 89 of the First Amended Complaint, and the following lettered paragraphs (a) through (g) and all subparagraphs, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

### GENERAL DENIAL

All allegations not expressly admitted are denied. To the extent that any allegation set forth in the First Amended Complaint remains unanswered, Federal Defendants deny each allegation.

### DEFENSES

FIRST DEFENSE

16

1.      As their First Defense, Federal Defendants assert that the Court lacks subject matter jurisdiction over Plaintiffs' First Amended Complaint because Federal Defendants have not violated the ESA, 16 U.S.C. §§ 1531-1544, have not violated the APA, 5 U.S.C. § 706(2), and have not violated the NEPA, 42 U.S.C. §§ 4321 *et seq.*

SECOND DEFENSE

2.      As their Second Defense, Federal Defendants assert the Plaintiffs fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12 (b)(6).

THIRD DEFENSE

3.      As their Third Defense, Federal Defendants assert that Plaintiffs failed to exhaust their administrative remedies.

FURTHERMORE, Federal Defendants specifically preserve all other defenses not now known, which they now have or may come to have.

WHEREFORE, Federal Defendants, having fully answered and responded, respectfully prays that the Court enter judgment in favor of Federal Defendants and dismiss this action with prejudice, and grant such additional relief as this Court deems appropriate.

Respectfully submitted, this 13th day of April, 2020.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources
Division United States Department of
Justice

*/s/ Mark Arthur Brown*
MARK ARTHUR BROWN (FL Bar
099504)
Wildlife and Marine Resources Section

4 Constitution Square
150 M Street, N.E.
Washington, D.C. 20002
Tel: 202-305-0204
Email:  mark.brown@usdoj.gov

Of Counsel:

Joshua R. Holmes
Alexandra M. Holliday
Assistant District Counsel
U.S. Army Corps of Engineers
701 San Marco Boulevard
Jacksonville, Florida 32207
Joshua.R.Holmes@usace.army.mil
Alexandra.M.Holliday@usace.army.mil

Helen Speights
Attorney-Adviser
Office of the Regional Solicitor
Southeast Region
75 Spring Street SW, Suite 304
Atlanta, GA  30303
helen.speights@sol.doi.gov

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 13th day of April 2020, I filed the foregoing

using the United States District Court CM/ECF system, which caused all counsel of

record to be served electronically.

*/s/ Mark Arthur Brown*