**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SIERRA CLUB and ENVIRONMENTAL
CONFEDERATION OF SOUTHWEST
FLORIDA,

      Plaintiffs

v.                                            Case No: 2:20-CV-00013

U.S. FISH AND WILDLIFE SERVICE; AURELIA
SKIPWORTH, as Director of the U.S. Fish and
Wildlife Service; FLORIDA DEPARTMENT OF
TRANSPORTATION; KEVIN J. THIBAULT, as
Secretary of the Florida Department of Transportation;
and U.S. ARMY CORPS OF ENGINEERS; and
TODD T. SEMONITE, as Chief Engineer and
Commanding General of the U.S. Army Corps of
Engineers,

      Defendants.

_____/

**<u>ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT BY
DEFENDANT, FLORIDA DEPARTMENT OF TRANSPORTATION</u>**

      Defendant, FLORIDA DEPARTMENT OF TRANSPORTATION ("the Department"),

by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to the

First Amended Complaint for Declaratory and Injunctive filed by Sierra Club and Environmental

Confederation of Southwest Florida, and in support thereof, states as follows:

<u>PRELIMINARY STATEMENT</u>

      As a preliminary matter, the Department notes that Rule 10(b), Federal Rules of Civil

Procedure, requires that the averments of a claim be made in numbered paragraphs with the

contents of each to be limited as far as practicable to a statement of a single set of circumstances.

Rule 8(e), Federal Rules of Civil Procedure, requires a party to state in short and plain terms the

party's defenses and to admit or deny the averments upon which the adverse party relies. The Department has attempted to meet its obligations under Rule 8(e), Federal Rules of Civil Procedure, in responding to the sometimes very lengthy paragraphs of the First Amended Complaint.

All allegations of the First Amended Complaint not specifically admitted are denied. The Department admits generally the existence of and text of the quoted laws, cases, and regulations, to the extent cited and quoted correctly, but in each case asserts that the provisions speak for themselves and asserts that the selected quotations may not completely or accurately represent the pertinent or applicable facts of law or the entirety of the processes they purport to describe or illustrate.

<u>ANSWER</u>

Subject to the foregoing, the Department states in response to the correspondingly numbered paragraphs of Plaintiffs' First Amended Complaint:

1.      The Department admits that the Florida panther is the official state animal and is an endangered species.  The Department is without knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 1 of the First Amended Complaint, and therefore denies same.

2.      The Endangered Species Act of 1973 ("ESA") and cited cases speak for themselves.  The Department denies the remaining allegations in paragraph 2 of the First Amended Complaint.

3.      The Department is without knowledge or information sufficient to admit or deny the allegation contained within paragraph 3 of the First Amended Complaint, and therefore denies same.

4.      With respect to the allegations in paragraph 4 of the First Amended Complaint, the Department admits that it seeks to expand a portion of Florida State Road ("SR") 29 and a portion of SR 82.  The Department is without knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 4 of the First Amended Complaint, and therefore denies same.

5.      With respect to the allegations in paragraph 5 of the First Amended Complaint, the Department admits that the U.S. Fish and Wildlife Service ("USFWS") issued biological opinions for each project concluding that the subject projects taken individually were not likely to jeopardize the panther's continued existence.  The Department denies the remaining allegations in paragraph 5 of the First Amended Complaint.

6.      The National Environmental Policy Act ("NEPA") speaks for itself.  The Department denies the remaining allegations in paragraph 6 of the First Amended Complaint.

7.      With respect to the allegations in paragraph 7 of the First Amended Complaint, the Department admits that the U.S. Army Corps of Engineers ("ACE") adopted USFWS' biological opinion for the subject projects and issued a permit related to the SR 82 project, but the Department denies the remaining allegations in paragraph 7 of the First Amended Complaint.

8.      With respect to the allegations in paragraph 8 of the First Amended Complaint, the Department admits that the Department determined the project related to SR 29 qualified for a categorical exclusion under the NEPA. The Department denies the remaining allegations in paragraph 8 of the First Amended Complaint.

9.      The Department admits that the Plaintiffs challenge the agency actions under the ESA, NEPA, and the APA. The Department admits that the Plaintiffs seek declaratory and

injunctive relief. The Department denies the remaining allegations in paragraph 9 of the First Amended Complaint.

JURISDICTION AND VENUE

10.     The Department admits that this Court has jurisdiction over this civil action.

11.     The Department denies the allegations in paragraph 11 of the First Amended Complaint.

12.     The Department admits that the actions giving rise to this claim occur in the Middle District of Florida.  The Department is without knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 12 of the First Amended Complaint and demands strict proof thereof.

PARTIES

13.     The Department is without knowledge or information sufficient to admit or deny the allegation contained within paragraph 13 of the First Amended Complaint, and therefore denies same.

14.     The Department is without knowledge or information sufficient to admit or deny the allegation contained within paragraph 14 of the First Amended Complaint, and therefore denies same.

15.     The Department is without knowledge or information sufficient to admit or deny the allegation contained within paragraph 15 of the First Amended Complaint, and therefore denies same.

## FLORIDA PANTHER'S HABITAT

16.     The Department is without knowledge or information sufficient to admit or deny the allegation contained within paragraph 16 of the First Amended Complaint, and therefore denies same.

## DEFENDANTS

17.     The Department admits the allegations in paragraph 17 of the First Amended Complaint.

18.     The Department is without knowledge or information sufficient to admit or deny the allegations contained within paragraph 18 of the First Amended Complaint, and therefore denies same.

19.     The Department admits the allegations in paragraph 19 of the First Amended Complaint.

20.     The Department admits the allegations in paragraph 20 of the First Amended Complaint.

21.     The Department admits the allegations in paragraph 21 of the First Amended Complaint.

22.     The Department is without knowledge or information sufficient to admit or deny the allegations contained within paragraph 22 of the First Amended Complaint, and therefore denies same.

## FACTUAL BACKGROUND

23.     The Department states that the Biological Opinions, Environmental Assessment and Type 2 Categorical Exclusion ("CE") Support Document related to the subject projects address allegations related to the Florida panther, and they speak for themselves.  The

Department is otherwise without knowledge or information sufficient to admit or deny the allegations contained within paragraph 23 of the First Amended Complaint, and therefore denies same.

24.     The Department admits that the only breeding population of Florida panthers is located in southern Florida.  The Department is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 24 of the First Amended Complaint, and therefore denies same.

25.     The Department states that the Biological Opinions, Environmental Assessment and CE Support Documentation related to the subject projects address allegations related to the Florida panther and their habitat, and they speak for themselves.  The Department is otherwise without knowledge or information sufficient to admit or deny the allegations contained within paragraph 25 of the First Amended Complaint, and therefore denies same.

26.     The Department states that the Biological Opinions, Environmental Assessment and Type 2 CE Support Document related to the subject projects address allegations related to the Florida panther and their habitat, and they speak for themselves.  The Department is otherwise without knowledge or information sufficient to admit or deny the allegations contained within paragraph 26 of the First Amended Complaint, and therefore denies same.

27.     The Department states that the Biological Opinions, Environmental Assessment and Type 2 CE Support Document related to the subject projects address allegations related to the Florida panther, and they speak for themselves.  The Department is otherwise without knowledge or information sufficient to admit or deny the allegations contained within paragraph 27 of the First Amended Complaint, and therefore denies same.

28.     The Department states that it seeks to expand a portion of SR 82 and a portion of SR 29, and the Biological Opinions, Environmental Assessment and Type 2 CE Support Document related to the subject projects address allegations related to the Florida panther, and they speak for themselves.  The Department is otherwise without knowledge or information sufficient to admit or deny the allegations contained within paragraph 28 of the First Amended Complaint, and therefore denies same.

29.     The Department admits the allegations in paragraph 29 of the First Amended Complaint related to the SR 29 project.  With regard to SR 82 project, the Department states that the anticipated improvements to SR 82 related to the project include expanding a portion of SR 82 to an interim 4-lane rural divided highway, while maintaining room for a potential future 6-lane expansion along portions of the road.  The Department denies all other allegations in paragraph 29 of the First Amended Complaint.

30.     The Department states the Biological Opinions, Environmental Assessment and Type 2 CE Support Document related to the subject projects address allegations related to the Florida panther, and they speak for themselves.  The Department is otherwise without knowledge or information sufficient to admit or deny the allegations contained within paragraph 30 of the First Amended Complaint, and therefore denies same.

31.     The Department states the Biological Opinions, Environmental Assessment and Type 2 CE Support Document related to the subject projects address allegations related to the Florida panther, and they speak for themselves.  The Department is otherwise without knowledge or information sufficient to admit or deny the allegations contained in paragraph 31 of the First Amended Complaint, and therefore denies same.

32.     The Department states that the Biological Opinions, Environmental Assessment and Type 2 CE Support Document related to the subject projects address allegations related to the Florida panther and their habitat, and they speak for themselves.  The Department is otherwise without knowledge or information sufficient to admit or deny the allegations contained within paragraph 32 of the First Amended Complaint, and therefore denies same.

33.     The Department admits the allegations in paragraph 33 of the First Amended Complaint.

34.     The Department admits the allegations in paragraph 34 of the First Amended Complaint.

35.     With respect to the allegations in paragraph 35 of the First Amended Complaint, the Department admits that the Department determined the project related to SR 29 qualified for a categorical exclusion, upon finding the project would have no significant effects on the environment, and therefore did not warrant further review under NEPA.

36.     The Department admits the allegations in paragraph 36 of the First Amended Complaint.

37.     The Department admits the allegations in paragraph 37 of the First Amended Complaint.

## ENDANGERED SPECIES ACT

38.     The Endangered Species Act of 1973 and the cases cited in paragraph 38 of the First Amended Complaint speak for themselves.  The Department denies the remaining allegations in paragraph 38 of the First Amended Complaint.

39.     The Endangered Species Act of 1973 and the cases cited in paragraph 39 of the First Amended Complaint speak for themselves.  The Department denies the remaining allegations in paragraph 39 of the First Amended Complaint.

40.     The Endangered Species Act of 1973 and the Code of Federal Regulations cited in paragraph 40 of the First Amended Complaint speak for themselves.  The Department denies the remaining allegations in paragraph 40 of the First Amended Complaint.

41.     The case cited in paragraph 41 of the First Amended Complaint speaks for itself. The Department denies the remaining allegations in paragraph 41 of the First Amended Complaint.

42.     The Department states that 50 C.F.R. §§ 402.02, 402.14(a), (g) speak for themselves. The Department denies the remaining allegations in paragraph 42 of the First Amended Complaint.

43.     The Department states that 16 U.S.C. § 1536(b) (3)-(4) and 50 C.F.R. §§ 402.02, 402.14(g) speak for themselves.  The Department denies the remaining allegations in paragraph 43 of the First Amended Complaint.

44.     The Department states that 50 C.F.R. § 402.14(g)-(h) speaks for itself. The Department denies the remaining allegations in paragraph 44 of the First Amended Complaint.

45.     The Department states that 16 U.S.C. § 1536(b) (4) and 50 C.F.R. § 402.14(i) (1) (i) speak for themselves. The Department denies the remaining allegations in paragraph 45 of the First Amended Complaint.

46.     The Department states that the Endangered Species Act of 1973 speaks for itself. The Department denies the remaining allegations in paragraph 46 of the First Amended Complaint.

9

47.     The Department states that 5 U.S.C. § 706(2) (A); 16 U.S.C. § 1536(a) (2); and 50 C.F.R. § 402.02 speak for themselves.  The Department denies the remaining allegations in paragraph 47 of the First Amended Complaint.

## NATIONAL ENVIRONMENTAL POLICY ACT

48.     The Department states that the National Environmental Policy Act of 1969 speaks for itself.  The Department denies the remaining allegations in paragraph 48 of the First Amended Complaint.

49.     The Department states that 40 C.F.R. pt. 1500 speaks for itself.  The Department denies the remaining allegations in paragraph 49 of the First Amended Complaint.

50.     The Department states that the National Environmental Policy Act of 1969 and 40 C.F.R. § § 1508.14, 1508.18 speak for themselves.  The Department denies the remaining allegations in paragraph 50 of the First Amended Complaint.

51.     The Department states that 40 C.F.R. § 1508.27 speaks for itself.  The Department denies the remaining allegations in paragraph 51 of the First Amended Complaint.

52.     The Department states that 40 C.F.R. §§ 1508.9(a)(1), 1508.27(a), (b) speak for themselves. The Department denies the remaining allegations in paragraph 52 of the First Amended Complaint.

53.     The Department states that 40 C.F.R. § 1508.13 speaks for itself. The Department denies the remaining allegations in paragraph 53 of the First Amended Complaint.

54.     The Department states that 40 C.F.R. §§ 1501.4(a), 1508.4 speak for themselves. The Department denies the remaining allegations in paragraph 54 of the First Amended Complaint.

55.     The Department states that 23 C.F.R. § 771.117(c), (d) speaks for itself. The Department denies the remaining allegations in paragraph 55 of the First Amended Complaint.

56.     The Department states that 23 C.F.R. § 771.117(d), (e) speaks for itself. The Department denies the remaining allegations in paragraph 56 of the First Amended Complaint.

57.     The Department admits the allegations in paragraph 57 of the First Amended Complaint.

58.     The Department admits the allegations in paragraph 58 of the First Amended Complaint.

ADMINISTRATIVE PROCEDURE ACT

59.     The Department states that 5 U.S.C. § 702 speaks for itself.  The Department denies the remaining allegations in paragraph 59 of the First Amended Complaint.

60.     The Department states that 5 U.S.C. § 706(2)(A) speaks for itself. The Department denies the remaining allegations in paragraph 60 of the First Amended Complaint.

61.     The Department states that the Administrative Procedure Act speaks for itself. The Department denies the remaining allegations in paragraph 61 of the First Amended Complaint.

COUNT ONE

USFWS' BIOLOGICAL OPINION FOR SR 29 VIOLATES THE ENDANGERED SPECIES ACT AND ADMINISTRATIVE PROCEDURE ACT

62.     The Department realleges and incorporates its responses to allegations contained in paragraphs 1-5, 17-18, 23-34, 38-47, and 59-61 as if set more fully herein.

63.     The Department denies the allegations in paragraph 63 of the First Amended Complaint.

11

64.     The Department denies the allegations in paragraph 64 of the First Amended Complaint.

65.     The Department denies the allegations in paragraph 65 of the First Amended Complaint.

66.     The Department denies the allegations in paragraph 66 of the First Amended Complaint.

67.     The Department denies the allegations in paragraph 67 of the First Amended Complaint.

68.     The Department denies the allegations in paragraph 68 of the First Amended Complaint.

COUNT TWO

USFWS' BIOLOGICAL OPINION FOR SR 82 VIOLATES THE ENDANGERED SPECIES
ACT AND ADMINISTRATIVE PROCEDURE ACT

69.     The Department realleges and incorporates its responses to allegations contained in paragraphs 1-5, 17-18, 23-32, 36, 38-47, and 59-61 as if set more fully herein.

70.     The Department denies the allegations in paragraph 70 of the First Amended Complaint.

71.     The Department denies the allegations in paragraph 71 of the First Amended Complaint.

72.     The Department denies the allegations in paragraph 72 of the First Amended Complaint.

73.     The Department denies the allegations in paragraph 73 of the First Amended Complaint.

12

74.     The Department denies the allegations in paragraph 74 of the First Amended Complaint.

75.     The Department denies the allegations in paragraph 75 of the First Amended Complaint.

## COUNT THREE

## THE DEPARTMENT'S CATEGORICAL EXCLUSION FOR SR 29 VIOLATES THE NATIONAL ENVIRONMENTAL POLICY ACT AND ADMINISTRATIVE PROCEDURE ACT

76.     The Department realleges and incorporates its responses to allegations contained in paragraphs 1-6, 19-20, 23-32, 35, and 48-61 as if set more fully herein.

77.     The Department denies the allegations in paragraph 77 of the First Amended Complaint.

78.     The Department denies the allegations in paragraph 78 of the First Amended Complaint.

## COUNT FOUR

## CORPS' ENVIRONMENTAL ASSESSMENT FOR SR 82 VIOLATES THE NATIONAL ENVIRONMENTAL POLICY ACT AND ADMINISTRATIVE PROCEDURE ACT

79.     The Department realleges and incorporates its responses to allegations contained in paragraphs 1-5, 21-32, 36-37, 48-61 and 70-75 as if set more fully herein.

80.     The Department denies the allegations in paragraph 80 of the First Amended Complaint.

81.     The Department denies the allegations in paragraph 81 of the First Amended Complaint.

<u>COUNT FIVE</u>

<u>CORPS' ARBITRARY RELIANCE ON INADEQUATE BIOLOGICAL OPINION FOR SR 82
VIOLATES THE ENDANGERED SPECIES ACT</u>

82.     The Department realleges and incorporates its responses to allegations contained

in paragraphs 1-5, 11, 21-32, 36-37, 48-61 and 70-75 as if set more fully herein.

83.     The Department states that §7(a)(2) of the ESA and the Clean Water Act

("CWA") speak for themselves.  The Department denies the remaining allegations in paragraph

83 of the First Amended Complaint.

84.     The Department states that the case cited in paragraph 84 of the First Amended

Complaint speaks for itself.  The Department denies the remaining allegations in paragraph 84 of

the First Amended Complaint.

85.     The Department denies the allegations contained in paragraph 85 of the First

Amended Complaint.

86.     The Department denies the allegations contained in paragraph 86 of the First

Amended Complaint.

87.     The Department denies the allegations contained in paragraph 87 of the First

Amended Complaint.

88.     The Department denies the allegations contained in paragraph 88 of the First

Amended Complaint.

89.     The Department denies the allegations contained in paragraph 89 of the First

Amended Complaint.

<u>GENERAL DENIAL</u>

To the extent that any allegations of the First Amended Complaint have not been

admitted or responded to, the Department denies such allegations.

14

## AFFIRMATIVE DEFENSES

## WAIVER

In *Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc.*, 435 U.S. 519, 553-4 (1978), the Supreme Court determined that a party wishing to challenge agency action must participate in the public process so that it alerts the agency of the party's positions and contentions and, therefore, allows "the agency to give the issue meaningful consideration." *Department of Transp. v. Public Citizen*, 541 U.S. 752, 764 (2004); *see also Wilson v. Hodel*, 758 F.2d 1369, 1373 (10th Cir. 1985) ("[A] reviewing court will not consider contentions which were not pressed upon the administrative agency"). The purpose of this rule is to ensure that reviewing courts do not substitute their "judgment for that of the agency on matters where the agency has not had an opportunity to make a factual record or apply its expertise." *New Mexico Environmental Imp. Div. v. Thomas*, 789 F. 2d 825, 835 (10th Cir. 1986). Agency action should be "reviewed on the basis articulated by the agency, and on the evidence and proceedings before the agency at the time it acted." *Lewis v. Lujan*, 826 13002, 1306 (D. Wyo. 1992). This rule is intended to give the agency a chance to review the information submitted during the public process and make a decision based upon that information.

The Department published public notice of the public hearing for SR 29 project in a newspaper of general circulation daily in Lee, Charlotte, Collier, and Hendry counties in compliance with 23 CFR 771.111 on November 1, 2010. A public hearing was conducted by the Department on November 16, 2010 at the LaBelle Civic Center in Labelle, Florida wherein the Department presented and solicited comments from the interested public on its NEPA analysis for the SR 29 project. The Department provided a public participation process that complied

with 23 CFR 771.111 in conducting the NEPA analysis and making the categorical exclusion determination for the SR 29 project.  To the extent that Plaintiffs seek to inject new issues that were not raised or addressed prior to the finalization of the categorical exclusion determination for the SR 29 project, those issues are waived.

### RIPENESS

The Plaintiffs' claim relating to the USFWS' Biological Opinion for SR 29 is not ripe for judicial review and must be dismissed for lack of subject matter jurisdiction.  Term and Condition number three of the Biological Opinion requires the Department to provide USFWS:

> "…prior to comment of the SR 29 Project, a detailed plan regarding location, design, and construction of at least two wildlife underpasses or other wildlife crossing features or structures, within the SR 29 Project footprint.  The purpose of the wildlife underpasses, or other wildlife crossing features or structures, is to allow panthers and other wildlife to cross the roadway, while reducing the potential for injuries and mortalities of these animals due to collisions with motor vehicles.  The design and location of the wildlife underpasses, or other wildlife crossing features or structures, will be based on the best scientific available regarding the movements and needs of the Florida panther.  Construction of the SR 29 Project will not commence until the FHWA receives an email or letter from the Service indicating that we have reviewed the plan and find it acceptable.  Currently, the Service recommends that underpass structures, or other wildlife crossing features or structures with associated barrier fencing be located at the Sears Road Drainage Canal and the Twelve Mile Slough, and that underpass structures contain openings of at least 6 feet tall by 10 feet wide."

Ripeness reflects constitutional considerations that implicate Article III limitations on judicial power, as well as prudential reasons for refusing to exercise jurisdiction.  *Nat'l Parks Conservation Ass'n v. U.S. Dept. of Interior*, 46 F. Supp.3d 1254 (M.D. Fla. 2014).  To determine whether a claim is ripe for judicial review, courts consider both the fitness of the issues for judicial decision and the hardship of withholding court consideration.  *Id.*  Courts consider: (1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether

the courts would benefit from further factual development of the issues presented. *Id*. Generally, a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all. *Id*.

In this present case, Plaintiffs' claim against the Biological Opinion for SR 29 is not ripe because it rests on contingent future events concerning USFWS' approval of at least two wildlife crossings that may not occur as anticipated as currently stated in Term and Condition number three, or may not occur at all.

The current SR 29 project is not funded for right of way acquisition. Pursuant to Florida law, the Department is analyzing the impact of any project in the wide potential area and its effect on the Florida Panther. Pursuant to Section 338.2278, Florida Statutes:

> The Southwest-Central Florida Connector corridor task force shall:
> a. Address the impacts of the construction of a project within the corridor on panther and other critical wildlife habitat and evaluate in its final report the need for acquisition of lands for state conservation or as mitigation for project construction; and
> b. Evaluate wildlife crossing design features to protect panther and other critical wildlife habitat corridor connections.

Moreover, (1) there is no hardship to Plaintiffs to defer adjudication of their claim against the Biological Opinion for SR 29 until after USFWS's approval of the location and design of the wildlife crossings because construction of the SR 29 Project cannot commence until the approval is obtained by the Department; (2) judicial intervention at this stage would interfere with USFWS' further administrative action in reviewing and approving the forthcoming design and location of the wildlife crossings; and (3) the Court would benefit from the further factual development on the issues pertaining to the location and design of the wildlife crossings in adjudicating Plaintiffs' claims.

## **PRAYER FOR RELIEF**

WHEREFORE, the Department requests that an order and judgment be entered in its favor against Plaintiffs:

A.  Denying the Plaintiffs' request for declaratory and injunctive relief;

B.  Declaring the Department's decisions were not arbitrary and capricious;

C.  Dismissing the First Amended Complaint in its entirety and with prejudice;

D.  Awarding the Department the costs and disbursements incurred in connection with this action, including reasonable attorney's fees and costs;

E.  Awarding the Department any applicable fees under relevant statutes; and

F.  Awarding the Department such other and further relief as this Honorable Court may deem just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Respectfully submitted,

*/s/ Jason Gonzalez*
**JASON GONZALEZ**
Florida Bar No. 146854
**DANIEL E. NORDBY**
Florida Bar No. 14588
**RACHEL C. PROCACCINI**
Florida Bar No. 1019275
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
jasongonzalez@shutts.com
dnordby@shutts.com
rprocaccini@shutts.com

**MEREDITH S. DELCAMP**
Florida Bar No. 0016242
**SHUTTS & BOWEN LLP**
4301 West Boy Scout Blvd., Suite 300
Tampa, Florida 33607
mdelcamp@shutts.com