UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| SIERRA CLUB *et al.,* | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No: 2:20-cv-13-FtM-38NPM |
| UNITED STATES FISH & | ) |
| WILDLIFE SERVICE *et al.,* | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CASE MANAGEMENT REPORT[1]

The parties agree to these dates and discovery plan under Federal Rule of Civil Procedure 26 and Local Rule 3.05:

| DEADLINE | AGREED DATE |
|---|---|
| **Corporate Disclosure Statements**<br><br>[Due immediately upon each party's first appearance] | Plaintiffs filed on 1/16/2020.<br><br>N/A to Defendants. |
| **Rule 26(a)(1) Initial Disclosures**<br><br>[Due 14 days after Rule 26(f) conference] | The parties agree that given the nature of the case as based on review of the respective agency administrative records ("ARs") under the Administrative Procedure Act ("APA"), Rule 26(a)(1) initial disclosures are not required. *See* Fed. R. Civ. Pro. 26(a)(1)(B)(i). |
| **Motions to Add Parties or Amend Pleadings**<br><br>[Court recommends 1 to 2 months after the Rule 26(f) conference] | 21 days after the parties jointly certify to the court that the ARs are complete. |
| **Disclosure of Expert Reports** | The parties agree that disclosure of expert reports is not expected to be necessary given the nature of the case. |

---

[1] The Court is not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

| DEADLINE | AGREED DATE |
|---|---|
| [Court recommends the last disclosure to occur 1 to 2 months before the discovery deadline] | |
| **Discovery**<br><br>[Court recommends 6 to 8 months before the trial term so it can decide dispositive motions] | Generally speaking, discovery is not conducted in record-review cases. Accordingly, the parties do not anticipate conducting discovery. The Parties, however, reserve the right to seek discovery to resolve any disputes regarding the completeness or adequacy of the ARs or on standing and to object to such requests, as applicable. |
| **Administrative Record** | Defendants shall produce the draft ARs and indices and serve them on all parties or otherwise provide electronic access in a reasonably organized, searchable, electronic format: 60 days from the Court's entry of this Order.<br><br>Upon receipt of the draft ARs from the Defendants, Plaintiffs will review for accessibility, format, organization, and completeness and raise any initial concerns with the Defendant(s): 45 days from the Defendants' production of the draft ARs.<br><br>Parties will attempt to resolve any AR disputes in good faith and without Court involvement ("informal AR negotiation"): 15 days from Plaintiffs raising AR concerns.<br><br>Parties will either certify to the Court that there are no disagreements with respect to the ARs, or, if there are disagreements, Plaintiffs will file any motions challenging the adequacy or completeness of the ARs, the applicability of any exceptions to record review, or the need for judicial review of extra-record materials (hereinafter "motion(s) to compel"): 14 days after informal AR negotiation is complete. |

| DEADLINE | AGREED DATE |
|---|---|
|  | Defendant(s) will file their opposition(s) to any motion(s) to compel: 21 days after any Motion to Compel is filed. |
|  | Plaintiffs, if necessary, will seek the Court's permission to file a reply: 7 days after service of the opposing party's response. |
|  | Defendants will serve or otherwise provide electronic access to Final ARs and indices on all parties: 14 days after the parties' notification to the Court that the ARs are complete or after the Court rules on any motion(s) to compel regarding the ARs. |
| **Dispositive and *Daubert* Motions** [Court recommends at least 4 months before the meeting to prepare the joint final pretrial statement] | The parties do not expect *Daubert* motions to be necessary in this case. |
|  | Plaintiffs will file their motion(s) for summary judgment: 45 days after receipt of the Final ARs. Plaintiffs may file two briefs (one as to each Defendant) each not to exceed 25 pages in length or one combined brief not to exceed 50 pages in length. |
|  | Defendants will file their respective responses in opposition to Plaintiffs' motion(s) for summary judgment and any cross motions for summary judgment: 30 days after service of Plaintiffs' motion for summary judgment. Federal Defendants and Defendant Florida Department of Transportation will file separate briefs. Federal Defendants and Defendant Florida Department of Transportation propose to file their respective responses not to exceed 20 pages in length and, if applicable, cross-motions not to exceed 25 pages in length. Alternatively, Federal Defendants and Defendant Florida Department of Transportation may each file a combined cross-motion/response brief not to exceed 45 pages in length. |
|  | Plaintiffs will file response(s) in opposition to Defendants' motions: 30 days after service of Defendants' responses in opposition and/or cross motions for summary judgment. Plaintiffs |

| DEADLINE | AGREED DATE |
|---|---|
|  | propose to file two response briefs not to exceed 20 pages in length each or one combined response brief not to exceed 40 pages in length.<br><br>Parties may seek the Court's permission to file a reply within 7 days after service of the opposing party's response. |
| **Meeting in Person to Prepare Joint Final Pretrial Statement**<br><br>[Court recommends 1 month before the Final Pretrial Conference] | The parties believe this case can be resolved through the filing of dispositive motions without need for trial. |
| **Motions in Limine**<br><br>[Court recommends 3 days before the deadline for Joint Final Pretrial Statement and Trial Briefs] | The parties believe this case can be resolved through the filing of dispositive motions without need for trial. |
| **Joint Final Pretrial Statement and Trial Briefs**<br><br>[Court recommends 3 weeks before the Final Pretrial Conference] | The parties believe this case can be resolved through the filing of dispositive motions without need for trial. |
| **Final Pretrial Conference** | The parties believe this case can be resolved through the filing of dispositive motions without need for trial. |
| **Monthly Trial Term**<br><br>[Cases are scheduled for a monthly trial term—not a specific date.  The Court recommends 20 to 22 months after the case is filed or removed] | The parties believe this case can be resolved through the filing of dispositive motions without need for trial. |
| **Estimated Length of Trial** | The parties believe this case can be resolved through the filing of dispositive motions without need for trial. |
| **Jury or Non-Jury** | The parties believe this case can be resolved through the filing of dispositive motions without need for trial. |

| DEADLINE | AGREED DATE |
|---|---|
| **Mediation**<br><br>[Court recommends mediation after the discovery deadline but before dispositive motions] | The parties are open to exploring the possibility of mediation. The parties will select a mutually agreed upon mediator from the Court's list of approved mediators (or seek the Court's leave for a non-approved mediator) 10 days from the Court's entry of this Order.  The parties agree that they will attempt to mediate this matter and complete such mediation within 15 days after filing of the administrative records. |
| **Settlement** | ☐ Likely<br><br>☐ Unlikely<br><br>Unknown at this time.   The parties are open to exploring settlement and will file a status report to the Court on or before 05/14/2020. |
| **All Parties Consent to the Assigned Magistrate Judge**[2] | ☐ For all purposes including trial<br><br>☐ For some purposes like class certification, summary judgment, or motions for a final order or judgment (please list)<br><br>☒ For no other purpose beyond authority granted by statute, rule, and referral |
| **All Parties Request a Settlement Conference with the Non-Assigned Magistrate Judge** | ☐ Yes<br><br>☒ No<br><br>☐ Likely to Request in Future |
| **Related Case Notice Completed and Attached** (Attachment A and available on the assigned district judge's website) | ☒ Yes |

## A.  Preliminary Pretrial Conferences

**For cases assigned to United States District Judge Sheri Polster Chappell**, the assigned Magistrate Judge will hold a preliminary pretrial conference ("PPTC") in most

---

[2] If the parties wish to voluntarily consent to the assigned Magistrate Judge, they must sign and file the form titled, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" found on the Court's website.

cases after the parties file this Case Management Report.   The parties should expect to discuss these topics at the PPTC:   the facts, unique issues anticipated by counsel, the Court's case management practices and procedures, deadlines to govern the case, prospects of settlement, pending motions, scope of discovery, need for expert witnesses, length of trial, and calendar conflicts.   Unresolved issues to discuss at the PPTC include:

The parties believe this case can be resolved through the filing of dispositive motions without need for trial.

After the PPTC, the assigned Magistrate Judge will issue a Case Management and Scheduling Order to govern the case.

**For cases assigned to United States District Judge Thomas Barber and Senior United States District Judge John E. Steele**, a preliminary pretrial conference is mandatory only in Track Three cases.   The Court will consider a request to re-track a Track Two case to a Track Three case only after a class is certified and/or motions to dismiss have been decided in complex actions.   For Track Two cases, Judges Barber and Steele will issue Case Management and Scheduling Orders after the parties file a Case Management Report.

## B.  Discovery

The parties must **jointly** file—along with this Case Management Report and Related Case Notice—the "Pretrial & Discovery Plan" found on the assigned Magistrate Judge's website.   The Pretrial & Discovery Plan, Case Management Report, and Related Case Notice must be filed as **three separate docket entries**.   The parties must also follow the Discovery Handbook for the Middle District of Florida available on the Court's website.

## C.  Mediation

Without mandatory arbitration or a Court order otherwise, the parties in every case **must** participate in mediation.   The parties must select a mediator from the Court's approved list of mediators found on its website.

## D.   Other Matters

1.    In addition to the foregoing Defendant Florida Department of Transportation, by and through undersigned counsel, states as follows:

a.    There is no current or planned construction activities for state road ("SR") 29 at this time.

b.      Construction began on SR 82 in December, 2019, and will include the construction of a roundabout where SR 82 intersects with SR 29.  At this time, approximately 95% of the clearing and grubbing required for the SR 82 widening project have been completed and approximately 25% of the drainage work associated with the project has been completed.  It is anticipated that all of the drainage work will be completed in the summer of 2020, approximately on or before July 2020.  Phase 1 of construction on SR 82 will begin with the installation of the new eastbound lanes first, which is expected to be fully constructed in 8–12 months.  Phase II of the construction will be the installation of the westbound lanes and will begin after completion of the eastbound lanes.  Construction of the new westbound lanes is expected to conclude approximately 8–12 months thereafter.  The above timelines are approximations only and the construction could be expedited or delayed by multiple events, including but not limited to those related to weather, worker availability, funding availability, Acts of God, and other events.

2.      In addition to the foregoing, counsel for Federal Defendants U.S. Army Corps of Engineers and U.S. Fish and Wildlife Service, by and through undersigned counsel, state as follows:

a.      Federal Defendants have advised the other parties that they anticipate reinitiating Endangered Species Act ("ESA") consultation concerning the projects referenced in paragraphs (D)(1)(a)–(b) above pursuant to the ESA consultation regulation, 50 C.F.R. § 402.16(a).  Federal Defendants anticipate that ESA consultation will be concluded prior to production of the agency ARs and therefore will not necessitate modification of the parties' proposed schedule.

b.      Federal Defendants are committed to engaging in meaningful settlement discussions with the parties and take their obligation to negotiate in good faith very seriously.   To that end, representatives of Federal Defendants authorized to discuss and *make recommendations* relating to settlement will be present at any scheduled settlement or mediation conference.  However, Federal Defendants respectfully advise the Court that they anticipate filing a motion for relief from the Local Rule 9.05(c) requirement for attendance by representatives of the U.S. Department of Justice, U.S. Army Corps of Engineers, and U.S. Fish and Wildlife Service having full settlement authority.

3.      In addition to the foregoing, the parties jointly propose that all conferences, mediations, hearings, etc., be authorized to occur via telephonic or video conferences while stay at home orders are in place.   This authorization to attend remotely applies to all matters and supersedes any conflicting in-person attendance requirement contained herein or in this Court's rules or orders.

4.      The Parties agree to cooperate in good faith in modifying any deadlines stated herein that are needed to deal with the rapidly evolving COVID-19 pandemic.

Date:        April 14, 2020

Signature of Counsel (per Local Rule 1.05) and Unrepresented Parties:


/s/ Bonnie Malloy
Plaintiffs' Counsel of Record
Bonnie Malloy (Fla. Bar No. 86109)
Earthjustice
111 S. Martin Luther King Jr. Blvd.
Tallahassee, FL 32301
T: (850) 681-0031
F: (850) 681-0020
bmalloy@earthjustice.org


Tania Galloni (Fla. Bar No. 619221)
Earthjustice
4500 Biscayne Blvd., Ste. 201
Miami, FL 33137
T: (305) 440-5432
F: (850) 681-0020
tgalloni@earthjustice.org

/s/ Meredith Delcamp
FDOT Counsel of Record
Jason Gonzalez (Fla. Bar No. 146854)
Daniel E. Nordby (Fla. Bar No. 14588)
Rachel C. Procaccini (Fla. Bar No. 1019275)
Shutts & Bowen LLP
215 South Monroe Street, Ste. 804
Tallahassee, FL 32301
T: (850) 241-1717
jasongonzalez@shutts.com
dnordby@shutts.com
rprocaccini@shutts.com


Meredith S. Delcamp (Fla. Bar No. 0016242)
S. Elizabeth King (Fla. Bar No. 122031)
Shutts & Bowen LLP
4301 West Boy Scout Blvd., Ste. 300
Tampa, FL 33607
mdelcamp@shutts.com


/s/ Mark Arthur Brown
Federal Defendants' Counsel of Record
Jean E. Williams
Mark Arthur Brown (Fla. Bar No. 099504)
U.S. Department of Justice
Wildlife and Marine Resources Section
4 Constitution Square
150 M Street, N.E.
Washington, D.C. 20002
T: (202) 305-0204
mark.brown@usdoj.gov


Joshua R. Holmes
Alexandra M. Holliday
U.S. Army Corps of Engineers
701 San Marco Blvd.
Jacksonville, FL 32207
Joshua.R.Holmes@usace.army.mil


8

Alexandra.M.Holliday@usace.army.mil

Helen Speights
U.S. Fish and Wildlife Service
75 Spring Street SW, Ste. 304
Atlanta, GA 30303
helen.speights@sol.doi.gov