UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SIERRA CLUB *et al.*,
    Plaintiff,

v.

UNITED STATES FISH &
WILDLIFE SERVICE *et al.*,

    Defendant.

Case No: 2:20-cv-13-FtM-38NPM

## **PRETRIAL & DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f) the parties certify that they discharged their Rule 26(f)(2) responsibilities in good faith and submit this report as an outline of their discovery plan.

The parties must state their views and proposals on:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

**RESPONSE:**[1] The parties agree that given the nature of the case as based on review of administrative records ("ARs") under the Administrative Procedure Act ("APA") and other federal statutes, Rule 26(a)(1) initial disclosures are not necessary.

(B) the subjects on which discovery may be needed, when discovery should be

---

[1] An MS Word version of this form is available under the "Forms" tab on the assigned magistrate judge's website. Utilizing the form, the parties should complete the caption and type their responses and then file this document as directed.

1

completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

**RESPONSE:** Generally speaking, discovery is not conducted in record-review cases. Accordingly, the parties do not anticipate conducting discovery. The parties, however, reserve the right to seek discovery to resolve any disputes regarding the completeness or adequacy of the ARs or on standing and to object to such requests, as applicable. The parties agree that disclosure of expert reports is not expected to be necessary given the nature of the case. The parties also do not expect Daubert motions to be necessary in this case.

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

**RESPONSE:** The administrative records, which may include electronically stored information, shall be produced in a reasonably organized, searchable, electronic format. The Parties also agree to all terms regarding the administrative record, including its production, challenges to its organization, accessibility, format, adequacy or completeness, and finalization, as stated in the Case Management Report filed on April 14, 2020.

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

**RESPONSE:** The parties do not anticipate issues regarding such claims.

(E) what changes should be made in the limitations on discovery imposed under

these rules or by local rule, and what other limitations should be imposed;

**RESPONSE:** The parties do not expect that any changes to discovery limitations will be required.

(F) any other orders that the court should issue under Rule 26(c)(1), Rule 16(b)(3) or Rule 16(c)(2).

**RESPONSE:** The parties are not aware of any other orders that the court should issue under these rules.

**I.     Expectations for the Rule 26(f)(2) conference and Rule 26(f)(3) discovery plan**

Mindful of their obligation to construe and employ both the federal and local rules to secure the just, speedy, and inexpensive disposition of this action (*see* Rules 1; 16(c)(2)(P)), the parties are to thoughtfully consider the proportional needs of this case given the claims, defenses and other considerations set forth in Rule 26(b)(1), and engage in a meaningful and appropriate discussion of the full collection of issues identified in Rules 16(b)(3), 16(c)(2), 26(f)(2) and 26(f)(3).

When reasonably feasible, the parties are strongly encouraged to include at least one in-person meeting of the parties or their counsel during the Rule 26(f)(2) process, and to utilize forms of videoconferencing rather than making exclusive use of telephonic conferences.  To the extent that things like confidentiality agreements, protocols for searching or producing electronically stored information, HIPAA protective orders, or Rule 502(d) orders may be appropriate, the parties are expected to exchange drafts before the Rule 26(f)(2) conference and reduce them to stipulations during or immediately thereafter. Other than HIPAA protective or Rule 502(d) orders, the Court does not adopt or endorse confidentiality or other discovery agreements as protective orders, but the Court will

3

enforce reasonable provisions of such agreements.[2]

If the parties submit an incomplete or perfunctory discovery plan or case management report, the Court may strike any such item and require the parties to meet in person and resubmit.

**The following individuals participated in the Rule 26(f)(2) conference(s)** by phone on March 26, 2020:[3]

**Plaintiffs (Sierra Club and Environmental Confederation of Southwest Florida):**

Bonnie Malloy, counsel for Plaintiffs

Tania Galloni, counsel for Plaintiffs

Christina I. Reichert, counsel for Plaintiffs

**Federal Defendants (U.S. Army Corps of Engineers, U.S. Fish and Wildlife Service, Aurelia Skipworth, and Todd T. Semonite, in their official capacities):**

Mark Arthur Brown, counsel for Federal Defendants

Joshua R. Holmes, representative of the U.S. Army Corps of Engineers

Alexandra M. Holliday, representative of the U.S. Army Corps of Engineers

Helen Speights, representative of the U.S. Fish and Wildlife Service

**Defendant Florida Department of Transportation and Kevin J. Thibault:**

---

[2] The Court cannot compel parties to enter into a confidentiality agreement. If a party unreasonably claims protection for, or opposes protecting, confidential information, then the Court may impose an award of attorney's fees and costs against the offending party or counsel. *See* Fed. R. Civ. P. 37(a)(5).

[3] List by party with descriptors (counsel, corporate representative, IT specialist, etc.).

      Meredith Delcamp, counsel for the Florida Department of Transportation

      Jason Gonzalez, counsel for the Florida Department of Transportation

      Elizabeth King, counsel for the Florida Department of Transportation

      Rachel Procaccini, counsel for the Florida Department of Transportation

      Cyndi Dyson, paralegal for the Florida Department of Transportation

## II.   The continuing duty to confer and update the Court

After a motion is filed, and so long as it remains pending, the parties have a mutual obligation to continue to confer in good faith to narrow or resolve the issue(s) presented and promptly apprise the Court of any issue(s) that no longer need disposition.

To properly discharge their Local Rule 3.01(g) obligation, movants must confer not only with the parties to the action but also any non-party against which any relief is requested.

## III.   Emergency motions

Before filing a motion designated as an "emergency," the movant must review Local Rule 3.01(e), *Henry v. The Fla. Bar*, No. 6:15-cv-1009-ORL-41TBS, 2015 WL 13590158 (M.D. Fla. Sept. 28, 2015), and *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2013 WL 12173591 (M.D. Fla. Nov. 13, 2013), and then call the assigned magistrate judge's chambers to apprise the Court about the forthcoming filing.

## IV.   Motions to strike

Motions to strike are generally disfavored by the Court and often considered time wasters. Before filing a motion to strike, the movant must review *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-cv-755-T-26TBM, 2012 WL 12920185 (M.D. Fla. Sept. 17, 2012), and *United States Sec. & Exch. Comm'n v. Spartan Sec. Grp., LTD*, No. 8:19-cv-

5

448-T-33CPT, 2019 WL 3323477 (M.D. Fla. July 24, 2019), and then explain in the motion why the requested relief is warranted notwithstanding the rationale and authorities cited therein.

## V. Motions to seal

Designating material as confidential, sensitive, proprietary or the like, even if stipulated, does not alone warrant an order to seal such items when filed with the Court. Nor do conclusory or speculative allegations concerning the nature of the documents or the harms that may result from disclosure. Rather, the Court must carefully balance the need to facilitate the acquisition and use of relevant information by the parties against the general presumption that substantive aspects of a civil action are a matter of public concern. *See generally Romero v. Drummond Co.*, 480 F.3d 1234, 1245-48 (11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-1315 (11th Cir. 2001). Accordingly, **compliance with Local Rule 1.09 is strictly enforced**.[4]

## VI. Discovery practices

Discovery requests are untimely if the response period provided by rule expires after the discovery period. Notwithstanding Local Rule 3.03(b), the Court expects the parties to exchange all discovery requests in text-readable electronic format (native word-processing document, text-searchable PDF, etc.). Parties shall not file discovery notices or any discovery requests or responses with the Court except as provided by local rule.

Other than a Rule 35 physical or mental examination, litigants may stipulate – within the confines of the Court's orders – to methods, procedures and extensions of time

---

[4] *See also* M.D. Fla. Admin. Procedures for Elec. Filing, pp. 6, 11, 14.

for discovery without Court intervention.[5]   So long as other deadlines and scheduled events are not affected, parties may also agree to conduct discovery after the discovery deadline.   But motions to compel filed after the discovery deadline are presumptively untimely and may be denied on that basis alone.

### VII.   Expert witness reports and depositions

The parties shall fully comply with Rule 26(a)(2) on or before the deadline for their expert disclosures.   Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report.   Failure to disclose this information may result in the exclusion of all or part of the expert witness's testimony.

If not previously provided or otherwise agreed, service of an expert report by any party **shall include the disclosure of at least three dates of availability for the expert to be deposed** no sooner than one week and no later than three weeks after service of the expert's report.   The parties are encouraged to discuss these scheduling issues well before the service of such reports and to place holds on dates as appropriate.

### VIII.   Mediation

Upon entry of the Case Management and Scheduling Order, this matter is referred to mediation.   If the parties do not identify an agreed-upon mediator in their Case Management Report, they shall be prepared to disclose their agreed-upon mediator during any preliminary pretrial conference that may be conducted in this matter.   The parties may seek leave to utilize a mediator who is not on the Court's list of certified

---

[5]   *See also* M.D. Fla. Discovery Manual, §§ I.A.4; I.E.1; I.E.2.

mediators by explaining why their jointly proposed mediator is exceptionally well-suited to mediate this particular case. They may make this showing either in their jointly filed case management report or by motion.

Notwithstanding Local Rule 9.04(a)(3) and subsections (a), (b) and (d) of Local Rule 9.05, the date, time and location of the mediation shall be set by agreement of the parties (within the mediation deadline). The parties or the mediator shall file a notice of mediation at least fourteen days prior to the mediation conference, and a mediation report no more than five days after the conference.

While the Court disfavors opposed requests for a required person (such as an insurance adjuster) to participate by phone, the parties may – without court intervention – agree that a required person may participate in the mediation by videoconference or phone. Notwithstanding Local Rule 9.01(a) and Local Rule 9.07(b), a failure by any required person to participate in good faith shall be promptly reported to the assigned magistrate judge during or immediately upon the conclusion of the mediation. All required parties must be prepared to meaningfully participate for a full day or more, and **the mediation shall continue (including additional conferences) until adjourned by the mediator**. Only the mediator may declare an impasse, which shall not be the result of one or more required persons unreasonably declaring themselves no longer available.

### IX.   Admission, substitution and withdrawal of counsel

Motions for special admission pursuant to Local Rule 2.01, or to substitute or withdraw counsel pursuant to Local Rule 2.03, must comply with Local Rule 3.01(g). Counsel specially admitted *pro hac vice* may bring personal electronic devices into the

courthouse by presenting their order of admission to the court security officers.[6]

Motions to withdraw that will, if granted, leave a party or parties unrepresented by counsel must include the mailing address, e-mail address and phone number to be used for service upon and conferences with each unrepresented party. All such motions will be set for an in-person hearing.

## X.    Notices of unavailability

There is no provision in the federal or local rules for such notices, and they are routinely treated as a nullity and stricken. Parties and counsel are to take appropriate measures to arrange coverage for absences, promptly request and respond to proposed accommodations, and timely approach the Court for extensions or continuances as warranted.

## XI.    Properly utilizing electronic filing

The Court expects electronic filers to make full and thoughtful use of the CM/ECF capabilities. In particular, documents that accompany a pleading, motion or memorandum are to be filed as separate PDF files, and each is to be given a concise, unique and objective label using the category and description fields provided, such as "Exhibit A – Sale and Purchase Agreement," "Exhibit B – Demand Letter," and "Exhibit C – Deposition of Denver Smith" and not "Exhibit – A," "Exhibit – B," and "Exhibit – C." The Court may strike filings that fail to heed this request.

A previously filed document need not be refiled and should instead be cited by

---

[6] *See* General Order 6:13-mc-94-Orl-22 (10/01/2013) available at: https://www.flmd.uscourts.gov/standing-orders-plans-procedures

document number (for example, "Doc. 1-1").

Signatures of all counsel and unrepresented parties (include for each the information set forth in Local Rule 1.05(d)):

*/s/ Bonnie Malloy*
Plaintiffs' Counsel of Record
Bonnie Malloy (Fla. Bar No. 86109)
Earthjustice
111 S. Martin Luther King Jr. Blvd.
Tallahassee, FL 32301
T: (850) 681-0031
F: (850) 681-0020
bmalloy@earthjustice.org

Tania Galloni (Fla. Bar No. 619221)
Earthjustice
4500 Biscayne Blvd., Ste. 201
Miami, FL 33137
T: (305) 440-5432
F: (850) 681-0020
tgalloni@earthjustice.org

*/s/ Meredith Delcamp*
Defendant FDOT Counsel of Record
Jason Gonzalez (Fla. Bar No. 146854)
Daniel E. Nordby (Fla. Bar No. 14588)
Rachel C. Procaccini (Fla. Bar No. 1019275)
Shutts & Bowen LLP
215 South Monroe Street, Ste. 804
Tallahassee, FL 32301
T: (850) 241-1717
jasongonzalez@shutts.com
dnordby@shutts.com
rprocaccini@shutts.com

Meredith S. Delcamp (Fla. Bar No. 0016242)
S. Elizabeth King (Fla. Bar No. 122031)
Shutts & Bowen LLP
4301 West Boy Scout Blvd., Ste. 300
Tampa, FL 33607
mdelcamp@shutts.com


*/s/ Mark Arthur Brown*
Federal Defendants' Counsel of Record
Mark Arthur Brown (Fla. Bar No. 099504)
U.S. Department of Justice
Wildlife and Marine Resources Section
4 Constitution Square
150 M Street, N.E.
Washington, D.C. 20002
T: (202) 305-0204
mark.brown@usdoj.gov