UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SIERRA CLUB and ENVIRONMENTAL
CONFEDERATION OF SOUTHWEST
FLORIDA,

      Plaintiffs,

v.                                                   Case No.:  2:20-cv-13-FtM-38NPM

U.S. FISH AND WILDLIFE
SERVICE, AURELIA SKIPWORTH,
FLORIDA DEPARTMENT OF
TRANSPORTATION, KEVIN J.
THIBAULT, U.S. ARMY CORP OF
ENGINEERS and TODD T.
SEMONITE,

      Defendants.
_____/

## CASE MANAGEMENT AND SCHEDULING ORDER

Having considered the parties' agreed dates and discovery plan, the Court enters this Case Management and Scheduling Order, **which modifies the Middle District of Florida Local Rules**:

| DEADLINE | DATE |
|---|---|
| **Corporate Disclosure Statements** | **COMPLETED** |
| **Motions to Add Parties or Amend Pleadings** | March 5, 2021 |
| **Disclosure of Expert Reports** | **NOT APPLICABLE** |
| **Administrative Record ("AR")** | Defendants: **June 30, 2020** produce draft AR<br>Plaintiffs: **August 14, 2020** submit to Defendants any issues as to draft AR<br>Parties: **August 31, 2020** confer<br>Parties: **September 14, 2020** |

| DEADLINE | DATE |
|---|---|
| | agree to certify the AR |
| | **or** |
| | Plaintiffs: motions challenging the AR, the applicability of any exceptions to record review, or the need for judicial review of extra-record materials |
| | Defendants: **October 15, 2020** responses |
| | Plaintiffs: **November 14, 2020** reply |
| | Defendants: **February 12, 2021** electronic access to final AR and indices served on all parties after the AR is complete (either after the parties agree or the Court rules on any motion to compel regarding the AR) |
| **Discovery** | **August 10, 2020** |
| **Dispositive Motions** | Plaintiffs: **March 29, 2021** (maximum 2 briefs of 25 pages or 1 brief not to exceed 50 pages) |
| | Defendants: **April 28, 2021** responses and any cross motions for summary judgment (if 1 combined response or cross motion, the brief may not exceed 45 pages) |
| | Plaintiffs: **May 28, 2021** responses (combined response may not exceed 40 pages) |
| **Meeting in Person to Prepare Joint Final Pretrial Statement** | **NOT APPLICABLE** |
| **Motions in Limine** | **NOT APPLICABLE** |
| **Joint Final Pretrial Statement and Trial Briefs** | **NOT APPLICABLE** |
| **Final Pretrial Conference** | **NOT APPLICABLE** |
| **Monthly Trial Term** | **NOT APPLICABLE** |
| **Estimated Length of Trial** | **NOT APPLICABLE** |
| **Jury or Non-Jury** | **NOT APPLICABLE** |

| DEADLINE | DATE |
|---|---|
| Mediation | **March 10, 2021**<br>Mediator to be named by **May 15, 2020** |

### A. Compliance

Counsel and all parties (represented and *pro se*) must comply fully with this Scheduling Order. Motions to extend the above deadlines are **disfavored**. Deadlines may be modified only for good cause and with the judge's consent. Also, filing a motion to extend a deadline does not toll the time to comply with other deadlines set by rule or court order.

All counsel and parties must comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, except as modified herein, the Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida, the United States District Court for the Middle District Florida's Administrative Procedures for Electronic Filing, the Florida Bar Professionalism Expectations, and the Florida Bar Trial Lawyers Section's Guidelines for Professional Conduct.

### B. Consent to Magistrate Judge

At any time during this case, the parties may consent to proceed before the assigned Magistrate Judge to conduct some or all proceedings (including specified motions and trial) and enter final judgment by filing the appropriate form. A party may withhold consent without adverse consequences. In consent cases, a party may appeal the Magistrate Judge's final judgment to the Eleventh Circuit just like an appeal from the district court.

### C. Motions

1. *Certification Under Local Rule 3.01(g):* The parties are reminded of Local Rule 3.01(g)'s certification requirement to confer with the opposing party in a good-faith effort to resolve issue(s) before filing most motions. Failure to comply with the rule may cause the Court to deny or strike the motion.

   The term "confer" requires a substantive conversation in person, by telephone, or via videoconference. It does not envision an exchange of ultimatums by email or letter. Counsel who merely tries to confer has not "conferred." And telling the Court that opposing counsel was unavailable for a conference does not satisfy the obligation to confer.

   Although Local Rule 3.01(g) does not require a certificate for a **motion to dismiss** for failure to state a claim upon which relief can be granted or a **motion**

**for more definite statement**, the Court expects the parties to confer in an attempt to resolve the pleading issues by stipulated leave to amend or otherwise, and, if relevant, to explain in the motion the extent of the opposition.

2. *Motions for Summary Judgment*

    a. <u>Number of Motions</u>: Only **one** motion for summary judgment may be filed by a party (or multiple parties represented by the same counsel) absent leave of Court.

    b. <u>Required Materials</u>*:* A motion for summary judgment must include a memorandum of law in support and a specifically captioned section titled, "Statement of Material Facts" in a single document.  The statement of material facts must list each material fact alleged not to be disputed in separate, numbered paragraphs.  Each fact must be supported by a **pinpoint** citation to the specific part of the record relied on to support that fact.  **Failure to submit a statement of material facts constitutes grounds to deny the motion.**

    An opposition to a motion for summary judgment must include a memorandum of law and a specifically captioned section titled, "Response to Statement of Material Facts" in a single document.  The opposing party's response to statement of material facts must mirror the statement of material facts by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs.  Each denial must set forth a **pinpoint** citation to the record where the fact is disputed.  Although the opposing party's response must correspond with the paragraph scheme used in the statement of material facts, the response need not repeat the text of the moving party's paragraphs.  In deciding a motion for summary judgment, **any fact that the opposing counsel or party does not specifically controvert and not otherwise included in the Response to Statement of Disputed Material Facts may also be deemed undisputed if supported by record evidence.**

    The movant may file a reply brief not to exceed **7 pages** in length with **pinpoint** citations to the record within **7 days** after service of the response unless the Court directs otherwise.  Given the restriction on the context of a reply, any motion for a sur-reply is disfavored and should be requested only in exceptional circumstances.

    When citing to the record, the parties should first use any CM/ECF designated document number and page number throughout the briefs.  Where no CM/ECF citation is available, a specific format like "Ex. 1., p.2" should be used throughout the brief.  Further, a general reference to a deposition is inadequate—the page and line number of the deposition transcript must be included.  For example, a general reference to

      "Deposition of Jones" is insufficient.

  c. <u>Deposition Transcripts as Exhibits</u>*:* If depositions are filed to support a motion for summary judgment, the Court prefers the deposition be filed in its entirety (condensed version is fine) with exhibits.

  d. <u>Exhibit Index</u>*:* A motion for summary judgment or a response with exhibits totaling over 10 pages must include an index to the exhibits that lists the exhibit number and title of the exhibit. Counsel must file the index as the **last** attachment to the parent document. *See* "Exhibit Index" below for a sample exhibit index.

  e. <u>Oral Argument</u>*:* Unless specifically ordered, the Court will not hold a hearing on any motion for summary judgment.

3. *Exhibit Index **(required only for cases assigned to Judge Chappell)***

  a. For **all motions** before Judge Chappell, counsel filing any motion with exhibits totaling over 10 pages must create an index to the exhibits, including the exhibit number and title of the exhibit. File the index as the **last** attachment to the parent document. Below is a sample exhibit index:

| Number | Title |
|---|---|
| 1 | Affidavit of John Smith |
| 2 | Jane Doe's Deposition |
| 3-A | Contract Between XYZ Company and ABC Company (Part 1, Pages 1-15) |
| 3-B | Contract Between XYZ Company and ABC Company (Part 2, Pages 16-24) |
| 4 | XYZ Company General Ledgers |

**D. Mediation**

1. *Referral:* The assigned District Judge refers this case to mandatory mediation. All parties must attend mediation **in a good faith effort** to resolve this suit. Participants must be prepared to spend as much time as needed at mediation. Only the mediator may declare an impasse or end the mediation.

2. *Deadline*: The parties must complete mediation on or before the deadline in the above table. Despite Local Rule 9.05(d), neither the mediator nor the parties can

    continue the mediation conference beyond the deadline.

3. *Settlement and Report of Mediator*: Within **5 days** of the mediation conference ending, the mediator must file a mediation report stating whether all required parties were present, whether the case settled or impasse was declared, and, if applicable, whether any party or attorney did not act in good faith at the conference.

**E. Sanctions**

A party who does not comply with the preceding paragraphs may be subject to sanctions including reasonable attorneys' fees and costs, striking of pleadings, entry of default, dismissal, and a finding of contempt of court.  *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 16(f), 37; M.D. Fla. R. 9.05(c), (e).

**DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of April 2020.

/s/ *Sheri Polster Chappell*
Sheri Polster Chappell
United States District Judge

/s/ *Thomas P. Barber*
Thomas P. Barber
United States District Judge

/s/ *John E. Steele*
John E. Steele
Senior United States District Judge

/s/ *Mac R. McCoy*
Mac R. McCoy
United States Magistrate Judge

/s/ *Nicholas P. Mizell*
Nicholas P. Mizell
United States Magistrate Judge

Copies to:  All Parties of Record