# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

SIERRA CLUB and ENVIRONMENTAL
CONFEDERATION OF SOUTHWEST
FLORIDA,

    Plaintiffs

v.                                                                                                  Case No: 2:20-CV-00013

U.S. FISH AND WILDLIFE SERVICE; AURELIA
SKIPWORTH, as Director of the U.S. Fish and
Wildlife Service; FLORIDA DEPARTMENT OF
TRANSPORTATION; KEVIN J. THIBAULT, as
Secretary of the Florida Department of Transportation;
and U.S. ARMY CORPS OF ENGINEERS; and
TODD T. SEMONITE, as Chief Engineer and
Commanding General of the U.S. Army Corps of
Engineers,

    Defendants.
_____/

## FLORIDA DEPARTMENT OF TRANSPORTATION'S UNOPPOSED MOTION TO INTERVENE ON COUNTS TWO, FOUR, AND FIVE OF PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM IN SUPPORT THEREOF

    The Florida Department of Transportation ("The Department") by and through its undersigned counsel, pursuant to Rule 24, Federal Rules of Civil Procedure, moves for leave to intervene as a party defendant in Plaintiffs' second, fourth, and fifth claims for relief contained within their First Amended Complaint—all of which specifically relate to Florida State Road ("SR") 82. This motion is unopposed by the Plaintiffs[1] and federal Defendants. However, Plaintiffs' consent to the Department's motion is subject to the conditions that the Department

---

[1] Specifically, the Plaintiffs consent to permissive intervention. The Department argues that this Court should grant its motion for intervention based upon its interest in the litigation and the fact that disposition of the action may as a practical matter impair or impede the Department's ability to protect that interest.

will: (1) confer with the federal Defendants to avoid duplication on all filings and requests; and (2) abide by the Case Management and Scheduling Order in place. The Department agrees to these terms.

In the First Amended Complaint, the claims brought against the Department are limited to only one and three, and these claims relate solely to SR 29, but not SR 82. As the Department is the owner and holder of the permit being challenged on SR 82 and also has a significant interest in the project on SR 82, the Department brings this motion to intervene in counts two, four, and five, to clarify its rights to fully participate as a party defendant and defend its interests in the SR 82 project throughout the course of this litigation.

In support of its motion, the Department asserts that it is the recipient of federal funding for the road widening project for SR 82 at issue, is the owner and holder of the permit under the Clean Water Act for the SR 82 project, and is primarily responsible for the completion of the SR 82 project as permitted. Thus, the Department has a significant interest relating to the property and transaction— that is, the SR 82 project—which is the subject of counts two, four, and five of the Plaintiffs' First Amended Complaint. The claims under counts two, four, and five present questions of both law and fact which are not in common with the other claims of which the Department is clearly a party defendant with full participatory rights. The disposition of such claims regarding SR 82 will impact the Department's ability to protect these interests and the safety of the citizens of Florida, and the existing parties do not share the same interests as the Department. The Department's intervention on counts two, four, and five will not delay or prejudice adjudication of the rights of the parties, as the Department is already a defendant to this action and has already filed a responsive pleading to the Plaintiffs' First Amended Complaint.

**MEMORANDUM OF LAW**

The instant case is an action for declaratory judgment and injunctive relief involving two separate Department road improvement projects. The Department seeks to expand a portion of SR 29 and a portion of SR 82. The Plaintiffs challenge the adequacy of the agency actions associated with these two projects, under the National Environmental Policy Act, the Endangered Species Act, and the Administrative Procedures Act. Specifically, pursuant to the claims for relief put forth in the Amended Complaint, the Plaintiffs are challenging: (1) the adequacy of the United States Fish and Wildlife Service's ("USFWS") Biological Opinion for SR 29; (2) the adequacy of the USFWS' Biological Opinion for SR 82; (3) the adequacy of the Department's application of a Categorical Exclusion for SR 29; (4) the adequacy of the United States Army Corps of Engineers' ("ACOE") Environmental Assessment for SR 82; and (5) the adequacy of the ACOE' reliance on the Biological Opinion for SR 82 when issuing a Clean Water Act dredge and fill permit for the SR 82 project (the "Permit").

The First Amended Complaint was filed on March 30, 2020. The Department is a defendant in this litigation and, although it is unclear if all counts are directed to the Department as a party defendant, in an abundance of caution, the Department timely answered and raised affirmative defenses to all of the Plaintiffs' claims in its Answer and Affirmative Defenses to the First Amended Complaint.

Pursuant to Rule 24(a), Federal Rules of Civil Procedure, "[u]pon timely application anyone shall be permitted to intervene in an action":

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). Moreover, "[o]nce a party establishes all the prerequisites to intervention, the court has no discretion to deny the motion." *United States v. Georgia,* 19 F.3d 1388, 1393 (11th Cir. 1994); *see also Federal Savings and Loan Insurance Corp. v. Falls Chase Special Taxing District,* 983 F.2d 211, 215 (11th Cir. 1993).

Alternatively, Rule 24(b)(2), Federal Rules of Civil Procedure provides:

[u]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of rights of the original parties.

"Whether to allow permissive intervention is [within] the sound discretion of the . . . court." *United States v. Dallas County Comm'n,* 850 F.2d 1433, 1443 (11th Cir. 1988). In the instant case, the Department has no other adequate means of asserting its rights. Allowing the Department to intervene will not cause undue delay or prejudice the adjudication of the rights of the other parties. The Department asserts that it is entitled to intervention of right or, in the alternative, should be allowed to intervene by exercise of the sound discretion of this Court.

Whether a motion to intervene is timely must be determined from all circumstances. *NAACP v. New York.* 413 U.S. 345, 366 (1973). The court must consider the length of time in which the intervenor knew of his interest in the case before moving to intervene, the degree of prejudice to the existing parties for any delay in moving to intervene, and the prejudice to the intervenor if his motion is denied. *Burns, v. MLK Express Services, LLC*, No. 218CV625FTM32MRM, 2020 WL 1891175, at *2 (M.D. Fla. Apr. 16, 2020); *see also Walker v. Jim Dandy Co.,* 747 F.2d 1360, 1365 (11th Cir. 1984).

The Department has promptly moved to intervene in this action. The parties will not be prejudiced by the granting of this motion as all parties are well aware of the Department's

interest in the SR 82 project. Alternatively, if this motion is denied, the Department will be prejudiced due to its substantial interest in the disposition of all of the claims set forth in Plaintiffs' First Amended Complaint.

"Intervention of right must be supported by [a] 'direct, substantial, legally protectable interest in the proceeding." *Athens Lumber Co., Inc., v. Federal Election Comm'n,* 690 F.2d 1364, 1366 (11th Cir. 1982). "What is required is that the interest be one which the substantive law recognizes as belonging to or being owned by the applicant." *United States v. South Florida Water Management District,* 922 F.2d 704, 710 (11th Cir. 1991).

The Department applied for and was issued the Permit for the SR 82 project. *See* Permit No. SAJ-2017-01376. The Permit was issued on November 1, 2018. Construction of the SR 82 project commenced approximately in December of 2019 and is on-going as put forth in the Case Management Report filed by the parties in this matter. The Department has expended considerable resources in applying for and obtaining this permit, and has applied for and been granted federal funding. In reliance on issuance of the Permit, which includes the commitment of federal funding by the Federal Highway Administration, the Department has entered into multiple design and construction contracts in order to proceed with the SR 82 project. The Department has a legally protectable interest in the property and transaction that is the subject matter of this action as it relates to the SR 82 project.

An Intervenor must also show that absent intervention, disposition of the action may impair or impede their ability to protect their interest, and that the existing parties will not adequately represent its interests. *Federal Savings and Loan Insurance Corp. v. Falls Chase Special Taxing District*, 983 F.2d 211. 215 (11th Cir. 1993). Movant assumes that the federal defendants in this action will represent the interests of the public in demonstrating that the

programs they oversee were properly applied in this case, and in defending issuance of the subject permit to the Department.  However, the Department has responsibilities to the people of the State of Florida in carrying out its mandate to provide safe and efficient transportation, which are different from and more direct than those of the other federal defendants.  The Department is also the only party to have expended substantial sums of money on the planning, design, and engineering and construction for the SR 82 project.  In addition, any delay in the SR 82 project at this point will drive up its overall cost, which will be a burden borne by the Department and the State of Florida.  However, the most crucial interest the Department seeks to protect is its responsibility to effect safety improvements to this road.  The safety of the traveling public is of vital importance to the Department and the effect of Plaintiffs' First Amended Complaint and the impending litigation are anticipated to have a direct and potentially adverse impact on those responsibilities and efforts as they relate to the SR 82 project.

WHEREFORE, the Florida Department of Transportation respectfully requests that this Court enter an order determining that the Florida Department of Transportation's interests are directly and immediately affected by counts two, four and five of the Plaintiff's First Amended Complaint, and that the Florida Department of Transportation is permitted to intervene on the disposition of claims under all counts with full rights to participate as a party defendant.

## LOCAL RULE 3.01(g) CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the movant has conferred with counsel for the Plaintiffs and federal Defendants, and the Plaintiffs and federal Defendants do not oppose the motion.

Respectfully submitted,

*/s/ Jason Gonzalez*
**JASON GONZALEZ**
Florida Bar No. 146854
**DANIEL E. NORDBY**
Florida Bar No. 14588
**RACHEL C. PROCACCINI**
Florida Bar No. 1019275
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
jasongonzalez@shutts.com
dnordby@shutts.com
rprocaccini@shutts.com

**MEREDITH S. DELCAMP**
Florida Bar No. 0016242
**SHUTTS & BOWEN LLP**
4301 West Boy Scout Blvd., Suite 300
Tampa, Florida 33607
mdelcamp@shutts.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Jason Gonzalez*
**JASON GONZALEZ**