UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SIERRA CLUB and ENVIRONMENTAL CONFEDERATION OF SOUTHWEST FLORIDA,

    Plaintiffs,

v.

Case No:    2:20-cv-13-FtM-38NPM

U.S. FISH AND WILDLIFE SERVICE, AURELIA SKIPWORTH, as Director of the U.S. Fish and Wildlife Service, FLORIDA DEPARTMENT OF TRANSPORTATION, KEVIN J. THIBAULT, as Secretary of the Florida Department of Transportation, U.S. ARMY CORP OF ENGINEERS, and TODD T. SEMONITE, as Chief Engineer and Commanding General of the U.S. Army Corps of Engineers,

    Defendants.

**ORDER**

    Before the Court is an Unopposed Motion to Intervene on Counts Two, Four, and Five of Plaintiffs' First Amended Complaint (Doc. 31). The movant, the Florida Department of Transportation ("FDOT"), is apparently concerned that it will not have an opportunity to be heard concerning all counts in Plaintiffs' complaint even though it is a defendant in this action.

    Intervention is governed by Federal Rule of Civil Procedure 24. Rule 24(a) governs intervention as a matter of right and Rule 24(b) governs permissive intervention. Although FDOT sets out legal authority for intervention, it skips a threshold matter—intervention, whether by right or permissive, is available for *non-parties*.

"Rule 24 provides two ways in which a *nonparty* may intervene in a lawsuit: intervention as of right and permissive intervention." *Fla. Wildlife Fed'n, Inc. v. Johnson*, No. 4:08-CV-324-RH/WCS, 2009 WL 248078, *1 (N.D. Fla. Feb. 2, 2009) (emphasis added); *see also Fed. Trade Comm'n v. MOBE Ltd.,* No. 6:18-CV-862-ORL-37DCI, 2018 WL 4960232, *3 (M.D. Fla. Aug. 8, 2018) ("Only certain *nonparties* have a right to intervene."); *Burns v. MLK Express Servs., LLC*, No. 2:18-CV-625-FTM-32MRM, 2020 WL 1891175, *2 (M.D. Fla. Apr. 16, 2020) ("Under Fed. R. Civ. P. 24(a) a *non-party* may intervene as of right . . ."). Intervention by a party is neither necessary nor appropriate.

It is easily discerned from a review of the complaint that FDOT has an interest at stake in each count, and no party opposes FDOT having a voice in this matter concerning all of them. Indeed, FDOT answered all counts (Doc. 26), and Plaintiffs did not object.

Accordingly, it is hereby **ORDERED**:

(1) The Unopposed Motion to Intervene on Counts Two, Four, and Five of Plaintiffs' First Amended Complaint (Doc. 31) is **DENIED as moot**.

(2) FDOT will continue to be heard concerning all counts.

**DONE** and **ORDERED** in Fort Myers, Florida on May 29, 2020.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE