**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SIERRA CLUB and ENVIRONMENTAL
CONFEDERATION OF SOUTHWEST
FLORIDA,

      Plaintiffs

v.                                       Case No: 2:20-CV-00013

U.S. FISH AND WILDLIFE SERVICE; AURELIA
SKIPWITH, as Director of the U.S. Fish and
Wildlife Service; FLORIDA DEPARTMENT OF
TRANSPORTATION; KEVIN J. THIBAULT, as
Secretary of the Florida Department of Transportation;
U.S. ARMY CORPS OF ENGINEERS; and
TODD T. SEMONITE, as Chief Engineer and
Commanding General of the U.S. Army Corps of
Engineers,

      Defendants.

_____/

**<u>DEFENDANTS' OPPOSED JOINT MOTION TO DISMISS COUNTS ONE AND</u>**
**<u>THREE OF PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**
**<u>AND CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and Local Rule 3.01, the Florida

Department of Transportation and Kevin J. Thibault in his official capacity (collectively the

"Department"); the U.S. Fish and Wildlife Service and Aurelia Skipwith in her official

capacity; U.S. Army Corps of Engineers and Todd T. Semonite in his official capacity

(collectively "Federal Defendants") by and through their undersigned counsel jointly move for

dismissal of Count One and Count Three of Plaintiffs' First Amended Complaint for lack of

subject matter jurisdiction.  In support of this motion, the Department and Federal Defendants

state as follows:

1.      Count One of Plaintiffs' First Amended Complaint claims that the United States Fish and Wildlife Service's ("USFWS") Biological Opinion ("BO") for the State Road ("SR") 29 project violates the Endangered Species Act ("ESA") and the Administrative Procedure Act ("APA").  *See* ECF No. 24 at 17-18.  Count Three claims that the Department's Categorical Exclusion ("CE") adopted for the SR 29 project violates the National Environmental Policy Act ("NEPA") and the APA.  *Id.* at 19-20.

2.      The Department recently rescinded its CE for the SR 29 project and the related Location and Design Concept Acceptance ("LDCA") and, due to this status, the USFWS rescinded its BO for the SR 29 project.

3.      Due to rescission of both the CE and the BO, Plaintiffs' causes of action related to the same are moot because the Plaintiffs cannot obtain effectual relief from the Court. Furthermore, due to the rescission of these documents, Plaintiffs are no longer challenging final agency actions, as is required to bring a claim under the APA.  Therefore, the Court lacks subject matter jurisdiction over Counts One and Three.  For these reasons, the Department and Federal Defendants respectfully request that this Court dismiss Count One and Count Three.

4.      As to the remaining counts—Counts Two, Four, and Five of Plaintiffs' First Amended Complaint—the Department seeks to continue to be heard on these counts, consistent with the Court's May 29, 2020 Order.  *See* ECF No. 34 (holding that "[Florida Department of Transportation] will continue to be heard concerning all counts.").

5.      Undersigned counsel certify that they conferred with Plaintiffs' counsel in a good faith effort to resolve the issues raised by this motion to dismiss for lack of subject matter jurisdiction.  However, counsel was unable to agree on the resolution of this motion.

6.     This motion is further supported by the Memorandum of Points and Authorities filed herewith.

Based on the foregoing, the Department and Federal Defendants jointly request the Court to dismiss both Counts One and Three for lack of subject matter jurisdiction on grounds of mootness and lack of final agency action.

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATUTORY BACKGROUND

## I.      NATIONAL ENVIRONMENTAL POLICY ACT

NEPA, 42 U.S.C. § 4321 *et seq.,* is essentially a procedural statute that requires federal agencies to inform themselves of the environmental effects of proposed federal actions.  *See Sierra Club v. U.S. Army Corps of Eng'rs,* 295 F.3d 1209, 1214 (11th Cir. 2002) ("[NEPA] is not a substantive environmental statute which dictates a particular outcome if certain consequences exist.").

When an agency proposes a "major [f]ederal action[] significantly affecting the quality of the human environment," 42 U.S.C. § 4332(2)(C), NEPA requires preparation of an Environmental Impact Statement ("EIS").  *See* 42 U.S.C. § 4332.  If there is a question whether a proposed action will significantly affect the quality of the human environment an environmental assessment ("EA") may be prepared.  An EA is a brief and concise document containing sufficient evidence and analysis for the agency to determine whether to prepare a more extensive EIS or a finding of no significant impact. 40 C.F.R. § 1508.9(a)(1); *River Rd. All. v. Corps of Eng'rs of U.S. Army,* 764 F.2d 445, 449 (7th Cir.1985).  A third option is available for certain federal actions that have been determined, because of their very nature

and past experience, not to have, individually or cumulatively, a significant effect on the human environment.  40 C.F.R. §§ 1501.4(a), 1508.4.  Such actions are considered "categorically excluded" from the requirement of either an EA or EIS review, and a governmental agency may designate a "categorical exclusion" for such decisions as applicable.

## II.     ENDANGERED SPECIES ACT

Section 7(a)(2) of the ESA provides that federal agencies must ensure that any action authorized, funded, or carried out by such agency is not likely to "jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species which is determined by the Secretary . . . to be critical." 16 U.S.C. § 1536(a)(2).

The ESA requires the action agency to consult with the USFWS whenever a federal action "may affect" an endangered or threatened species.  50 C.F.R. § 402.14(a).  Formal consultation culminates in the issuance of a BO by the USFWS, which advises the action agency whether jeopardy is likely to occur for any listed species and, if so, whether "reasonable and prudent alternatives" exist to avoid a jeopardy situation.  50 C.F.R. § 402.14(h)(2).

## III.    ADMINISTRATIVE PROCEDURE ACT

"Because NEPA does not provide for a private right of action, plaintiffs challenging an agency action based on [the ESA or] NEPA must do so under the Administrative Procedure Act." *St. Johns Riverkeeper v. U.S. Army Corps of Eng'rs*, 304 F. Supp. 3d 1229, 1238 (M.D. Fla. 2018) (quoting *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1173 (11th Cir. 2006)). To have a justiciable "case and controversy" for an ESA or NEPA claim brought under the APA, there must be a final agency action.  *See* 5 U.S.C. § 704 ("Agency action made

reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").

As a general matter, two conditions must be satisfied for agency action to be "final." First, the action "must mark the 'consummation' of the agency's decision making process," and not be "of a merely tentative or interlocutory nature." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997).  Second, the action "must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Id*. (citation omitted); *see also Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 483 (2004) ("to be final, agency action must mark the consummation of the agency's decision making process, and must either determine rights or obligations or occasion legal consequences") (citation omitted).

## FACTUAL BACKGROUND

The instant case is an action for declaratory judgment and injunctive relief involving two separate Department roadway improvement projects—the expansion of a portion of SR 29 and the separate expansion of a portion of SR 82.[1]

The purpose of the SR 29 project is to widen SR 29 from two to four lanes, within the project limits, to improve the level of service along the roadway, to accommodate future population and employment growth, and to enhance safety conditions.  The SR 29 project extends from SR 82 to County Road 80-A (Cowboy Way) in Hendry and Collier Counties.

Plaintiffs' First Amended Complaint challenges the adequacy of the USFWS' BO in Count One and the Department's decision[2] to invoke a Type II CE for the SR 29 project, as

---

[1]  The instant motion to dismiss relates solely to the counts involving the SR 29 project.

[2]  Under the Surface Transportation Project Delivery Program, 23 U.S.C. § 327, and a Memorandum of Understanding ("MOU") between the Federal Highway Administration ("FHWA") and the Department, signed on December 14, 2016 ("the 2016 MOU"), FHWA assigned, and the Department assumed, FHWA's

well as the adequacy of the CE, in Count Three.  *See* ECF No. 24 at 17, 20.

On January 22, 2016, the USFWS finalized the BO for the SR 29 project.  *See* Exhibit A, "Letter from USFWS to FHWA."  On April 11, 2017, as part of the NEPA process, the Department prepared a Type II CE for the SR 29 project, based in part on the BO.  *See* Exhibit B, "Department's Type 2 CE Determination Form."

On May 27, 2020, the Department determined that rescission of the Type II CE for the SR 29 project was appropriate based, in part, upon the fact that construction funding is not anticipated for at least ten years, and that there are no active state or federal environmental permits along the corridor.  *See* Exhibit C, "Request for Rescission Email."  Thus, the Department requested that the Florida Department of Transportation, Office of Environmental Management ("OEM"), rescind the Type II CE and related LDCA for this corridor.  *See id.* On June 5, 2020, the OEM approved the Department's request and rescinded the Type II CE and related LDCA previously issued on May 15, 2017.  Exhibit D, "OEM Rescission of CE Letter."  When environmental action is required on this corridor at some time in the future, the District will coordinate with OEM for the appropriate class of action.  *See* Exhibit C.

On June 12, 2020, based on the Department's rescission of the CE, the USFWS likewise rescinded its BO.  *See* Exhibit E, "Email Regarding Status of BO."  The USFWS stated that:

> [. . .] [W]e are aware the FDOT intends to rescind the type II categorical exclusion for the State Road 29 from State Road 82 to County Road 80A project. We further understand that the FDOT does not intend to construct the

---

responsibility for environmental review, consultation, or other actions pertaining to road projects including SR 29 (and SR 82), and all liability for any claims related to environmental review actions for such road projects on or after the effective date of the 2016 MOU.

project for at least 10 years.  Based on this information, the Service does not consider our current Biological Opinion (dated January 22, 2016) and subsequent amendment to the Biological Opinion (dated June 22, 2016) on the project, as provided to the Federal Highway Administration (FHWA), to be operative.  When you are ready to go forward with the project, you may re-initiate consultation with the Service, per your current agreement with the FHWA to conduct consultations, pursuant to Section 7 of the Endangered Species Act of 1973.

*Id.*

**STANDARD OF REVIEW**

By virtue of Article III, Section 2, of the United States Constitution, federal courts are limited to resolving "cases and controversies," both legal and equitable, that arise under the Constitution, federal law, or treaties.  *See Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 202 (2000) (Scalia, J. and Thomas, J., dissenting); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992).  Therefore, before the Court can consider the merits of Plaintiffs' First Amended Complaint, it must first determine whether Plaintiffs have properly invoked the Court's jurisdiction.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.").

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed for lack of subject matter jurisdiction if the action: "does not 'arise under' the Federal Constitution, laws or treaties (or fall within one of the other enumerated categories of Art. III, S[ection] 2, [of the Constitution], or is not a 'case or controversy' within the meaning of that section; or the cause is not one described by any jurisdictional statute."  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see also* Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court

determines that it is without subject matter jurisdiction, the court is powerless to continue.").
"The burden for establishing federal subject matter jurisdiction rests with the party bringing
the claim." *See Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir.
2016) (quoting *Sweet Pea Marine Ltd. v. APJ Marine,* 411 F.3d 1242, 1247 (11th Cir. 2005)).

The jurisdiction of the federal court may be attacked facially or factually. *Morrison v.
Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). In a facial challenge, a court assumes
the allegations in the complaint are true and determines whether the complaint sufficiently
alleges a basis for subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th
Cir. 1990) (per curiam).

On the other hand, factual attacks "challenge 'the existence of subject matter
jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as
testimony and affidavits, are considered.'" *Id.* (explaining that, in dealing with a factual attack
to subject matter jurisdiction, the district court may consider extrinsic evidence) (citation
omitted); *see also Int'l Bhd. of Teamsters v. Amerijet Int'l,* 932 F. Supp. 2d 1336, 1343 (S.D.
Fla. 2013) (explaining that, when a party mounts a factual attack, a "district court is free to
independently weigh facts, and 'may proceed as it never could under 12(b)(6) or Fed. R. Civ.
Pr. 56") (citations omitted).[3] In considering a factual attack on subject matter jurisdiction, the
Court is free to weigh the facts and is not constrained to view them in the light most favorable

---

[3] For example, a district court may take judicial notice of certain facts without converting a motion to dismiss
into a motion for summary judgment. *Bryant v. Avado Brands,* 187 F.3d 1271, 1278 (11th Cir. 1999). A fact
may be judicially noticed when it "can be accurately and readily determined from sources whose accuracy
cannot reasonably be questioned." Fed. R. Evid. 201(b). Permissible facts that a district court may consider
include public records. *See Universal Express v. SEC*, 177 F. App'x 52, 53-54 (11th Cir. 2006) (per curiam)
(citing *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial
notice of public records and may thus consider them on a motion to dismiss.") (citation omitted)).

to the plaintiff.  *Carmichael v. Kellogg, Brown & Root Servs.,* 572 F.3d 1271, 1279 (11th Cir. 2009).

## ARGUMENT

The Court lacks subject matter jurisdiction for both Counts One and Three of Plaintiffs' First Amended Complaint due to the rescission of the BO and the CE for the SR 29 project. Count One alleges that USFWS' BO for SR 29 violates the ESA and the APA.  *See* ECF No. 24 at 17-18.  Count Three alleges that the Department's CE for SR 29 violates NEPA and the APA.  *See id.* at 19-20.  Central to Plaintiffs' claims for Count One and Count Three, respectively, is their reliance on each agencies' final action for the SR 29 project, i.e., the USFWS' BO and the Department's CE.  Because both the BO and the CE are rescinded, the Court cannot grant meaningful relief and the claims set forth in Counts One and Three are moot.  It follows that, because those claims are not based on any remaining final, reviewable agency actions by either FDOT or USFWS, there is also no live controversy present for this Court's review under the APA.  *See* Exhibits D and E; *see, e.g.*, 5 U.S.C. § 704.  Accordingly, Counts One and Three must be dismissed.

## I.      COUNTS ONE AND THREE ARE MOOT BECAUSE THERE IS NO LIVE CONTROVERSY AND THE COURT IS UNABLE TO GRANT EFFECTIVE RELIEF.

Generally, "[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.  If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed."  *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys.*, 633 F.3d 1297, 1309 (11th Cir. 2011) (citations omitted).  "Dismissals on mootness

grounds are properly entered under Rule 12(b)(1) as dismissals for lack of subject matter jurisdiction." *Defs. of Wildlife v. Bureau of Ocean Energy Mgmt., Regulation, and Enf't*, 791 F. Supp. 2d 1158, 1165 (S.D. Ala. 2011) (citing *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007)).

Here, the Court lacks subject matter jurisdiction over Counts One and Three because the claims contained within those counts are moot. *See, e.g., North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) ("Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.'") (citations omitted). Counts One and Three should be dismissed on mootness grounds because the documents challenged by Plaintiffs in Counts One and Three—the BO and the CE—have been rescinded and are inoperative. *See* Exhibits C, D, and E; *see, e.g., Cmtys. for a Great Nw. v. U.S. Dep't of Interior*, CV 07-98-M-DWM, 2008 WL 11417138 (D. Mont. Jan 19, 2008) (holding that Plaintiffs' challenge to withdrawn BO was moot because there was no longer a live controversy regarding its lawfulness and because the new environmental analysis will be based on new or modified agency action and a new administrative record).

Essentially, Count One and Count Three challenge the adequacy of both the USFWS' BO and the Department's CE. *See* ECF No. 24. Because the BO and CE (the product of agency actions) were since rescinded and rendered inoperative subsequent to filing of the complaint, a live controversy is not present, the Court is unable to grant any effective relief, and Count One and Count Three are moot. *See,* e.g.*, Nat'l Ass'n of Bds. of Pharmacy,* 633 F.3d at 1309 ("If events that occur subsequent to the filing of a lawsuit … deprive the court of the ability to give the plaintiff … meaningful relief, then the case is moot and must be

dismissed.") (citations omitted).  Of relevance here, Plaintiffs ask for declaratory relief (request for relief paragraph a); vacatur of the BO and CE (request for relief paragraphs b and c); and injunctive relief (request for relief paragraph e).  *See* ECF No. 24 at 22-23.  The Court clearly cannot grant vacatur of the BO and CE as they have already been rescinded.  Similarly, the Court cannot grant declaratory relief with respect to the validity of the BO and the CE, as that would constitute an impermissible advisory opinion.  *See, e.g.*, *Christian Coal. of Alabama v. Cole*, 355 F.3d 1288, 1291 (11th Cir. 2004) ("a federal court determination of a moot case would constitute an impermissible advisory opinion").  As for injunctive relief, Plaintiffs would need to show they were entitled to such relief and cannot do so given that the challenged improvements to SR 29 cannot happen at this point.[4]  Thus, because the Court grant any effective relief, Plaintiffs' challenge to the SR 29 BO and the CE is not justiciable and must be dismissed.  *See, e.g.*, *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)) (stating that federal courts have "no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before [them].'") (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)); *Christian Coal. of Alabama*, 355 F.3d at 1291 ("The 'case or controversy' requirement prevents federal courts from deciding a case on the merits if such a decision could no longer provide 'meaningful relief' to the parties.") (citation omitted).

---

[4]  "The standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success."  *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1097 (11th Cir. 2004) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).  Plaintiffs here cannot show any harm to their asserted interests because the SR 29 project is not proceeding at this time.

Plaintiffs cannot show that the circumstances here present an exception to the general rule on mootness, because the challenged actions (conduct of adopting a CE and making similar findings in a new BO) are not capable of repetition. The exception to the mootness doctrine for matters that are capable of being repeated yet evading review is narrow and applies only in "exceptional situations." *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1256 (11th Cir. 2001) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). In particular, two criteria must be met. First, there must be "a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the same complaining party." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (quoting *Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir. 1997)). Second, "the challenged action [must be] in its duration too short to be fully litigated prior to its cessation or expiration." *Id.* Neither of the criteria is satisfied here.

First, there is no "reasonable expectation" that the Department and the USFWS would resume the conduct being challenged, if Counts One and Three are dismissed. *Greater Yellowstone Coal. v. Tidwell*, 572 F.3d 1115, 1121 (10th Cir. 2009) (holding that the voluntary cessation of the challenged activity rendered the count moot where there was no reasonable expectation the alleged wrongs would be repeated). In short, there is presently no final design in place for a future SR 29 project. Any future finished design may have reduced scope, locations, and impacts, resulting in different environmental impacts and requiring updated impact studies to be conducted and an updated future determination regarding appropriate environmental review processes. Furthermore, the Department's Type II CE for the SR 29 project was issued on April 11, 2017. *See* Exhibit B. Any new NEPA decision regarding the

SR 29 project will require new and updated factual information from the date the CE was issued – which was more than three years ago.  Likewise, findings made by the USFWS in a future BO will necessarily be based upon the most current data and information relating to the environmental and economic landscape of the project area, including any information developed since the BO was originally issued.  16 U.S.C. § 1536(a)(2); 50 C.F.R. § 402.14(g)(8).  Under the circumstances, Plaintiffs cannot credibly assert that the same conduct will be repeated in this case.

Second, even if FDOT were to issue a new CE and the USFWS were to issue a new BO in the future with similar alleged deficiencies, Plaintiffs would be able to challenge those actions at that time.  Therefore, the second criteria for the "capable of repetition yet evading review" exception is not met.  *See Al Najjar*, 273 F.3d at 1336 (explaining that "even a likely recurrence is insufficient if there would be ample opportunity for review at that time").  For these reasons, no exception to the general rule on mootness is present.

Even if the Court finds that some aspect of Plaintiffs' ESA or NEPA claims concerning the SR 29 project survives the jurisdictional defects noted above, the Court should exercise its discretion to dismiss the suit under the doctrine of prudential mootness.  *Ingaseosas Int'l Co. v. Aconcagua Investing Ltd.*, 479 F. App'x 955, 962 (11th Cir. 2012) (per curiam). Under the prudential mootness doctrine, a court may exercise its discretion and decline to grant declaratory and injunctive relief if the controversy is "so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant." *Sierra Club v. U.S. Army Corps of Eng'rs*, 277 F. App'x 170, 172 (3d Cir. 2008) (quoting *Chamber of Commerce v. U.S. Dep't of Energy*,

627 F.2d 289, 291 (D.C. Cir. 1980) (per curiam)); *In re Club Assocs.,* 956 F.2d 1065, 1069 (11th Cir. 1992). The Eleventh Circuit has found that the critical question under prudential mootness is "whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *Ingaseosas Int'l Co.*, 479 F. App'x at 962-63 (citation omitted).

Here, there is no meaningful relief for Plaintiffs to obtain with respect to the SR 29 project because FDOT and USFWS have withdrawn the CE and BO, respectively. At this time, there is no funding for project construction. Whether such funding may become available in the future is a matter of speculation; however, FDOT has stated that funding is not anticipated for at least ten years. Under the circumstances, the Court should stay its hand and decline to adjudicate Plaintiffs' claims concerning the SR 29 project.

## II.      COUNTS ONE AND THREE DO NOT CHALLENGE A FINAL AGENCY ACTION.

The Court also does not have subject matter jurisdiction because the claims contained within Counts One and Three are no longer challenging final agency action. The Supreme Court set forth the criteria for determining final agency action in *Bennett v. Spear*, 520 U.S. 154 (1997). The Court explained that, as a general matter, two conditions must be satisfied for agency action to be "final." *Id.* at 177-78. First, the action "must mark the 'consummation' of the agency's decision making process," and not be "of a merely tentative or interlocutory nature." *Id.* Second, the action "must be one from which 'rights or obligations have been determined,' or from which 'legal obligations will flow.'" *Id.* (citations omitted). Absent a specific final agency action, jurisdiction to consider Plaintiffs' claims is lacking. *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003) ("[F]ederal jurisdiction

is similarly lacking when the administrative action in question is not 'final' within the meaning of 5 U.S.C. § 704.").

Here, because the CE and BO have been rescinded, there is not any remaining final agency action with respect to the SR 29 project, as is required by the APA for this Court's review. [5]  *See* 5 U.S.C. § 704; *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (explaining that, to qualify as a case fit for federal court adjudication, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed") (citations omitted).   In other words, there is not currently a justiciable "case or controversy" for Plaintiffs' ESA claim in Count One and the NEPA claim in Count Three because the documents (agency actions) that those claims are based on are rescinded.

As explained above, the OEM of the Department rescinded its CE by stating: "[b]ased on the information provided in your request relating to funding, permitting, project schedule and future environmental actions the OEM supports your request and hereby RESCINDS approval of the referenced Type II Categorical Exclusion . . .."  Exhibit D.  Thus, because the 2017 CE is now void, to pursue the SR 29 project in the future the Department will have to make a new determination under NEPA as to whether an EIS, EA, or CE is the appropriate course of action, and will have to prepare one of these documents.  *See* 40 C.F.R. §§ 1501.4(a),

---

[5]  Plaintiffs similarly lack statutory standing to challenge the USFWS' BO and the Department's CE because the Plaintiffs are not challenging a final agency action.  *See,* e.g., *Colo. Farm Bureau Fed'n v. U.S. Forest Serv.,* 220 F.3d 1171, 1173 (10th Cir. 2000) ("The plaintiffs must therefore satisfy the "statutory standing" requirements of the APA ...  Specifically, they must establish that defendants took "final agency action for which there is no other adequate remedy in court.") (citation omitted); *Nuclear Info. & Res. Serv. v. Nuclear Regulatory Comm'n,* 457 F.3d 941, 950 (9th Cir. 2006) ("To meet the statutory requirements for standing under the APA, a plaintiff 'must establish (1) that there has been a final agency action adversely affecting [it], and (2) that, as a result, it suffers legal wrong or that its injury falls within the 'zone of interests' of the statutory provision the plaintiff claims was violated.'") (citations omitted).

1508.4, 1508.9(a)(1).  Likewise, the USFWS rescinded its BO when it confirmed in writing that the BO was inoperative and that proceeding on this project in the future would require a new consultation, in accordance with the ESA's requirements.  Exhibit E.  The USFWS confirmed this in writing by stating:

> [. . .] [T]he Service does not consider our current Biological Opinion (dated January 22, 2016) and subsequent amendment to the Biological Opinion (dated June 22, 2016) on the project, as provided to the Federal Highway Administration (FHWA), to be operative.  When you are ready to go forward with the project, you may re-initiate consultation with the Service, per your current agreement with the FHWA to conduct consultations, pursuant to Section 7 of the Endangered Species Act of 1973.

Exhibit E.  In light of these developments, neither agency action meets the *Bennett* finality criteria.

With respect to the BO, *Bennett* held that a biological opinion may be a final, reviewable agency action of the issuing wildlife agency, *see* 520 U.S. at 178.  However, it does not follow that the SR 29 BO is currently subject to review.  As to the first prong of the *Bennett* test, the USFWS stated that it does not consider its current BO to be operative.  Consultation must be re-initiated in the future when and if FDOT is ready to move forward with the action.  When and if consultation is reinitiated in the future, such further consultation will be based on "the best scientific and commercial data available" at that time, as provided in the ESA and the consultation regulations.  16 U.S.C. § 1536(a)(2); 50 C.F.R. § 402.14(g)(8).  The rescinded biological opinion clearly does not mark the consummation of the USFWS' decision-making with respect to any future consultation concerning the SR 29 project.

The claims contained in Count One also fail to satisfy the second prong of the *Bennett* finality test.  *Bennett*, 520 U.S. at 177-78 (stating that the action "must be one by which 'rights

or obligations have been determined,' or from which 'legal obligations will flow'") (citation omitted).  Because the USFWS' SR 29 BO is longer operative, it does not determine any rights or obligations of FDOT or any other potential stakeholder.  Accordingly, at least one district court has concluded that there is no final, reviewable agency action remaining where, as here, USFWS has withdrawn a biological opinion.  *Cmtys. for a Great Nw.*, 2008 WL 11417138, at *6 ("The Fish & Wildlife Service, however, has withdrawn the 2004 Biological Opinion, and thus, there is no longer a live controversy regarding its lawfulness. The Court cannot afford Plaintiffs the relief they seek because the 2004 Biological Opinion is no longer in effect.").

In an analogous situation, a court in the Southern District of Florida concluded a biological opinion had no legal effect and therefore was not reviewable after expiration of the related Corps of Engineers permit.  *Nat'l Parks Conservation Ass'n v. U.S. Army Corps of Eng'rs*, 574 F.Supp.2d 1314, 1321 (S.D. Fla. 2008) ("The plaintiffs here seek declaratory and injunctive relief for a permit that has expired and an accompanying biological opinion that has no current legal effect.  There is no existing authorization under the CWA or the ESA for me to declare invalid.").  Another district court concluded that EPA's transfer of the National Pollution Discharge Elimination System to the State of Arizona eliminated any effective relief that the court may have been able to grant with respect to the biological opinion.  *Defs. of Wildlife v. Flowers,* No. CIV 02-195-TUC-CKJ, 2003 WL 22145708, * 5 (D. Ariz. Aug. 18, 2003) ("[Plaintiffs] have failed to point to even a single collateral legal consequence flowing from the now withdrawn BO.  Thus, the Court finds that the Saguaro Ranch BO is not a final agency action.").  Here, as in *National Parks Conservation Ass'n* and *Defenders of Wildlife*, the USFWS' biological opinion no longer has legal effect because the federal action that was

the subject of the ESA consultation process is not proceeding.

Similarly, the Plaintiffs' claims contained in Count Three claim do not meet either *Bennett* finality criteria in light of FDOT's rescission of the CE. The CE does not mark the consummation of FDOT's decision-making process with respect to NEPA compliance for the SR 29 project. If funding is available and FDOT elects to proceed with planning and construction of improvements to SR 29 in the future, FDOT will have to make a new determination under NEPA as to whether an EIS, EA, or CE is the appropriate course of action. Accordingly, the withdrawn CE does not determine any rights or obligations with respect to NEPA. In similar circumstances, the court in *Delaware Riverkeeper v. Simpson,* Civil Action No. 07-2489, 2008 WL 755947 (E.D. Pa. Mar. 17, 2008), granted a motion to dismiss based upon a lack of final agency action because the challenged CE was revoked and project funding was suspended pending completion of an EA. The Court should dismiss Plaintiff's Count Three claim here based on the same reasoning.

In sum, FDOT's CE and USFWS' BO supported Federal actions with respect to SR 29 that did not and, now, cannot happen absent initiation of further, future actions by FDOT. *See, e.g.*, *Envtl. Prot. Info. Ctr. v. Simpson Timber Co.*, 255 F.3d 1073, 1080-83 (9th Cir. 2001) (ESA § 7 consultation not required on a non-Federal action). Thus, any decision by this Court with respect to the validity of the CE or BO would simply be advisory. Further, this Court is unable to grant any effective relief with respect to either the CE or the BO. Thus, Plaintiffs' Count One and Count Three claims are not justiciable and must be dismissed.[6]

---

[6] As a related matter, claims concerning potential future actions by FWS and/or FDOT are not ripe for adjudication because both the USFWS and the Department must take further action under the ESA and NEPA to proceed on the SR 29 project. *See* e.g., *Franklin v. Massachusetts,* 505 U.S. 788, 797 (1992) ("The core question is whether the agency has completed its decision making process, and whether the result of that

## CONCLUSION

In summary, this Court lacks subject matter jurisdiction over Count One and Count Three of Plaintiffs' First Amended Complaint.  Because the BO and CE are rescinded and no longer operative, there is not a live controversy upon which the Court can grant effective relief; questions as to the adequacy of the BO and CE are moot; and there is no final agency action, as is required to assert a claim under the APA.  For these reasons, the Department and Federal Defendants respectfully request that Count One and Count Three of Plaintiffs' First Amended Complaint be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Furthermore, consistent with the Court's May 29, 2020 Order (ECF No. 34), the Department seeks to continue to be heard and have full-party status on all remaining counts.

Respectfully submitted,

*/s/ Jason Gonzalez*
**JASON GONZALEZ**
Florida Bar No. 146854
**DANIEL E. NORDBY**
Florida Bar No. 14588
**RACHEL C. PROCACCINI**
Florida Bar No. 1019275
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
jasongonzalez@shutts.com
dnordby@shutts.com
rprocaccini@shutts.com

---

process is one that will definitely affect the parties.").  Because there is not finality regarding the USFWS' and the Department's ESA and NEPA-related decision-making, there is currently no extant controversy regarding the SR 29 project and the Court lacks subject matter jurisdiction under the APA to review claims brought under the ESA and NEPA.  *See, e.g.*, *Arizonans for Official English,* 520 U.S. at 67; *Franklin,* 505 U.S. at 797.

**MEREDITH S. DELCAMP**
Florida Bar No. 0016242
**SHUTTS & BOWEN LLP**
4301 West Boy Scout Blvd., Suite 300
Tampa, Florida 33607
mdelcamp@shutts.com


Federal Defendants' Counsel of Record
Seth M. Barsky, Section Chief
Meredith Flax, Assistant Chief
Mark Arthur Brown (Fla. Bar No. 099504)
U.S. Department of Justice
Wildlife and Marine Resources Section
4 Constitution Square
150 M Street, N.E.
Washington, D.C. 20002
T: (202) 305-0204
mark.brown@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

/s/ Jason Gonzalez
**JASON GONZALEZ**

20