UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Ft. Myers Division

| | |
|---|---|
| SIERRA CLUB and ENVIRONMENTAL CONFEDERATION OF SOUTHWEST FLORIDA, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FISH AND WILDLIFE SERVICE; AURELIA SKIPWORTH, as Director of the U.S. Fish and Wildlife Service; FLORIDA DEPARTMENT OF TRANSPORTATION; KEVIN J. THIBAULT, as Secretary of the Florida Department of Transportation; And U.S. ARMY CORPS OF ENGINEERS; and TODD T. SEMONITE, as Chief Engineer and Commanding General of the U.S. Army Corps of Engineers, <br><br> Defendants. | Case No. 2:20-cv-00013-SPC-NPM |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO FDOT'S
MOTION FOR EXTENSION OF TIME TO FILE
ADMINISTRATIVE RECORD FOR STATE ROAD 29**

In this action, Plaintiffs Sierra Club and the Environmental Confederation of Southwest Florida challenge actions by Defendants the Florida Department of Transportation (FDOT), the U.S. Fish and Wildlife Service (USFWS), and the U.S. Army Corps of Engineers (Corps) that threaten the continued existence of the critically endangered Florida Panther. ECF No. 24. Defendants now seek to evade judicial review as to one of the road expansion projects at issue by: (1) moving to dismiss certain claims

1

based on agency actions taken after the filing of this litigation; and (2) seeking to avoid production of the administrative record related to those claims and the motion to dismiss.

Defendants' Motion for an Extension of Time (ECF No. 36) should be denied because (1) the request is part and parcel of an effort to evade judicial review, (2) Plaintiffs are entitled to the administrative record as they prepare their response to Defendants' Motion to Dismiss, and (3) Defendants will not be prejudiced as the motion was filed just four days before the Court's deadline to produce the Administrative Record, and therefore most, if not all, of the work to prepare the AR for production should have been completed before the motion was filed.

## BACKGROUND

The Florida Panther is Florida's official state animal and one of the most endangered species in the world. Florida Panthers are now extinct throughout 95% of their original range, which extended across Arkansas, Mississippi, Louisiana, Alabama, Georgia, Florida, Tennessee, and South Carolina. ECF No. 24 ¶ 23. Today, the only breeding population is located in southern Florida. Id. ¶ 24. There are fewer than 200 adult Florida Panthers still in existence. Id. Motor vehicle collisions in panther habitat are responsible for the vast majority of panther deaths. Id. ¶ 26–27.

Relevant to the motion under consideration, FDOT approved plans to expand 18 miles of SR 29, which crosses prime panther habitat in Collier, Lee, and Hendry Counties, placing the Florida Panther at even higher risk of extinction. Id. ¶ 28. The proposed expansion would double the size of SR 29 from two lanes to four lanes. Id. ¶ 29. SR 29 has proven to be one of the deadliest roads for panthers in the state. Id. ¶ 31.

On January 22, 2016, USFWS issued a biological opinion ("BiOp") for the SR 29 expansion, which found that the project would have adverse impacts on the Florida Panther but concluded that the project was not likely to jeopardize the panthers' continued existence.  ECF No. 24 ¶ 33; see also ECF No. 35-1 (BiOp) at 1–36.  USFWS amended that BiOp on June 10, 2016, to require the installation of underpasses "or other wildlife crossing feature or structure."  ECF No. 24 ¶ 34; see also ECF No. 35-1 at 37–38.  On April 11, 2017, FDOT issued a determination that the SR 29 project would have no significant effects on the environment, and so invoked a "categorical exclusion" from further review under the National Environmental Policy Act (NEPA).  ECF No. 24 ¶ 35; see also ECF No. 35-2 (categorical exclusion document).  These decisions had been years in the making.  See ECF No. 35-1 at 2 (providing overview of consultation history between federal agencies and FDOT going back to 2009).

On January 9, 2020, Plaintiffs filed this action challenging both USFWS' BiOp (Count I) and FDOT's categorical exclusion (Count III).  ECF No. 1 ¶¶ 61–67; 75–77.  FDOT and the Federal Defendants answered the complaint on March 10, 2020, and March 13, 2020, respectively.  ECF Nos. 16, 18.  Plaintiffs amended the complaint on March 30, 2020, adding a claim related to a different road segment.  ECF No. 24.  FDOT and the Federal Defendants each answered on April 13, 2020.  ECF Nos. 25–26.

On April 14, 2020, the parties submitted a joint proposed schedule that anticipated the defendants would produce the administrative record sixty days after the Court entered a scheduling order.  ECF No. 27.  The Court entered the case management and scheduling order on April 24, 2020, and set the deadline for production of the Record for

June 30, 2020.  ECF No. 30.  The order states that motions to extend are "disfavored" and "may be modified only for good cause and with the judge's consent."  Id. at 3.

On June 26, 2020, just four days before the deadline to produce the administrative record, Defendants moved to dismiss Counts I and III as moot based on purported actions taken in response to this litigation—and years after the determinations that are at issue in this suit.  ECF No. 35.  Defendants' motion does not satisfy the standard to justify dismissal on the basis of mootness, see, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) ("[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice[.]"), and Plaintiffs will respond to the motion in due course.  FDOT then moved the court to "extend" the time to produce the administrative record as to SR 29.  ECF No. 36.

## ARGUMENT

To warrant a modification of this court's scheduling order under Federal Rule of Civil Procedure 16, FDOT was required to establish good cause, a standard FDOT did not even identify in its motion.  See Fed. R. Civ. P. 16(b)(4).  Good cause for modification of a scheduling order requires a demonstration of diligence on the part of the party seeking the extension.  See, e.g., Lord v. Fairway Elec. Corp., 223 F.Supp. 2d 1270 (July 1, 2002).  Here, FDOT has not established diligence, and the Plaintiffs would be prejudiced by the relief sought.  FDOT's motion should therefore be denied.

In support of the motion to dismiss, Defendants submit two emails and a letter.  FDOT asserts that on June 5, 2020, it "rescinded" the categorical exclusion for this

4

project in response to an internal request dated May 27, 2020.  See ECF Nos. 35-4; 35-3.[1] FDOT then submits a June 12, 2020, email from USFWS to FDOT, referencing a letter reflecting FDOT's "intention" to rescind its categorical conclusion.  See ECF No. 35-5. In that email, USFWS states that based on this letter and FDOT's claim that it does not "intend" to construct the project for another ten years, it no longer considers its 2016 BiOp "operative."  Id.  Although FDOT characterizes this email as rescinding USFWS' BiOp, there is no such document in the record, and the email itself does not claim rescission or cite any legal basis for rendering its BiOp a nullity.

The select documents submitted by Defendants refer to permitting and the years before the project will be constructed, even though the actions at issue here relate to the project design, and were undertaken precisely for that purpose.  ECF No. 35-1 (USFWS noting that in 2009 FDOT decided to undertake consultation with USFWS "during the design phase of SR 29 Project prior to permitting").  Notably, in these documents, Defendants do not disavow their prior actions, or the rationales for the decisions made. Nothing in the Defendants' answers to the complaint in March 2020, or to the amended complaint in April 2020, indicated any change to the SR 29 project or conditions related to that project.  See, e.g., ECF No. 16 ¶¶ 27–28; ECF No. 24 ¶¶ 27–28.

FDOT's motion—styled as a request for an extension of time—in fact seeks to prevent the Plaintiffs from access to the administrative record that is not only relevant to

---

[1] Plaintiffs note that the email submitted to the Court appears incomplete as it does not contain the sender's email information at the top of the document, though it contains a signature block within the text.

their claims, but also to their opposition to the motion to dismiss on mootness grounds.[2] FDOT's eleventh-hour request is that the Court not require production of the administrative record at all—unless and until it denies the motion to dismiss and, even then, not for yet another thirty days after denial of the motion. ECF No. 36 at 2 ¶ 6.

FDOT's claim that their request is warranted because of "the cost and burden of unnecessarily preparing and producing the administrative record for the SR 29 project." Id.  Their motion, however, was filed just four calendar days before the Court's deadline (on a Friday afternoon before a Tuesday deadline), and therefore the effort to prepare and produce the record should largely if not completely have been made already.  Moreover, the motion seeks to prevent Plaintiffs from having access to information relevant to their defense against the motion to dismiss, such as FDOT's lengthy planning period and permitting, construction, and funding timelines at the time of the agency's actions.

Based on the foregoing, Plaintiffs respectfully request that the motion (ECF No. 36) be denied.

Respectfully submitted this 30th day of June, 2020.

> */s/ Bonnie Malloy*
> BONNIE MALLOY (Fl Bar No. 86109)
> Earthjustice
> 111 S. Martin Luther King Jr. Blvd
> Tallahassee, FL 32301
> T: 850-681-0031
> F: 850-681-0020
> bmalloy@earthjustice.org

---

[2] Federal Defendants did not join the motion for an extension of the deadline, but did not oppose it.  The Court temporarily stayed the deadline until it ruled on the motion for an extension.  ECF No. 37.

>*/s/ Tania Galloni*
>TANIA GALLONI (Fl Bar. No. 619221)
>Earthjustice
>4500 Biscayne Blvd., Ste 201
>Miami, FL 33137
>T: (305) 440-5432
>F: 850-681-0020
>tgalloni@earthjustice.org
>
>*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of June, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

>*/s/ Bonnie Malloy*
>BONNIE MALLOY