# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## Ft. Myers Division

| | |
|---|---|
| SIERRA CLUB and ENVIRONMENTAL CONFEDERATION OF SOUTHWEST FLORIDA<br><br>     Plaintiffs,<br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE *et al.*,<br><br>     Defendants. | Case No. 2:20-cv-00013-SPC-NPM |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR RECONSIDERATION

Federal Defendants U.S. Fish and Wildlife Service ("USFWS") and Aurelia Skipwith, in her official capacity as Director of the USFWS, seek reconsideration of the Court's August 19, 2020, Order denying the Defendants' Motion to Dismiss[1] Plaintiffs' State Road 29 claims on the basis of purportedly "newly discovered evidence"—a letter to the Florida Department of Transportation ("FDOT") created by USFWS on August 31, 2020, expressly for the purpose of "address[ing]" the Court's ruling.  (Doc. 46-1 at 1.)  This highly irregular submission is not only not "newly discovered evidence"—it is rather a rehash of Defendants' prior arguments, now on agency letterhead—it also fails to meet the high burden to show that Defendants' unlawful conduct has been "unambiguously terminated" and "will not recur" (Doc. 44 at 5–6), a "formidable" burden the Defendants have not disputed applies.

---

[1] The Federal Defendants filed the Motion to Dismiss jointly with the Florida Department of Transportation, which did not join this motion for reconsideration.  (Docs. 44, 46.)

1

**STANDARD OF REVIEW**

The Federal Defendants do not cite the Federal Rule under which they seek relief based on their alleged "newly evidence," and neither case they cite involved a motion for reconsideration based on new evidence.  See Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1371 (S.D. Fla. 2002) (denying motion to reconsider based on alleged error of law); Taser Int'l, Inc. v. Phazzer Elecs., Inc., No. 616CV366ORL40KRS, 2018 WL 3390242, at *1 (M.D. Fla. June 7, 2018) (same).

In any event, "[t]he purpose of a motion for reconsideration is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact." United States v. Brown, No. 3:18-CR-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (citing Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010)).  "Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." Henry v. The Fla. Bar, No. 615CV1009ORL41TBS, 2016 WL 9632944, at *1 (M.D. Fla. Aug. 8, 2016) (citing Scelta v. Delicatessen Support Servs., Inc., 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000)).  Evidence that was "not in existence at the time of an earlier judgment is not an available ground for attacking that judgment." Southmark Properties v. Charles House Corp., 742 F.2d 862, 873 (5th Cir. 1984).

**ARGUMENT**

The Federal Defendants' motion for reconsideration fails because it plainly asks the Court to reexamine an unfavorable ruling, without identifying any manifest error of law or fact.  Brown, 2019 WL 7067091, at *1.  Instead, the Federal Defendants ask for a different outcome based on what they call "new evidence."  But their August 31, 2020, letter isn't newly discovered evidence at all.  Rather, it is more self-serving correspondence created by them after the fact, and expressly for the purpose of "addressing" the Court's adverse ruling.

Evidence that did not exist at the time of an earlier ruling, however, is not a basis for reversing that ruling.  Southmark Properties, 742 F.2d at 873.  Moreover, USFWS' August 31, 2020, letter is nothing more than additional internal correspondence that does not satisfy the Federal Defendants' burden to demonstrate that they have "unambiguously terminated" the challenged conduct, and that the challenged conduct "will not recur."  (Doc. 44 at 5–6).  That the Federal Defendants now put their argument on agency letterhead does not change the analysis.  Lastly, the Federal Defendants have not demonstrated that they have the legal authority to simply "undo" a final agency action with the stroke a pen.  Were that the case, they could of course simply "redo" the action just as easily and without notice.  The motion is due to be denied.

**I.     USFWS' Post-Ruling Letter Does Not Constitute "Newly Discovered Evidence."**

The Federal Defendants ask the Court to reconsider its prior opinion based on a letter created by USFWS after, and expressly in response to, the Court's ruling.  (Docs. 46, 46-1.)  However, evidence that did not exist when the court issued its original decision does not qualify as "newly discovered evidence" that could support a motion to reconsider.  Alicea v. Machete Music, 744 F.3d 773, 781 (1st Cir. 2014) (rejecting motion to reconsider based on evidence of copyright registrations that occurred after the district court ruled on summary judgment).  It would be untenable to ask a Court to review a previous decision based on evidence it could not have considered at the time it issued its decision.  Southmark Properties, 742 F.2d at 873 ("[D]iscovery of evidence not in existence at the time of an earlier judgment is not an available ground for attacking that judgment.").

The Federal Defendants had more than ample opportunity to present their arguments, and any evidence to support them, during the briefing on their Motion to Dismiss.  In addition to submitting the motion, FDOT was granted leave to file a reply, a request the Federal Defendants could have joined.  Since the letter now offered as "newly discovered evidence" was written by

3

USFWS, the timing of its creation and submission was completely under the Federal Defendants' control.  The Federal Defendants have offered no explanation why the letter was not created before or even during the briefing on the motion.  See Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (requiring a "showing that the evidence was not available during the pendency of the motion"); Egonmwan v. Cook County Sheriff's Department, 602 F.3d 845, 852 (7th Cir. 2010) (denying motion for reconsideration where moving party could have obtained deposition provided as "newly discovered evidence" prior to the court's ruling).  That the Federal Defendants created this "newly discovered evidence" specifically for the purpose of seeking reconsideration of the Court's ruling is irregular to say the least, and a litigation tactic that should not be rewarded.

The Federal Defendants claim that the Court must reverse course because their legal position is now contained in a letter that purports to "formally withdraw," rather than "consider . . . [in]operative" the challenged biological opinion, and because it is signed by someone "at the same delegated signatory level at which the BO was issued."  (Doc. 46 at 3.)  Yet at the same time, the letter states that its purpose is merely to "clarify" the Federal Defendants' position regarding the biological opinion (Doc. 46-1 at 1), reiterates the Federal Defendants' rejected argument that deeming the biological opinion "inoperative" renders it without legal effect (id.), and purports to withdraw the biological opinion "to remove any ambiguity with respect to [the agency's original] position" (id. at 2).  The ambiguity the Court found, however, was not with the Federal Defendants' *position* (i.e., the Defendants' arguments), it was with the Federal Defendant's *actions*.  (Doc. 44 at 5–6.)  And the Federal Defendants' actions—then and now—have not met the formidable burden of establishing that the challenged conduct has been unambiguously terminated and cannot reasonably be expected to recur.

4

In essence, the Federal Defendants seek to relitigate the motion to dismiss by dressing up arguments and facts that were considered and rejected. "A 'motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made.'" Burger King, 181 F. Supp. 2d at 1369 (internal citation omitted). Such a motion should not be granted if "the party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking." Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999) (citing Government Personnel Serv., Inc. v. Government Personnel Mut. Life Ins. Co., 759 F.Supp. 792, 793 (M.D. Fla. 1991), aff'd, 986 F.2d 506 (11th Cir. 1993)). A "party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (citing Villaflores v. Royal Venture Cruise Lines, LTD., No. 96-2103-Civ-T-17B, 1997 WL 728098, at *2 (M.D. Fla. Nov. 17, 1997)). USFWS' August 31, 2020, letter is merely a vehicle for the Federal Defendants to re-word their original position (Doc. 46-1 at 2) and re-hash the arguments they raised from the outset. (Doc. 46 at 3 (relying on the legal arguments Defendants raised in their motion to dismiss).)

## II.     USFWS' August 31, 2020, Letter Does Not Compel a Different Result.

In its August 19, 2020, Opinion and Order, the Court ruled that "based on Supreme Court and Eleventh Circuit precedent, Defendants [had] not met their burden to show unambiguous termination of the challenged conduct." (Doc. 44 at 3.) The Court further ruled that Defendants' finality arguments were merely "a thinly veiled rehash of their mootness argument," and that these failed "for the same reasons." (Id.)

The Court observed that a defendant claiming mootness bears the "formidable burden of showing that it is absolutely clear the alleged wrongful behavior could not reasonably be

5

expected to recur." (Id. at 3–4 (citation omitted).) As to government actors, the Court wrote that voluntary cessation of challenged conduct "likely will not moot a controversy if the government actor provides no assurance it will not reinstate the challenged practice after the litigation ends, or if the circumstances suggest the defendant voluntarily ceased the offending conduct to avoid litigation." (Id. at 5.)

In this case, the Court determined that Defendants were not entitled to a lesser burden "because they have not shown unambiguous termination of the challenged conduct[,]" and that their submissions "provide[d] a 'reasonable basis to believe that the [conduct] will be reinstated if the suit is terminated.'" (Id. at 6 (citation omitted).) Specifically, the Court cited the fact that "Defendants have never said that they would not continue with the current plans for SR 29, just that they would do so ten years down the road." (Id. at 6.) Thus, the Court found the Defendants did not satisfy their burden to show that it was "absolutely clear" that Plaintiffs would no longer require the judicial protection they seek. (Id.) As to the finality arguments, the Court ruled that internal correspondence suggesting "the possibility that the agencies might reverse course based on new information 'does not make an otherwise definitive decision nonfinal." (Id. at 7.)

USFWS' August 31, 2020, Letter does nothing to change this analysis. The Federal Defendants still have not suggested that the SR 29 expansion has been cancelled or modified in any way, nor could they. They have not recognized or disavowed the defects in the biological opinion, and they have not committed to remedying those defects in any future biological opinion.

Despite their insistence to the contrary, the Federal Defendants have also not resolved ambiguities regarding their actions. Indeed, even this new letter states, "Assuming FDOT does not plan to move forward for ten years or more as indicated, we expect new data informing the

6

required analyses would be available, and while we cannot predict the conclusions of a future consultation, the outcome could vary significantly from that issued in 2016." (Doc. 46-1 at 1.) In other words, *if* FDOT does not move forward with the planned expansion for ten years or more, *then* there *could* be new data informing consultation, and this *could* result in a different outcome. Or not. And should FDOT move forward with the planned expansion in less than ten years, then by the letter's own terms, not even this wishy-washy statement would hold. These statements hardly constitute "unambiguous termination" of unlawful conduct making it "absolutely clear" that the challenged conduct cannot reasonably be expected to occur.

Moreover, it is plain from the Federal Defendants' actions (and the timing of those actions) that, to the extent they are attempting to voluntarily cease the offending conduct, the Federal Defendants have done so for the purpose of avoiding litigation. As the Court has recognized, timing matters. (Doc. 44 at 5.) And when government actors make moves such as these that are plainly designed to avoid judicial review, they do not moot a live controversy. (Id.)

That the USFWS' letter is signed at the same signatory level and by the same person as the original biological opinion cannot rescue this doomed enterprise. The Federal Defendants still "do not contest" that the biological opinion was a final agency action when Plaintiffs sued. (Id. at 7.) And the Federal Defendants still have not indicated that they have revisited their prior decisions. (Id. (citing U.S. Army Corps of Eng'rs v. Hawkes Co., Inc., 136 S. Ct. 1807, 1814 (2016) (possibility to reverse course "does not make an otherwise definitive decision nonfinal")).) As the Court has already held in this case, "the possibility that the agencies might reverse course based on new information" does not render an otherwise final agency action non-final. (Doc. 44 at 7.)

7

And once more, the Federal Defendants fail to establish that an agency even has the authority to simply undo a final agency action that represents the culmination of the agency's deliberative process with the stroke of a pen. (Doc. 39 at 6–9.) That they have sought to do so here for the purpose of avoiding judicial review amply demonstrates that they could just as easily reverse course, at any time and without notice. (Doc. 44 at 7 (citing Soundboard Ass'n v. Fed. Trade Comm'n, 888 F.3d 1261, 1268 (D.C. Cir. 2018) (contrasting effect of an internal agency letter with a "formal, published report and order of the Interstate Commerce Commission, not its staff, following an investigation and formal public hearing")).)

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Federal Defendants' Motion for Reconsideration (Doc. 46) be denied.

Respectfully submitted this 16th day of September, 2020.

> */s/ Christina I. Reichert*
> CHRISTINA I. REICHERT
> Fla. Bar No. 0114257
> TANIA GALLONI
> Fla. Bar No. 619221
> Earthjustice
> 4500 Biscayne Blvd., Ste 201
> Miami, FL 33137
> T: 305-440-5432
> F: 850-681-0020
> creichert@earthjustice.org
> tgalloni@earthjustice.org
>
> BONNIE MALLOY
> Fla. Bar No. 86109
> Earthjustice
> 111 S. Martin Luther King Jr. Blvd
> Tallahassee, FL 32301
> T: 850-681-0031
> F: 850-681-0020
> bmalloy@earthjustice.org
> *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of September, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

>  */s/ Christina I. Reichert*
>  CHRISTINA I. REICHERT