# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Ft. Myers Division

SIERRA CLUB and ENVIRONMENTAL
CONFEDERATION OF SOUTHWEST FLORIDA,

      Plaintiffs,

v.

U.S. FISH AND WILDLIFE SERVICE *et al*.,

      Defendants.

Case No. 2:20-cv-00013-SPC-NPM

## PLAINTIFFS' RESPONSE IN OPPOSITION TO FDOT'S
## MOTION FOR RECONSIDERATION

Unhappy with the Court's August 19, 2020, ruling denying the Defendants' Joint Motion to Dismiss, and dissatisfied with the September 2, 2020, Motion to Reconsider that ruling filed by Federal Defendants U.S. Fish and Wildlife Service ("USFWS") and Aurelia Skipwith, in her official capacity as Director of the USFWS (Doc. 46), the Florida Department of Transportation ("FDOT") now also moves for reconsideration (Doc. 57)[1] on the basis of exhibits that it could have—but did not—present to the Court during the pendency of the motion to dismiss. FDOT's arguments continue to be without merit, and the motion is due to be denied.

### STANDARD OF REVIEW

Like the Federal Defendants, FDOT does not identify any federal rule under which it seeks relief based on alleged "new evidence" and cites only inapposite cases.[2] (See Doc. 55).

---

[1] The Defendants jointly filed a motion to dismiss (Doc. 32) but have separately and sequentially moved for reconsideration of the Court's decision on the motion (Docs. 46, 57).

[2] The cases FDOT cites either do not involve a motion for reconsideration—see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) (finality of a stay); United States v. Koenig, 290 F.2d 166, 172 (5th Cir. 1961) (trial judge's discretion to reconsider another court's order suppressing evidence in a criminal trial); Bodine v. Fed. Kemper Life Assurance

Regardless, "[t]he purpose of a motion for reconsideration is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact." United States v. Brown, No. 3:18-CR-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019). "Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." Henry v. The Fla. Bar, No. 615CV1009ORL41TBS, 2016 WL 9632944, at *1 (M.D. Fla. Aug. 8, 2016). "The Court's opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" McMahon v. Rambosk, No. 2:11-CV-374-FTM, 2012 WL 1715822, at *1 (M.D. Fla. May 15, 2012).

As this Court has recognized, "[t]he burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Id. The movant must "set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." Id. Like the Federal Defendants before them, FDOT has not met this burden.

## ARGUMENT

FDOT's motion for reconsideration fails because the agency has not in fact produced new evidence, unambiguously terminated the challenged conduct, nor rendered the categorical exclusion ("CE") nonfinal. FDOT's purportedly "new" evidence consists of nothing more than information the agency had at its fingertips when briefing the motion to dismiss, but deemed not worthy of bringing to the Court's attention—not at the time of filing the joint motion to dismiss and not at the time of filing FDOT's reply. FDOT likely did not bring that information to the

---

Co., 912 F.2d 1373, 1375–76 (11th Cir. 1990) (appellate review of district court's decision that the grant of partial summary judgment did not affect the merits of surviving claims)—or do not involve a motion for reconsideration on the basis of newly discovered evidence—see Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1371 (S.D. Fla. 2002) (denying motion to reconsider based on alleged error of law); Taser Int'l, Inc. v. Phazzer Elecs., Inc., No. 616CV366ORL40KRS, 2018 WL 3390242, at *1 (M.D. Fla. June 7, 2018) (same).

Court's attention earlier because it too fails to demonstrate that FDOT has unambiguously terminated the challenged conduct or rendered the CE nonfinal.  The motion should therefore be denied.

## I.      FDOT's Exhibits Are Not "Newly Discovered Evidence."

The items submitted by FDOT consist of (1) a June 15, 2020, public notice and accompanying affidavit regarding the "rescission" of the CE for the State Road 29 expansion (Docs. 57-2, 57-3); (2) USFWS' August 31, 2020, letter purporting to "clarify" the federal agency's position regarding the "withdrawal" of its biological opinion ("BiOp") for purposes of seeking reconsideration of the Court's ruling (Doc. 57 at 4)[3]; and (3) a September 22, 2020, affidavit by an FDOT official created for purposes of bolstering the present motion for reconsideration that re-states FDOT's position in the motion to dismiss and refers to the June 15, 2020, public notice (Doc. 57-1).  The information contained in these exhibits is not new and merely relitigates arguments this Court has already considered and rejected.  Reconsideration should therefore be denied.  State Auto Prop. & Cas. Ins. Co. v. Jacobs, 791 F. App'x 28, 33 (11th Cir. 2019) (motion for reconsideration cannot be used to "present evidence that could have been raised before the entry of judgment"); Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999) (denying motion that "relitigates what has already been found lacking").

The June 15, 2020, newspaper clipping and June 15, 2020, affidavit (Docs. 57-2, 57-3) were created by FDOT and pre-date the Defendants' June 26, 2020, Joint Motion to Dismiss

---

[3] As Plaintiffs already argued in response to the Federal Defendants' motion, the USFWS' August 31, 2020, letter similarly does not constitute newly discovered evidence because it was created after the fact, contains information the Federal Defendants were aware of when they moved to dismiss, and relies on the same arguments and information that were previously considered and rejected by the Court.  (Doc. 55.)

(Doc. 35) and FDOT's July 30, 2020, reply in support of that motion (Doc. 42).  Such information is not properly before the Court on a motion for reconsideration.  Carruega v. Steve's Painting, Inc., No. 2:16-CV-715-FTM-29CM, 2017 WL 3387228, at *2 (M.D. Fla. Aug. 7, 2017) (movant cannot present evidence based on information it had during the pendency of the underlying decision); M.G. v. St. Lucie Cty. Sch. Bd., 741 F.3d 1260, 1262 (11th Cir. 2014) (movant "failed to demonstrate the existence of 'newly discovered evidence'" when they were aware of the documents before the Court ruled on the underlying motion).

FDOT has failed to offer any explanation for not providing this information during the extensive briefing on the motion to dismiss.  It should not be granted another bite at the apple. Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (movant must make a "showing that the evidence was not available during the pendency of the motion"); M.G., 741 F.3d at 1262 (requiring an explanation as to why the movant could not have presented documents before); Egonmwan v. Cook Cty. Sheriff's Dep't, 602 F.3d 845, 852 (7th Cir. 2010) (denying motion for reconsideration where moving party could have obtained deposition provided as "new evidence" prior to the court's ruling).

And although FDOT's self-serving affidavit is dated September 22, 2020, it is based entirely on information that was available to the agency when it first sought dismissal.  Rather than constitute new evidence, the affidavit merely attempts to bolster arguments already considered and rejected by the Court.  (Doc. 57-1).  Evidence that did not exist when the Court issued its original decision does not qualify as "newly discovered evidence" that could support a motion to reconsider.  Alicea v. Machete Music, 744 F.3d 773, 781 (1st Cir. 2014) (rejecting motion to reconsider based on evidence of copyright registrations that occurred after the district court ruled on summary judgment).

It would be untenable to ask a court to review a previous order based on evidence it could not have considered at the time it rendered its decision.  Southmark Properties v. Charles House Corp., 742 F.2d 862, 873 (5th Cir. 1984) ("[D]iscovery of evidence not in existence at the time of an earlier judgment is not an available ground for attacking that judgment.").  That is particularly true when the movant has control over the creation of that evidence and when the movant knew of that information during the pendency of the underlying decision.  Mays, 122 F.3d at 46; M.G., 741 F.3d at 1262; Egonmwan, 602 F.3d at 852.

Rather than present newly-discovered evidence, FDOT's motion seeks to relitigate the motion to dismiss by correcting deficiencies identified by the Court in its ruling.[4]  A motion for reconsideration should not be granted if "the party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking."  Lamar, 189 F.R.D. at 489 (citing G't Personnel Serv., Inc. v. Gov't Personnel Mut. Life Ins. Co., 759 F.Supp. 792, 793 (M.D. Fla. 1991), aff'd, 986 F.2d 506 (11th Cir. 1993)).  See also Reid v. Asset Acceptance, LLC, No. 2:14-CV-114-FTM, 2014 WL 5093842, at *1 (M.D. Fla. Oct. 9, 2014) (denying motion because the arguments were the same as the original motions); Kaplan v. Kaplan, No.

---

[4] FDOT's prior argument and exhibits included information about the public notice "rescinding" the LDCA.  (Doc. 35 (stating that FDOT had "rescinded its CE for the SR 29 project and the related Location and Design Concept Acceptance)); (Doc. 35-4 (directing "FDOT to public notice that the LDCA for this project has been rescinded in the same manner as originally noticed")).  Similarly, the information contained within the September 22, 2020, affidavit was before the Court, including how the "rescission" occurred and the supposed reasons why (compare Doc. 57-1 at ¶¶ 2–4 with Docs. 35-2, 35-3, 35 at 10–11); the general claimed authority under which FDOT purportedly rescinded the CE (compare Doc. 57-1 at ¶¶ 1, 3–4 with Doc. 42); the requirement that FDOT publicly notice that the LDCA was "rescinded" (compare Doc. 57-1 at ¶ 4–5 with Doc. 35-3); FDOT's argument that the CE is now withdrawn and that there is no longer a design in place for the project (compare Doc. 57-1 at ¶ 6 with Doc. 35 at 10–11); FDOT's argument that a new NEPA document must be completed for the project to advance (compare Doc. 57-1 at ¶ 7 with Doc. 35 at 12–13); and USFWS' argument that "rescission" of the CE rendered the BiOp "inoperable" (compare Doc. 57-1 at ¶ 8 with 35-5, 35 at 10–11).

5

210CV237FTM36SPC, 2011 WL 13141502, at *1 (M.D. Fla. Sept. 14, 2011) (same); Gillis v. Deutsche Bank Tr. Co., No. 2:14-CV-418-FTM-38CM, 2015 WL 4937367, at *2 (M.D. Fla. Aug. 18, 2015) (same).

Because FDOT is merely attempting to finesse the legal arguments it has already made using documents it could have and should have provided earlier, this motion is "too little too late" and should be denied. Monfiston v. Wetterer, No. 215CV662FTM38MRM, 2020 WL 3064317, at *2 (M.D. Fla. June 9, 2020) (reconsideration denied where defendant's motion merely added arguments to justify its motion for summary judgment).

## II.     FDOT's Exhibits Do Not Compel a Different Result.

Plaintiffs challenge FDOT's invocation of a CE to avoid further environmental review of the State Road 29 road expansion project under the National Environmental Policy Act ("NEPA"). FDOT has sought to divest this Court of jurisdiction to hear that challenge by "rescinding" but not disavowing the CE, and then arguing that a purported rescission is sufficient to render the matter moot.

In its August 19, 2020, Opinion and Order, however, the Court rejected that theory, ruling that "based on Supreme Court and Eleventh Circuit precedent, Defendants [have] not met their burden to show unambiguous termination of the challenged conduct." (Doc. 44 at 3.) Specifically, the Court cited the fact that the "Defendants have never said that they would not continue with the current plans for SR 29, just that they would do so ten years down the road." (Id. at 6.) The Court found that the Defendants did not satisfy their burden to show that it was "absolutely clear" that Plaintiffs would no longer require the judicial protection they seek. (Id.) The Court further ruled that the Defendants' finality arguments were merely "a thinly veiled rehash of their mootness argument," and that these failed "for the same reasons." (Id.) The Court ruled that internal correspondence suggesting "the possibility that the agencies might

reverse course based on new information 'does not make an otherwise definitive decision nonfinal."  (Id. at 7.)

FDOT's September 22, 2020, affidavit and June 15, 2020, newspaper clipping and affidavit do not change that analysis.  FDOT still has not shown it has unambiguously terminated the challenged conduct.  The agency has not suggested that the SR 29 project has been cancelled or modified in any way.  It has not disavowed the CE and has not committed to nor begun remedying those defects by initiating further NEPA analysis.  And it has not reversed course on its repeated support for the need of the project.

It is plain from FDOT's actions—and the timing of those actions—that, to the extent it is attempting to voluntarily cease the offending conduct, FDOT has done so for the purpose of avoiding litigation.[5]  As the Court has recognized, timing matters.  (Id. at 5.)  And when government actors make moves such as these that are plainly designed to avoid judicial review, they do not moot a live controversy.  (Id.)

The process that FDOT followed to make the supposed "rescission" remains ambiguous as it is not based in any statute, regulation, or guidance.  FDOT still refuses to make any

---

[5] In their "response in support" of the Federal Defendants' motion for reconsideration, FDOT claims that because USFWS said it was considering reinitiating consultation in the case management report, the decision to "withdraw" the BiOp resulted from actions noticed to the Court and therefore they were not seeking to avoid judicial review.  (Doc. 56.)  Plaintiffs submit that FDOT's "response in support" was improper, since the plain language of Local Rule 3.01(g) only authorizes responses in opposition to a motion.  Indeed, FDOT's "response" was nothing more than an unauthorized reply to Plaintiffs' arguments, submitted hours after Plaintiffs' filing.  (See Doc. 56 at 2 (replying to arguments laid out in Plaintiffs' response brief).)  Further, FDOT's claim about notifying the Court holds no water.  As explained in Plaintiffs' prior briefing, reinitiation and "withdrawal" are two entirely different things.  (Doc. 39.)  Moreover, neither USFWS nor FDOT have suggested that reinitiation led to USFWS rendering the BiOp "inoperable"; the only justification for that action has been the purported rescission of the CE.

commitment not to invoke a CE if Plaintiffs' claims are dismissed, falling far short of the requisite unambiguous termination of challenged conduct.

Further, despite FDOT's new claims that it engaged in "substantial deliberations" when deciding to "rescind" the CE, that supposition is not borne out by the record.  The only evidence before the Court demonstrates that FDOT requested rescission on May 27, 2020, and that FDOT's Office of Environmental Management ("OEM") granted that request nine days later. (Docs. 35-3, 35-4.)  The supposed reasons for the so-called rescission—lack of present funding and an expectation that the project will not be completed for years—are matters that were equally true when the CE was initially created.  Aside from a conclusory assertion by an agency official, FDOT has not submitted any record evidence of agency deliberations, much less substantial deliberations, and has not pointed to any change in facts supporting the supposed rescission.  In fact, the only thing that has changed is that FDOT has been sued.  That FDOT has claimed to summarily "rescind" a final agency action in a matter of days when that action took years to develop demonstrates that FDOT could just as easily revert to the challenged position, at any time and without notice.  (Doc. 44 at 7.)

The signatory of the "rescission" letter does not change the analysis when it comes to whether the agency had authority to take such action nor does it make the action sufficiently unambiguous to moot Plaintiffs' claims or make the CE nonfinal.  FDOT still does not contest that the CE was a final agency action when Plaintiffs sued.  FDOT still has not indicated that it *has revisited* its prior decisions, just that it *may revisit* those decisions at some unknown and unidentified time in the future when it takes back up the project, which it has always said it would.  (Doc. 57 at 4.)  And FDOT has not *reached* a different conclusion, but rather suggests it *may reach* a different conclusion later on.  (Id.)  The Court has already considered and rejected

8

FDOT's argument, and FDOT provides no basis to change that result.  (Doc. 44 at 7 (citing U.S. Army Corps of Eng'rs v. Hawkes Co., Inc., 136 S. Ct. 1807, 1814 (2016) (possibility to reverse course "does not make an otherwise definitive decision nonfinal").)

And once more, FDOT fails to establish that it has the authority to simply undo the CE that represents the culmination of the agency's deliberative process with the stroke of a pen and without terminating the underlying project or committing to or beginning additional NEPA analysis.  (Doc. 39 at 6–9.)  Instead, FDOT cites the same authority from its reply—its general NEPA obligations and three distinguishable cases (Doc. 57 at 5)—which Plaintiffs have already addressed and which the Court has already considered (Doc. 43).  That the September 22, 2020, affidavit makes the conclusory assertions that the rescission was authorized and final does not make it so.  (Doc. 44-1 at ¶ 7.)

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that FDOT's Motion for Reconsideration (Doc. 57) be denied.

Respectfully submitted this 9th day of October, 2020.

*/s/ Christina I. Reichert*
CHRISTINA I. REICHERT
Fla. Bar No. 0114257
TANIA GALLONI
Fla. Bar No. 619221
Earthjustice
4500 Biscayne Blvd., Ste 201
Miami, FL 33137
T: 305-440-5432
F: 850-681-0020
creichert@earthjustice.org
tgalloni@earthjustice.org

BONNIE MALLOY
Fla. Bar No. 86109
Earthjustice

111 S. Martin Luther King Jr. Blvd
Tallahassee, FL 32301
T: 850-681-0031
F: 850-681-0020
bmalloy@earthjustice.org
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of October, 2020, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the

filing to all counsel of record.

*/s/ Christina I. Reichert*
CHRISTINA I. REICHERT