UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SIERRA CLUB and
ENVIRONMENTAL
CONFEDERATION OF
SOUTHWEST FLORIDA,

       Plaintiffs,

v.                                                    Case No.:  2:20-cv-13-FtM-38NPM

U.S. FISH AND WILDLIFE
SERVICE, AURELIA
SKIPWORTH, FLORIDA
DEPARTMENT OF
TRANSPORTATION, KEVIN J.
THIBAULT, U.S. ARMY CORP OF
ENGINEERS and TODD T.
SEMONITE,

       Defendants.

_____/

## OPINION AND ORDER[1]

Before the Court is a Motion for Reconsideration of the Court's August 19, 2020 Order denying the motion to dismiss Count One of plaintiffs' complaint. (Doc. 46) filed by Todd. T. Semonite, Aurelia Skipworth, U.S. Army Corp of Engineers, and U.S. Fish and Wildlife Service ("FWS"), a Motion for Reconsideration of the August 19, 2020 Order denying the motion to dismiss

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Count Three of plaintiffs' complaint (Doc. 57) filed by Florida Department of Transportation ("FDOT"), and plaintiffs' responses in opposition.  (Doc. 49; Doc. 58).

## BACKGROUND

FDOT planned to widen 18 miles of State Road (SR) 29.[2]  To do so, FDOT needed to comply with the Endangered Species Act (ESA) and the National Environmental Policy Act (NEPA) and have FWS analyze the expected effect of the project on the endangered Florida Panther.

FDOT ultimately invoked a categorical exclusion (CE) to the applicability of NEPA, opining that the road expansion would not have significant effects on the environment.  On January 22, 2016, FWS issued a biological opinion (BiOp) finding that road widening on SR 29 would have adverse impacts on the Florida Panther but concluding that the project was not likely to jeopardize the panther's continued existence.  (Doc. 24 at 10).  On June 10, 2016, FWS amended its BiOp's mitigation requirement for installation of two wildlife underpasses to require the installation of underpasses or other wildlife crossing feature or structure for the SR 29 project.  (Doc. 24 at 10).

Plaintiffs claim the BiOp "fails to make a 'rational connection between the facts and the choices made' regarding the impacts of development and associated habitat loss on the Florida Panther."  (Doc. 24 at 17).  They allege several ways in

---

[2] The case also involves whether defendants complied with the ESA and NEPA on the SR 82 project.

which the BiOp was allegedly deficient.  (Doc. 24 at 17-18).  Plaintiffs further claim the CE prepared by FDOT to assess the environmental impacts of the SR 29 expansion was "arbitrary and capricious" in violation of the Administrative Procedure Act.  (Doc. 24 at 19-20).

Defendants filed a motion to dismiss Count 1 and Count 3 pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing the claims were moot.  (Doc. 35). In support, they provided two emails and a letter.  The Court denied the motion, finding that it was unclear whether Defendants had "unambiguously terminated" the project.  (Doc. 44).

Now, Defendants have filed two separate motions for reconsideration, providing "new evidence" they insist compels the Court to find the counts moot. (Doc. 46; Doc. 57).  In support, they provide one letter, one affidavit, and one publication from a Fort Myers newspaper.  The letter is from FWS Field Supervisor Roxanna Hinzman; it formally withdraws the BiOp challenged by Plaintiffs.  (Doc. 46-1).  The affidavit is from Jason Watts, the Director of FDOT's Office on Environment Management; therein, Watts says he officially rescinded the CE for the SR 29 project on June 5, 2020.  (Doc. 57-1).  The newspaper article announces to the public the Type II CE was rescinded on June 5, 2020.  (Doc. 57-2).  Plaintiffs oppose both motions.  (Doc. 55; Doc. 58).

## DISCUSSION

### 1. The Motion for Reconsideration

"A motion for reconsideration must show why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (internal quotations omitted).   Courts generally recognize three grounds for reconsidering an order: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.   *Id.* The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. Of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).   "A court has considerable discretion in deciding whether to grant a motion for reconsideration." *See Drago v. Jenne*, 453 F.3d 1301, 1306 (11th Cir. 2006).

The motion to reconsider must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision.   *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993); *PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F.Supp. 1514, 1521 (M.D. Fla. 1995).   "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow*, 814 F. Supp. at 1072-73.

Plaintiffs object to these motions on procedural grounds.  They assert this is not really a motion for reconsideration because the evidence relied upon in these motions was available at the time of the original motion to dismiss.  The Court also doubts the procedural propriety of the motions, but for a different reason.  Defendants' motions are based on new documents created after the Court denied their initial motion.  Thus, instead of asking the Court to reconsider its prior decision, Defendants argue Counts One and Three have since been rendered moot by new operative agency actions.  A motion for reconsideration is not the proper vehicle for such an argument.

Still, the Court will consider the merits of the motions because they present a jurisdictional issue that determines whether the Court even has power to hear this case.  Mootness is jurisdictional.  *See, e.g., Phone-Sweeps, LLC v. Seminole County, Florida*, No. 6:11-cv-155-Orl-28GJK, 2013 WL 12360840, at *3 (M.D. Fla. Aug. 6, 2013) ("Mootness divests the Court of jurisdiction because there is no longer an active case or controversy.") (internal citation omitted).  Federal courts lack jurisdiction to consider moot claims.  *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).  Any question about jurisdiction must be answered at the outset.

### 2. Mootness

Article III of the Constitution, known as the cases and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction.  U.S. Const. art. III.  "The doctrine of mootness derives

directly from the case-or-controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Florida Pub. Interest Research Group Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1085 (11th Cir. 2004) (citation omitted). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (citation omitted).

A remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time. *Soliman v. United States ex. rel. INS*, 296 F.3d 1237, 1243 (11th Cir. 2002). "The 'heavy burden of persua[ding]' the court that the challenged conduct cannot reasonably expected to start up again lies with the party asserting mootness." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal citations omitted).

A government actor who voluntarily ceases alleged wrongful conduct is entitled to a "rebuttable presumption" or a "lesser burden" that the conduct will not recur, but only if it demonstrates "unambiguous termination of the challenged conduct." *Wooten*, 747 F.3d at 1322. The presumption may be rebutted by "some reasonable basis to believe that the [conduct] will be reinstated if the suit is terminated." *Id.* In evaluating whether there is a reasonable basis the challenged conduct will recur, the Eleventh Circuit considers these factors: (1) whether the termination of the offending conduct was unambiguous; (2) whether the change in government policy or conduct appears to be the result of substantial deliberation, or is simply an attempt to manipulate jurisdiction; and (3) whether the

government has consistently applied a new policy or adhered to a new course of conduct. *Id.* at 1322-23 (internal quotation marks omitted). Timing matters. "[T]he timing and content of the decision are...relevant in assessing whether the defendant's 'termination' of the challenged conduct is sufficiently 'unambiguous' to warrant application of the...presumption in favor of governmental entities." *Rich*, 716 F.3d at 531-32.

Applying the above factors to the record the Court has before it, Defendants meet their burden of demonstrating the "unambiguous termination" of the challenged conduct. The Court looks at Count One and Count Three in turn.

### a. Count One

The Court previously denied the motion to dismiss because the FWS email correspondence did not eliminate the legal consequences of the BiOp. The Court observed the FWS email by a subordinate official was nonbinding and could be rescinded at any time. (Doc. 44 at 7).

In the new letter, FWS field supervisor Roxanna Hinzman formally withdraws the BiOp at issue. (Doc. 46-1 at 2). Hinzman states "to remove any ambiguity with respect to our position on the SR 29 BiOp, we are by this formally withdrawing the January 22, 2016, BiOp and June 10, 2016, BiOp amendment. This withdrawal action is at the same delegated signatory level at which the BiOp was issued." (Doc. 46-1 at 2). Hinzman was the person who originally signed the BiOp.

This letter unambiguously terminates the project.  Based on the Court's reading of the letter, the BiOp has been withdrawn and is no longer operative.  If at some point Defendants move forward with the project, they will have to submit a new BiOp, which Plaintiffs may challenge.

**b. Count Three**

The Court previously denied the motion to dismiss because it concluded FDOT did not meet its burden of showing unambiguous termination of the Department's adoption of the Type II CE.  (Doc. 44 at 5).

On this motion, FDOT provides two pieces of evidence to support its argument.  First, FDOT provides a public notice in a Fort Myers newspaper, stating "[e]ffective June 5, 2020, the Type II Categorical Exclusion PD&E Study and related Location and Design Concept Acceptance ("LDCA") for this 18-mile project was rescinded and the project will not be moving to the next phase of development." (Doc. 57-2).  Second, it provides an affidavit from Jason Watts, the Director of the FDOT's Office of Environmental Management, wherein he states he officially rescinded the CE and related LCDA on June 5, 2020.  (Doc. 57-1).  As a result, the SR 29 project is not authorized for advancement to other phases and any future effort to advance the project would require the completion of a new environmental document.  (Doc. 57-1).

The Court finds that Count Three is moot. The record evidence shows that the CE was rescinded, and that a new environmental document would have to be issued if the project is resumed.  Other federal district courts have reached the

same decision in similar circumstances.  *See West v. Horner*, 810 F. Supp. 2d 228, 234 (D.D.C. 2011) (granting defendant's motion to dismiss because the CE was rescinded and the project abandoned); *North Cascades Conservation Council v. Federal Hwy. Admin.*, No. C11-0666JLR, 2011 WL 2976913, at *3 (W.D. Wash. July 21, 2011) (granting defendants' motion to dismiss the case as moot because the CE was withdrawn).

## CONCLUSION

Defendants have presented new evidence that renders the dispute moot. Defendants have withdrawn the decision that Plaintiffs challenged in Count One and Count Three, have cancelled the project, and have ensured that the SR 29 project will not move forward absent a new analysis.  On that basis, any decision on Counts One and Three would be advisory, and they are thus moot.

Accordingly, it is now

**ORDERED**:

Defendants' Motions for Reconsideration (Doc. 46; Doc. 57) are **GRANTED**. Count One and Count Three of the Amended Complaint are **DISMISSED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 21, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record