UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SIERRA CLUB and ENVIRONMENTAL
CONFEDERATION OF SOUTHWEST
FLORIDA,

      Plaintiffs,

v.                                         Case No. 2:20-cv-13-SPC-NPM

U.S. FISH AND WILDLIFE SERVICE,
AURELIA SKIPWORTH,
FLORIDA DEPARTMENT OF
TRANSPORTATION,
KEVIN J. THIBAULT,
U.S. ARMY CORP OF ENGINEERS, and
TODD T. SEMONITE,

      Defendants.

**ORDER**

Before the Court are Plaintiffs' motion to compel production of a privilege log and to consider extra-record materials (Doc. 62), the Federal Defendants' response (Doc. 66), Florida Department of Transportation's response (Doc. 69), and Plaintiffs' reply (Doc. 72). Plaintiffs Sierra Club and Environmental Confederation of Southwest Florida (collectively, "Sierra Club") seek a privilege log for deliberative documents omitted from the administrative record by the United States Fish and Wildlife Service ("Wildlife Service") and the U.S. Army Corps of Engineers ("Corps") (collectively, "Federal Defendants"). In addition, Sierra Club

seeks to have the Court consider seven extra-record materials; and in the alternative, take judicial notice of two extra-record materials. For the following reasons, the Court denies Sierra Club's motion in all respects.

I.   **Background**

The Florida Department of Transportation ("FDOT")[1] approved plans to expand 3.2 miles of State Road 82 ("SR 82"). (Doc. 65, ¶ 28).[2] SR 82's expansion will take it from a two-lane road to a six-lane highway, with a 30-foot median and stormwater retention ponds. (Doc. 65, ¶ 29). Because SR 82's expansion is in a Florida panther habitat zone (Doc. 65, ¶ 30), FDOT must comply with the Endangered Species Act ("ESA"), the National Environmental Policy Act ("NEPA"), and the Administrative Procedure Act ("APA"). (Doc. 65, pp. 11-17).

In conjunction with FDOT's compliance with these Acts, in 2018, the Corps issued both an Environmental Assessment ("EA") and a Section 404 Clean Water Act ("CWA") permit. (Doc. 65, ¶ 37). Shortly thereafter, the Corps consulted with

---

[1] FDOT advised Sierra Club that it was not withholding any documents based on deliberative process privilege. (Doc. 72, p. 1, n. 2). Sierra Club has no pending claims against FDOT, and therefore withdraws its arguments regarding FDOT, which remains in this case solely as an intervenor. Thus, Plaintiffs' motion is directed only at Federal Defendants.

[2] Plaintiffs' second amended complaint (Doc. 65) also contains allegations concerning the expansion of State Road 29, found in counts one and three of the eight total counts in that document. (Doc. 65, pp. 18-19, 20-21). The Court dismissed counts one and three of the amended complaint. (Doc. 59). When seeking leave to amend a second time, the Court permitted Sierra Club to include counts one and three solely to preserve any issue for appeal. (Doc. 64, p. 3). As such, this order focuses only on allegations related to SR 82.

the Wildlife Service, and the Wildlife Service produced a Biological Opinion (the "2018 BO"). *Id.* At bottom, the 2018 BO concluded that SR 82's expansion "is not likely to jeopardize the continued existence of the panther." (Doc. 62-14, p. 16). Then in 2020, the Wildlife Service amended its 2018 BO, but the only substantive change was the amount of mitigation credits that FDOT was required to purchase from a conservation bank to compensate for the loss of panther habitat caused by SR 82's expansion. (Doc. 65, ¶ 38). The Wildlife Service ultimately reached the same conclusion in the 2020 amendment to the 2018 BO as it did in the 2018 BO itself: SR 82's expansion "is not likely to jeopardize the continued existence of the panther." (Doc. 66-7, p. 16).

In compliance with the April 2020 Case Management and Scheduling Order ("CMSO"), on June 30, 2020, the Federal Defendants furnished a draft administrative record to Sierra Club. (Doc. 30). Sierra Club requested but the Federal Defendants have refused to provide a privilege log for their deliberative-process documents. Sierra Club also seeks to enter into evidence several reports or studies, even though it concedes that the challenged decisions of the Federal Defendants are not based on them. (Doc. 62-1, p. 2).

## II.  Legal Standard

"'Under the Administrative Procedure Act, a court shall set aside an action of an administrative agency where it is arbitrary, capricious, or an abuse of discretion.'"

3

*Alexander v. Transp. Sec. Admin.*, No. 20-14455, 2021 WL 3855844, *2 (11th Cir. Aug. 30, 2021) (citing *Pres. Endangered Areas of Cobb's Hist., Inc. ("PEACH") v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996)); *see also* 5 U.S.C. § 706(2)(A). "The arbitrary and capricious standard is exceedingly deferential" and "[w]e are not authorized to substitute our judgment for the agency's as long as its conclusions are rational." *Miccosukee Tribe of Indians of Fla. v. United States*, 566 F.3d 1257, 1264 (11th Cir. 2009) (quotation marks omitted).

Our "role is to ensure that the agency came to a rational conclusion, not to conduct [our] own investigation and substitute [our] own judgment for the administrative agency's decision." *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008) (quotation marks omitted). "Our deference extends both to an agency's ultimate findings as well as [to] drafting decisions like how much discussion to include on each topic, and how much data is necessary to fully address each issue." *Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Engineers*, 833 F.3d 1274, 1285 (11th Cir. 2016) (quotation marks omitted). And "[j]udicial review of agency action should be based on an agency's stated justifications, not the predecisional process that led up to the final, articulated decision." *Ad Hoc Metals Coal. v. Whitman*, 227 F. Supp. 2d 134, 143 (D.D.C. 2002) (citing *PLMRS Narrowband Corp. v. FCC*, 182 F.3d 995, 1001 (D.C. Cir. 1999); *LO Shippers Action Comm. v. Interstate Com. Comm'n*, 857 F.2d 802, 805-806 (D.C. Cir. 1988);

*Kan. State Network, Inc. v. Fed. Commc'ns Comm'n*, 720 F.2d 185, 191 (D.C. Cir. 1983)).

Further, an agency's designation of the administrative record as complete "is entitled to a presumption of regularity, which can only be rebutted by 'clear evidence to the contrary' that the record was not properly designated." *Gupta v. U.S. Atty. Gen.*, No. 6:13-cv-1027-Orl-40KRS, 2015 WL 5687829, *4 (M.D. Fla. Sept. 25, 2015) (citations omitted); *see also SOSS2, Inc. v. U.S. Army Corps of Eng'r's*, 403 F. Supp. 3d 1233, 1237 (M.D. Fla. 2019) ("Because an agency presumably knows the content of the record the agency considered, an agency's certification of the completeness of the administrative record receives a measure of presumed correction." (citing *Ala.-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) (citing *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971))).

### III. Discussion

Sierra Club's motion is two-fold. First, Sierra Club seeks a privilege log for the Federal Defendants' deliberative-process documents. Second, Sierra Club wants the Court to consider items outside the administrative record when reviewing the agency's actions; namely, seven studies or reports related to development, traffic, and conservation in the area at issue.

## A. Deliberative-Process Documents

As opposed to documents reflecting a final agency decision and the reasons supporting it, an agency's documents that are both predecisional and deliberative are exempt from disclosure and immaterial to judicial review of an agency's action. *See Sierra Club v. U.S. Fish and Wildlife Serv.*, 141 S. Ct. 777, 785-786 (2021); *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019); *Coastal Conservation Ass'n v. Locke*, No. 2:09-cv-641-FtM-29SPC, 2010 WL 1439071, *4 (M.D. Fla. April 12, 2010). "Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are 'deliberative' if they were prepared to help the agency formulate its position." *Sierra Club*, 141 S. Ct. at 786. And their exemption from disclosure is known as the deliberative-process privilege, which is a form of executive privilege. As the Supreme Court reasoned in *Sierra Club*:

> To protect agencies from being "forced to operate in a fishbowl," *EPA v. Mink*, 410 U.S. 73, 87, 93 S. Ct. 827, 35 L. Ed. 2d 119 (1973) (internal quotation marks omitted), the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated," *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 95 S. Ct. 1504, 44 L. Ed. 2d 29 (1975) (internal quotation marks omitted). The privilege is rooted in "the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." [*Department of the Interior v.*] *Klamath* [*Water Users Protective Assn.*], 532 U.S. [1,] 8–9, 121 S. Ct. 1060. To encourage candor, which improves agency decisionmaking, the privilege blunts the chilling effect that accompanies the prospect of disclosure.

*Id.* at 785; *see also Ad Hoc Metals*, 227 F. Supp. 2d at 143 ("To require the inclusion in an agency record of documents reflecting internal agency deliberations could

hinder candid and creative exchanges regarding proposed decisions and alternatives, which might, because of the chilling effect on open discussion within agencies, lead to an overall decrease in the quality of decisions.").

"By maintaining the confidentiality of pre-decisional internal opinions and discussions, the policy of non-disclosure 'protect[s] the integrity of the decisionmaking process' and ensures that agency actions are judged based on what was decided, not on what was considered." *Ad Hoc Metals*, 227 F. Supp. 2d at 143 (quoting *Jordan v. U.S. Dept. of Just.*, 591 F.2d 753, 772 (D.C. Cir. 1978)). In short, the privilege protects not merely documents, but also the integrity of the deliberative process itself. *See Dudman Communications Corp. v. Dep't of the Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987); *see also Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp.*, 376 F.3d 1270, 1278 (11th Cir. 2004) ("the disclosure of deliberative documents would inhibit the agency's decision-making process and discourage candid discussion within the agency and, thereby, undermine the agency's ability to perform its functions"); *Schell v. Health & Hum. Servs.*, 843 F.2d 933, 940 (6th Cir. 1988) ("Because [the privilege] is concerned with protecting the deliberative process itself, courts now focus less on the material sought and more on the effect of the material's release.").

Because judicial review of administrative action in APA cases does not entail an inquiry into an agency's deliberative process, and the process itself is to be

protected from disclosure, discretion will often counsel against requiring an agency to describe its deliberative-process documents in a privilege log. As the United States Court of Appeals for the District of Columbia Circuit—the only federal circuit court to squarely address the issue to date—has recently held:

> [O]n arbitrary and capricious review, absent a showing of bad faith or improper behavior, "[a]gency deliberations not part of the record are deemed immaterial." *In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279, 1280 (D.C. Cir. 1998). Because predecisional documents are "immaterial," they are not "discoverable." Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense ...." (emphasis added)). A privilege log is required only when "a party withholds information otherwise discoverable by claiming that the information is privileged," Fed. R. Civ. P. 26(b)(5), and since predecisional documents are irrelevant and therefore not "otherwise discoverable," they are not required to be placed on a privilege log.
>
> The fact that the agency could also assert the deliberative process privilege over such predecisional documents does not change the analysis. Rather than submitting a privilege log, on APA review, the agency must submit "[p]roper certification" that the record is complete, which serves as "formal representation by the [agency]" that it duly evaluated all predecisional documents before excluding them from the record. *Norris & Hirshberg v. Securities and Exchange Commission*, 163 F.2d 689, 694 (D.C. Cir. 1947). The federal rules do not require parties to provide logs of all documents that were not produced because they were deemed immaterial or irrelevant. It would be quite odd to require a different procedure in agency review cases, particularly since "the designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) (citing *Wilson v. Hodel*, 758 F.2d 1369, 1374 (10th Cir. 1985)).

*Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019).

As highlighted in the parties' briefing, whether to follow the holding from *Ross* has split the district courts. *See, e.g., Ctr. for Biological Diversity v. U.S. Fish*

*& Wildlife Serv.*, No. 2:19-cv-14243, 2020 WL 2732340, *4 (S.D. Fla. May 26, 2020) (citing two district courts in South Carolina and Utah following *Ross* and two district courts in New York and Montana departing from *Ross*). Here in the Eleventh Circuit, a decision from the Southern District of Florida rejected *Ross*, reasoning that "[t]reating deliberative documents as irrelevant, as opposed to relevant and privileged, creates a divergence between the meaning of 'deliberative' under the APA and 'deliberative' in other contexts where the privilege is asserted," such as FOIA cases. *Id*. at *7. But "the issues in discovery proceedings and the issues in the context of a FOIA action are quite different." *Playboy Enters, Inc. v. Dep't of Just.*, 677 F.2d 931, 936 (D.C. Cir. 1982). "That for one reason or another a document may be exempt from discovery does not mean that it will be exempt from a demand under FOIA." *Id*. (citing *EPA v. Mink*, 410 U.S. 73, 86 (1973); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 862 (1980)).

Forming a split among the district courts in the Eleventh Circuit, a decision from the Southern District of Georgia adhered to *Ross*'s holding. As reasoned in *Donjon-SMIT, LLC v. Schultz*, No. 2:20-cv-011, 2020 WL 1666073 (S.D. Ga. Apr. 3, 2020), "judicial review is based on the agency's stated justification, 'not the predecisional process that led up to the final, articulated decision.'" *Id*. at *7 (citing *Ad Hoc Metals*, 227 F. Supp. 2d at 143). Since deliberative-process documents are therefore irrelevant, and irrelevant material is not discoverable, "a privilege log is

not required." *Id.* (citing *Nat'l Ass'n of Chain Drug Stores v. U.S. Dept. of Health & Hum. Servs.*, 631 F. Supp. 2d 23, 27 (D.D.C. 2009) ("As pre-decisional, deliberative documents are immaterial to the court's decision, they are not designated part of the administrative record that forms the basis of the court's decision .... Since deliberative documents are not part of the administrative record, an agency that withholds these privileged documents is not required to produce a privilege log to describe the documents that have been withheld.").

*Ross* and the district courts that have followed it have the better view because it keeps faith with both the proper scope of APA review and the purpose for which the deliberative-process privilege has been enforced. In practical terms, a privilege log can serve as a revealing window into an agency's deliberative process because it traditionally catalogues documents by date, type (letter, memo, study, chart, graph, etc.), and both authors and recipients (often including their organizational affiliations and contact information); and it often includes a description of the relationships between the authors and recipients, as well as a description of both the subject and purpose of the document. Forcing an agency to divulge this information about its decision making would likely invade, rather than protect, the integrity of that process.

Because the deliberative-process privilege protects the integrity of the deliberative process itself, without a concrete showing of bad faith or improper

10

behavior from Sierra Club, these deliberative-process documents are immaterial, undiscoverable, and should not be described in a privilege log. With no suggestion of either bad faith or improper behavior here, the Federal Defendants are not required to produce a privilege log for their deliberative-process documents.

## B.     Extra-record materials

Sierra Club would like this Court to review the Federal Defendants' actions based not only on the administrative record, but also on seven reports or studies that the Federal Defendants did not consider. But it is a "foundational principal of administrative law that a reviewing court must review only the information that was before the agency at the time of its decision in assessing whether that decision was permissible." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1286 (11th Cir. 2019) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court")). "The role of the court is not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." PEACH, 87 F.3d at 1246 (citing *Volpe*, 401 U.S. at 416). "Rather, the 'task of the reviewing court is to apply the appropriate ... standard of review ... to the

agency decision based on the record the agency presents to the reviewing court.'"

*Id*. (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-744 (1985)).

As the Eleventh Circuit recently reasoned in *Marllantas, Inc. v. Rodriguez*, 806 F. App'x 864, 867 (11th Cir. 2020):

> "Though certain circumstances may justify the district court going beyond the administrative record, it is not generally empowered to do so." [*Alabama-Tombigbee Rivers Coal. v.*] *Kempthorne*, 477 F.3d [1250,] 1262 [(11th Cir. 2007)]. This "principle reflects the recognition that further judicial inquiry into executive motivation represents a substantial intrusion into the workings of another branch of Government and should normally be avoided." *Dep't of Commerce v. New York*, — U.S. —, 139 S. Ct. 2551, 2573, 204 L.Ed.2d 978 (2019) (quotation marks and quotation omitted). "[I]f the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course ... is to remand to the agency for additional investigation or explanation." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985). The district court may order discovery beyond the administrative record only where there is "a strong showing of bad faith or improper behavior" by the agency. *Dep't of Commerce v. New York*, 139 S. Ct. at 2573-74 (quotation marks and quotation omitted).

Sierra Club does not assert that the seven reports or studies should be considered because the Federal Defendants acted in bad faith or engaged in some form of improper behavior. Rather, they contend these items would help the Court evaluate the Federal Defendants' actions. But if the Court cannot evaluate the challenged actions based on the administrative record, the proper course would be to remand for additional investigation or explanation. *Id*. Thus, the items proffered by Sierra Club should neither supplement the administrative record nor be the subject of judicial notice by the Court.

## IV. Conclusion

There is no suggestion—let alone a concrete, non-speculative showing—that the agency decisions under review are the product of either bad faith or improper behavior. Consequently, the agencies need not produce a privilege log for any deliberative-process documents, and the administrative record need not be supplemented with any items that were not part of the agency's decision making. Sierra Club's motion to compel production of a privilege log and to consider extra-record materials (Doc. 62) is **DENIED**.

**ORDERED** in Fort Myers, Florida on September 30, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE