UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SIERRA CLUB and
ENVIRONMENTAL
CONFEDERATION OF
SOUTHWEST FLORIDA,

    Plaintiffs,

v.                                                     Case No: 2:20-cv-13-SPC-NPM

U.S. FISH AND WILDLIFE
SERVICE, AURELIA
SKIPWORTH, FLORIDA
DEPARTMENT OF
TRANSPORTATION, KEVIN J.
THIBAULT, U.S. ARMY CORP
OF ENGINEERS and TODD T.
SEMONITE,

    Defendants.
_____/

## **ORDER**[1]

Before the Court is Plaintiffs Sierra Club and Environmental Confederation of Southwest Florida's Objections (Doc. 89) to Magistrate Judge Nicholas P. Mizell's Order (the "Order") (Doc. 87). Defendants U.S. Fish and Wildlife Service, Martha Williams, U.S. Army Corps of Engineers, and Lt. Gen.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Scott Spellmon responded. (Doc. 94). The Court overrules Plaintiffs' objections.

## BACKGROUND

This is an environmental dispute. The Florida Department of Transportation ("FDOT") approved plans to expand certain state roads. The expansion will be in Florida panther habitat. So the project must comply with the Endangered Species Act ("ESA"), the National Environmental Policy Act ("NEPA"), and the Administrative Procedure Act ("APA").

The Corps issued an Environmental Assessment ("EA") and a Section 404 Clean Water Act ("CWA") permit. The Corps then consulted Fish and Wildlife, who produced a 2018 Biological Opinion. (Doc. 65 at 10-11, 22). Fish and Wildlife's Opinion concluded the expansion was "not likely to jeopardize the continued existence of the panther." (Doc. 62-14 at 16). Two years later, Fish and Wildlife amended its Opinion, but again concluded that expansion did not threaten the panther's existence. (Doc. 65 at 11; Doc. 66-7 at 16).

Plaintiffs sued, claiming Defendants violated the ESA, NEPA, and APA in making the decision to expand the roadways. Defendants furnished a draft administrative record to Plaintiffs. (Doc. 30). But Defendants refused to provide a privilege log for their deliberative-process documents, despite Plaintiffs' request. So Plaintiffs moved to compel the privilege log. (Doc. 62). Plaintiffs also sought to admit into evidence seven reports or studies relating

to development, traffic, and conservation (collectively, the "Extra-Record Documents"). Plaintiffs alternatively requested judicial notice of the Extra-Record Documents. The Order denied Plaintiffs' motion for a privilege log and request to consider extra-record materials. Plaintiffs now object.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72 governs issues referred to a magistrate judge. When reviewing a magistrate judge's nondispositive ruling, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citation omitted). An order "is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013).

While the parties agree that the clear error standard applies to factual objections, they disagree on the standard governing legal holdings. Plaintiffs contend that the Court must apply a de novo standard. Defendants push for contrary to law review. Largely, the answer is irrelevant because "there is no practical difference between" these types of review. *E.g.*, *PowerShare, Inc. v.*

*Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010); *see also* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (3d ed. 2021 update) (collecting cases).

## DISCUSSION

Plaintiffs loft objections to the Order: it (1) allows federal agencies to unilaterally withhold unidentified documents relevant to a challenged agency action based on blanket privilege claims; (2) applies the incorrect legal standard for considering extra-record evidence when reviewing an agency action; and (3) fails to apply the judicial notice standard.  The Court addresses each in turn.

**A.  Privilege Log**

First, Plaintiffs object to Defendants' using the deliberative process privilege without identifying documents withheld in a privilege log.  By allowing Defendants to do so, Plaintiffs say the Order adopted a minority, out-of-circuit position.  They contend the deliberative process privilege is limited and qualified, while the agency must specifically justify applying the privilege.

As everyone recognized, the Eleventh Circuit has not decided whether a federal agency must provide a privilege log when it withholds documents based on a blanket claim of deliberative process privilege in APA cases.  Plaintiffs focus on some district court cases requiring a privilege log.  As the argument goes, because the Order relied on a different line of nonbinding cases, it was

4

legal error. Not so. The Order was well-reasoned and properly determined a privilege log was unnecessary—consistent with the only circuit to directly address this issue. *See [Oceana, Inc. v. Ross](), 920 F.3d 855, 865 (D.C. Cir. 2019)* (finding privilege log unnecessary for deliberative process documents).

Plaintiffs recognize the deliberative process privilege might apply. But they want a privilege log delineating the documents subject to that privilege. Defendants parry that agencies need not produce a privilege log since the subject documents are not part of the administrative record (i.e., they're irrelevant). So Defendants say disclosure in a privilege log is unnecessary and might reveal information to chill future deliberative processes. To address whether a log is required, it helps to briefly examine the privilege itself.

The deliberative process privilege "protect[s] the quality of the agency's decision-making process." *[Miccosukee Tribe of Indians of Fla. v. U.S.](), 516 F.3d 1235, 1263 (11th Cir. 2008)*. It "covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated by protecting open and frank discussion among those who make them within the Government." *[Dep't of Interior v. Klamath Water Users Protective Ass'n](), 532 U.S. 1, 8-9 (2001)* (cleaned up). This privilege applies when material is (1) pre-decisional or "prepared in order to assist an agency decisionmaker in arriving at his decision," and (2) deliberative or "a direct part of the deliberative process in

5

that it makes recommendations or expresses opinions on legal or policy matters." *Miccosukee*, 516 F.3d at 1263 (cleaned up).

Generally, judicial review of administrative action in APA cases does not extend to an agency's deliberative process; it is limited to the administrative record.[2] *See Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers ("PEACH")*, 87 F.3d 1242, 1246 (11th Cir. 1996). Documents that would be protected by deliberative process privilege are therefore not relevant to the inquiry at hand absent some other showing of relevance. *See Coastal Conservation Ass'n v. Locke*, No. 2:09-cv-641-FtM-29SPC, 2010 WL 1439071, at *4 (M.D. Fla. Apr. 12, 2010) ("[T]he case law in this Circuit has found that deliberative documents and documents used by the agency during its internal discussions should not be included in the Administrative Record because it would chill the agency's decision making process." (citing *Moye, O'Brien, O'Rourke, Hogan, & Prickert v. Nat'l R.R. Passenger Corp.*, 376 F.3d 1270, 1278 (11th Cir. 2004))).

Because there is an interest in protecting that process from disclosure, the process need not be detailed in a privilege log for outsiders to scrutinize as

---

[2] Because "the issues in discovery proceedings and the issues in the context of a [Freedom of Information Act ("FOIA")] action are quite different," a document that may be attainable in a FOIA action may not be discoverable in another matter, such as an APA action. *Playboy Enters., Inc. v. Dep't of Just.*, 677 F.2d 931, 936 (D.C. Cir. 1982); *see also EPA v. Mink*, 410 U.S. 73, 86 n.13 (1973) (recognizing FOIA actions may require different application and analysis of discovery rules than other discovery disputes).

part of a fishing expedition. *See Moye*, 376 F.3d at 1278. Requiring agencies to operate within a fishbowl throughout their decision-making process would likely damage the deliberative process. *See id.* What's more, demanding that an agency produce a privilege log and defend its designation of the record would eviscerate the presumption of regularity. *See, e.g., Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993); *Transp. Div. of the Int'l Ass'n of Sheet Metal, Air, Rail, and Transp. Workers v. Fed. R.R. Admin.*, 10 F.4th 869, 878 (D.C. Cir. 2021). At bottom, "Since deliberative documents are not part of the administrative record, an agency that withholds these privileged documents is not required to produce a privilege log to describe the documents that have been withheld." *Donjon-SMIT, LLC v. Schultz,* No. 2:20-cv-011, 2020 WL 1666073, *7 (S.D. Ga. Apr. 3, 2020) (quoting *Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Human Servs.*, 631 F. Supp. 2d 23, 27 (D.D.C. 2009)).

The Order, therefore, did not err in concluding that Plaintiffs must show bad faith or improper behavior in the decision-making process to make the deliberative-process documents material and discoverable. Without that showing or some other special circumstance, *see Oceana,* 920 F.3d at 865, Defendants did not have to produce a privilege log detailing the documents protected by deliberative process privilege in this APA case.

### B. Extra-Record Evidence

Second, Plaintiffs argue the Order applied the incorrect standard for admission of extra-record evidence in denying Plaintiffs' request to admit seven reports or studies. The parties do not dispute that those documents were never considered by Defendants during their decision-making process. And as the Order emphasized, "a reviewing court must review only the information that was before the agency at the time of its decision in assessing whether that decision was permissible." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1286 (11th Cir. 2019) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.")). Plaintiffs' objection thus turns on whether the subject documents fall under an exception to that general rule.

Plaintiffs argue Judge Mizell ignored an exception—outlined in *PEACH*—that would permit admission of extra-record evidence. In *PEACH*, the Eleventh Circuit described four exceptions: (1) "an agency's failure to explain its action effectively frustrates judicial review," (2) "it appears that the agency relied on materials not included in the record," (3) technical terms or complex subjects need to be explained," and (4) "there is a strong showing of agency bad faith or improper behavior." 87 F.3d at 1246 n.1. After describing

8

those four exceptions, *PEACH* refused to consider the inapplicable exceptions. Likewise, the Order didn't need to analyze irrelevant exceptions.[3]

The second and third exceptions do not apply. And as stated in the Order, Plaintiffs do not allege bad faith or improper behavior by Defendants. Rather, Plaintiffs argue the Order did not address any exceptions beyond bad faith, ignoring that extra-record evidence is permitted when "an agency's failure to explain its action effectively frustrates judicial review." *PEACH*, 87 F.3d at 1246 n.1. So the Court focuses on the first exception.

"Because NEPA requires an agency to consider each consequence of an agency action, other circuits have described NEPA as an 'inherent challenge to the adequacy of the administrative record.'" *SOSS2, Inc. v. U.S. Army Corps of Eng'rs*, 403 F. Supp. 3d 1233, 1238 (M.D. Fla. 2019) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 201 (4th Cir. 2009) (alteration accepted)). And while other circuits have looked outside the record to assess whether environmental impact studies were necessary, those circuits limit review to ensure "no arguably significant consequences have been ignored." *Taxpayers of Mich. Against Casinos v. Norton*, 433 F.3d 852, 860 (D.C. Cir. 2006); *see also Webb v. Gorsuch*, 699 F.2d 157, 159 n.2 (4th Cir. 1983). In any

---

[3] Plaintiffs contend the Order limited its analysis to the bad-faith exception. But the Order considered Plaintiffs' argument that the Extra-Record Documents would help evaluate Defendants' actions. (Doc. 87 at 12).

event, the Eleventh Circuit has not recognized a general exception permitting extra-record evidence in NEPA actions. *SOSS2,* 403 F. Supp. 3d at 1238.

Plaintiffs face a "substantial burden" that can be met "only when the administrative record is so inadequate as to prevent the reviewing court from effectively determining whether the agency considered all environmental consequences of its proposed action." *Miccosukee Tribe of Indians v. United States,* 396 F. Supp. 2d 1327, 1333 (S.D. Fla. 2005) (quoting *Nat'l Audubon Soc. v. Hoffman,* 132 F.3d 7, 14 (2d Cir. 1997)). The Court finds that Plaintiffs have not met this substantial burden.

The Extra-Record Documents at issue fall into four buckets: (1) vehicular collision and road risk factors, (2) projected development factors, (3) traffic factors, and (4) strategic conservation areas. The administrative record reflects consideration of adequate information relating to those factors. (Doc. 62-14 at 8, 11, 13-14; Doc. 66-7 at 8-10, 13-14) (providing statistics and analysis of vehicular collisions); (Doc. 62-14 at 8, 11, 16 Doc. 66-7 at 14-15) (discussing expected effects of expected population growth and development, referring to federal actions and non-federal projects from 2012 to 2015); (Doc. 62-14 at 11, 13-14; Doc. 66-7 at 15-16) (projecting increased traffic from population increases and discussing likely effect on panthers, who are noted to habitually cross busy roadways); (Doc. 62-14 at 5, 9-11, 24; Doc. 66-7 at 4-5, 9-11) (discussing ongoing federal, state, county, and private conservation land

10

acquisition programs; the FDOT's proposed conservation measures, including 192 Panther Habitat Units ("PHUs"); and the calculations of projected lost PHUs to ensure proper replacement). And Plaintiffs have not shown omission rising to the level that would frustrate the Court's review of Defendants' decision.

Having reviewed the record, the Court finds that Plaintiffs have not shown that Defendants omitted information that would confuse or frustrate judicial review. The Order, therefore, did not err in denying admission of the Extra-Record Documents.

## C.  Judicial Notice

And third, Plaintiffs object to the Order's failure to apply the relevant standard in denying their request for judicial notice of two Extra-Record Documents. Courts can take judicial notice of facts "not subject to reasonable dispute because [they are] generally known . . . or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court may take judicial notice of appropriate *adjudicative* facts at any stage in a proceeding." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) (citing Fed. R. Evid. 201(f)) (emphasis added). "Adjudicative facts are facts that are relevant to a determination of the claims presented in a case." *Id.* (citing Fed. R. Evid. 201(a)-(b)). Taking judicial notice of facts is a highly limited process because

it bypasses the safeguards involved with the usual process of proving facts by competent evidence in district court. *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). It "is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence." *Dippin' Dots*, 369 F.3d at 1204.

Plaintiffs' request for judicial notice of the Extra-Record Documents was simply a workaround to the adverse ruling affirmed above. Judge Mizell properly determined the Court should not consider the Extra-Record Documents. Plaintiffs' alternative request for notice was just a way to evade the necessary showing. So the Order did not err in denying the request for judicial notice.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Objections (Doc. 89) are **OVERRULED**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 1, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

12