UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**SIERRA CLUB AND ENVIRONMENTAL CONFEDERATION OF SOUTHWEST FLORIDA,**

    Plaintiffs,

v.                                            Case No. 2:20-cv-13-SPC-NPM

**U.S. FISH AND WILDLIFE SERVICE, AURELIA SKIPWORTH, FLORIDA DEPARTMENT OF TRANSPORTATION, KEVIN J. THIBAULT, U.S. ARMY CORP OF ENGINEERS AND TODD T. SEMONITE,**

    Defendants.

---

# ORDER

    Federal defendants request the court to limit review of Sierra Club's motion for summary judgment to the administrative record. (Doc. 97). Specifically, they ask the court to strike certain exhibits to the summary judgment motion and order Sierra Club to file a renewed motion for summary judgment without the exhibits or any references to them. Conversely, Sierra Club argues that federal defendants have failed to justify striking these materials and requests the court to take judicial notice of them. (Doc. 100).

    This action involves an environmental dispute over approved plans to expand certain state roads which, incidentally, cross into Florida panther habitat. (Doc. 65 at 2-3). To achieve this expansion, the state must comply with certain federal

statutes, including the Endangered Species Act (ESA); National Environmental Policy Act (NEPA); and Administrative Procedure Act (APA). Accordingly, the legal standard for administrative review cases applies.

"When directly reviewing an agency decision or regulation, the court does not consider any evidence that was not in the record before the agency at the time that it made the decision or promulgated the regulation." *United States v. Guthrie*, 50 F.3d 936, 944 (11th Cir. 1995). Instead, "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (citation omitted).

Although "certain circumstances may justify going beyond the administrative record," the court is "not generally empowered to do so." *See Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs ("PEACH")*, 87 F.3d 1242, 1246 (11th Cir. 1996) (internal quotation marks omitted). The Eleventh Circuit has described four such circumstances: (1) "an agency's failure to explain its action effectively frustrates judicial review," (2) "it appears that the agency relied on materials not included in the record," (3) "technical terms or complex subjects need to be explained," and (4) "there is a strong showing of agency bad faith or improper behavior." *Id*.

The court has already rejected Sierra Club's efforts to supplement the administrative record. (Doc. 87 at 12), *aff'd*, (Doc. 103). Sierra Club nevertheless attempts to pad the administrative record with extra-record materials included as exhibits to its motion for summary judgment. Sierra Club references those materials throughout its motion. (*See e.g.*, Doc. 92 at 14 ("SR 29 is one of the deadliest roads for panthers in the state. . . .") (citing Doc. 92-1)).

By sheer page count, the vast majority of the extra-record material cited in Sierra Club's summary judgment motion is attached to the declaration of Ms. Sarah Hollenhorst (Doc. 92-1 at 1-5114). Ms. Hollenhorst's declaration, along with nine other such declarations submitted by Sierra Club, are provided to establish Article III standing. (Doc. 92 at 5). And these declarations, properly limited to the issue of standing, would be appropriate. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). But Ms. Hollenhorst's declaration contains charts, graphs, and 5,000 plus pages of extra record material. Apparently, Ms. Hollenhorst is a member of Sierra Club and seeks to preserve Florida's wildlife—there is no reason to be long-winded about it. (Doc. 92-1 at 1-3).

Of course, the administrative record does not include the 5,000 plus pages of extra record material provided in Ms. Hollenhorst's declaration. And while "certain circumstances may justify going beyond the administrative record," the court is "not generally empowered to do so." *See PEACH*, 87 F.3d at 1246. Sierra Club does not

argue any exception to this principle applies. Accordingly, the exhibits to Ms. Hollenhorst's declaration, and references to those exhibits in the declaration, are extra-record materials that must be stricken. The same analysis applies to the remaining extra-record materials filed by Sierra Club. (Docs. 92-11 through 92-26). The court's position on this point has not changed—extra record materials proffered by Sierra Club *"should neither supplement the administrative record nor be the subject of judicial notice."* (Doc. 87 at 12), aff'd, (Doc. 103).

Sierra Club argues defendants should challenge its request for judicial notice in the defendants' response to the summary judgment motion, rather than in a motion to strike. (Doc. 100 at 8). This argument is well-received. But given the court's prior order regarding extra-record materials, the extent of the extra-record materials offered, and the fact that the extra-record materials are woven into Sierra Club's arguments, the court finds the summary-judgment motion should be presented without reference to them so the defense is on fair notice of that to which it must respond.

Accordingly, federal defendants' motion (Doc. 97) is **GRANTED IN PART**; and Sierra Club's motion to expedite (Doc. 101) is **DENIED AS MOOT**. Within two weeks after the disposition of the pending motion for judgment on the pleadings, Sierra Club may file a renewed motion for summary judgment that excludes references to any extra-record materials. Sierra Club may refile a revised declaration

of Ms. Hollenhorst (and the other nine declarations) without citations to extra record materials, as an exhibit for the limited purpose of establishing Article III standing. But the other exhibits containing extra-record material should be omitted completely. Federal defendants will respond to any renewed motion for summary judgment within 30 days. The clerk is directed to strike and terminate the motion for summary judgment (Doc. 92).

**ORDERED** on September 16, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE