UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SIERRA CLUB,
and ENVIRONMENTAL CONFEDERATION OF SOUTHWEST FLORIDA

    Plaintiffs,

v.                                              Case No. 2:20-cv-13-SPC-NPM

U.S. FISH AND WILDLIFE SERVICE, *et. al.*,

    Defendants.

---

## REPORT AND RECOMMENDATION

    This action involves complicated regulatory machinery and has a detailed factual background which the court has described in prior orders, and with which the parties are intimately familiar. *See, e.g.*, Doc. 87. As such, a recitation of the background and facts is not necessary. Before the court is Defendants' motion for judgment on the pleadings. For the reasons discussed below, the court recommends denying the motion.

    After the pleadings close, a party may move for judgment. FED. R. CIV. P. 12(c). This relief "is appropriate when no material facts are in dispute and the movant is entitled to judgment as a matter of law." *Washington v. Rivera*, 939 F.3d 1239, 1242 (11th Cir. 2019). To decide these motions, courts "accept as true all material facts alleged in the non-moving party's pleadings" and "view those facts in the light

most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

Defendants move for judgment on the pleadings on the ground that this action is moot, and thus face a "heavy burden" to establish that this action does not present a live case or controversy. *See Norwegian Cruise Line Holdings Ltd v. State Surgeon Gen., Fla. Dep't of Health*, No. 21-12729, 2022 WL 17840253, *2 (11th Cir. Dec. 22, 2022). The parties agree that construction of the subjection portion of SR-82 is complete. The dispute is over whether that fact moots this action. Generally, "Eleventh Circuit precedent establishes that injunctive relief claims in environmental cases are moot when the project at issue is completed." *Nat'l Parks Conservation Ass'n, Inc. v. U.S. Army Corps of Eng'rs.*, 574 F. Supp. 2d 1314, 1322 (S.D. Fla. 2008) (citing *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1103 (5th Cir. 1981)); *Fla. Wildlife Fed'n v. Goldschmidt*, 611 F.2d 547, 548 (5th Cir. 1980)).[1] But this action concerns more than injunctive relief and more than the mere construction of SR-82.

Defendants focus their motion on the mootness of enjoining construction. But by and large, the complaint seeks declaratory relief concerning the vehicular risks to panthers due to the construction. *See* Doc. 65 at 27-28. And as the court has

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

repeatedly expressed, this action is about reviewing agency decisions and determining whether those decisions complied with the Endangered Species Act (ESA), the National Environmental Policy Act (NEPA), and the Administrative Procedure Act (APA). *See, e.g.*, Docs. 87, 108 (limiting judicial review to the administrative record).

If the court finds any failures to comply with these federal statutes, the agencies will revisit the mitigation drawing board. *See, e.g.*, *Sierra Club v. U.S. Army Corps of Engineers*, 803 F.3d 31, 43 (D.C. Cir. 2015) (holding an environmental action was not moot, despite completed construction, because "agencies could call for additional mitigation and monitoring," among other relief). For example, the United States Fish and Wildlife Service (FWS) might revise its biological opinion (again) and increase the amount of mitigation credits the Florida Department of Transportation must purchase, or the FWS might quantify the amount of anticipated take resulting from vehicle collisions and set a trigger for re-initiation of consultation. In short, a declaratory judgment in Plaintiffs' favor would provide meaningful relief. *Cf. Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106-FtM-SPC, 2011 WL 1326805, *5 (M.D. Fla. Apr. 6, 2011), *aff'd sub nom. Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, 677 F.3d 1073 (11th Cir. 2012) (assessing redressability in ESA action seeking declaratory and injunctive relief and finding that declaratory judgment would be of value to the plaintiffs).

Defendants also suggest that Plaintiffs' claims predicated on ESA violations are moot because the ESA's citizen-suit provision only authorizes suits for injunctive relief. That provision provides:

> [A]ny person may commence a civil suit ... to enjoin any person, including the United States and any other governmental instrumentality or agency (to the extent permitted by the eleventh amendment to the Constitution), who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof … .

16 U.S.C. § 1540(g)(1)(A). And as an extension of their broader mootness argument—that there is nothing to enjoin because construction is complete—Defendants argue the counts concerning alleged ESA violations are not actionable because—as they see it—there is nothing to enjoin. But the ESA's citizen-suit provision does not limit the court's discretion under 28 U.S.C. § 2201 to provide declaratory relief in "a case of actual controversy," and, as discussed above, a controversy regarding ESA compliance remains. *See* 16 U.S.C. § 1540(g)(5) (providing that the ESA's authorization to seek injunctive relief "shall not restrict any right … under any statute ... to seek any other relief).

Accordingly, the court should **deny** Defendants' motion for judgment on the pleadings (Doc. 105).

Respectfully recommended on January 12, 2023.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

- 5 -

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**